UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE CHILDREN'S HEALTHCARE SYSTEM, a Washington corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Columbia Casualty Company ("Columbia"), for its Complaint, alleges on knowledge, information and belief as follows:

## I. NATURE OF THE ACTION

1.  Columbia files this action to obtain a judicial determination and declaration as to the parties' rights and obligations under Healthcare Umbrella Policy No. HMU 1064389726-12 issued by Columbia to the Seattle Children's Healthcare System (the "Hospital") for the **policy period** of July 1, 2017 to July 1, 2018 (the "17-18 Policy"); Healthcare Umbrella Policy No. HMU 1064389726 issued by Columbia to the Hospital for the **policy period** of July 1, 2018 to July 1, 2019 (the "18-19 Policy"); and Healthcare Umbrella Policy No. HMU 1064389726 issued by Columbia to the Hospital for the **policy period** of July 1, 2019 to July 1, 2020 (the

Complaint for Declaratory Relief – 1

2565369 / 1546.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

"19-20 Policy") (collectively, the "Policies") with respect to certain **claims** against the Hospital arising out of patients' exposure to Aspergillus while receiving treatment in the Hospital for which coverage has been requested (the "Aspergillus Claims"). True and correct copies of the Policies, without applications, and with the amount of the premiums redacted, are attached as Exhibits A, B, and C, respectively.[1]

2. An actual and justiciable controversy has arisen and now exists relating to the parties' respective rights, duties and obligations under the Policies.

3. As set forth below, Columbia seeks a declaratory judgment that (i) the Policies do not afford coverage for, and there is no duty to reimburse **defense costs** for, the Aspergillus Claims because the Policies' Prior Notice Provision is not satisfied; (ii) the Policies do not afford coverage for, and there is no duty to reimburse **defense costs** for, the Aspergillus Claims because those **claims** were not first made during any of the applicable **policy periods;** (iii) in the alternative, any coverage under the Policies for the Aspergillus Claims is limited to the $15 million Limit of Liability under the 17-18 Policy; and/or (iv) in the alternative, there is no coverage for any of the Aspergillus Claims made during the 19-20 **policy period** because the Fungi and Microbes Exclusion applies.

## II.  JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1), 2201 and 2202. There is complete diversity of citizenship between plaintiff and defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties concerning their respective rights, duties and obligations under the Policies.

---

[1] Terms in **bold** are defined in the Policies.

Complaint for Declaratory Relief – 2

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2565369 / 1546.0001

6. Venue is proper pursuant to 28 U.S.C. §1391, in that a substantial part of the events giving rise to the claims at issue in this action occurred in this district, and the Policies were issued to the Hospital, which maintains its principal place of business in this district.

### III. PARTIES

7. Plaintiff Columbia is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Chicago, Illinois, and so is a citizen of Illinois. Columbia legally transacts insurance business in the State of Washington and within the geographical jurisdiction of this Court.

8. Defendant the Hospital is a not-for-profit corporation organized and existing under the laws of the State of Washington, with its principal place of business located in Seattle, Washington, and so is a citizen of Washington.

### IV. FACTUAL ALLEGATIONS

**The History of Persistent Aspergillus at the Hospital**

9. Aspergillus is a mold, which can cause harm to individuals with compromised immune systems.

10. Dating back to as early as 2001, the Hospital, formerly known as Children's Hospital and Regional Medical Center, has had several outbreaks of Aspergillus in its Operating Rooms ("ORs"), which have caused patients to become exposed to and, in some cases, infected by Aspergillus.

11. On or about March 6, 2003, a claim was made against Children's Hospital and Regional Medical Center by or on behalf of one such minor patient, S.P., who was exposed to and infected by Aspergillus while she was a patient at the Hospital in or about December 2002 (the "S.P. Claim").

Complaint for Declaratory Relief – 3

2565369 / 1546.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

12. On or about November 8, 2005, S.P.'s guardian *ad litem* and parents filed suit against Children's Hospital and Regional Medical Center in the proceeding styled *William Dussault et al. v. Children's Hospital and Regional Medical Center*, No. 05-2-36911-6 SEA (Wash. Super. Ct., King Cnty.) (the "S.P. Action") alleging harm associated with S.P.'s exposure to Aspergillus. A true and correct copy the complaint in the S.P. Action is attached as Exhibit D.

13. The S.P Action asserted causes of action against the Hospital for medical negligence and premises liability based on alleged failures, including its "[f]ailure to keep and maintain S.P. in a sterile environment free from infections agent." *See* Ex. D*, ¶¶*4.3 & 5.3.

14. The Hospital reported the S.P. Claim to its previous insurer at the time, which paid expense and indemnity in connection with the S.P. Claim.

15. Since 2001, the Hospital has disclosed the presence of Aspergillus in or around its ORs on several additional occasions, including most recently in November 2019.

16. In a November 2019 public statement, the Hospital's CEO Jeff Sperring acknowledged that at least 14 of the Hospital's patients have been infected with Aspergillus since 2001.[2]

17. While at the time the Hospital treated each of these outbreaks as "isolated incidents," the Hospital has now determined that the cause of the persistent presence of Aspergillus in the Hospital can be traced back to "the air handling system that served [its] operating rooms." *Id.*

18. Mr. Sperring acknowledged that, retrospectively, the Hospital "should have made the connection sooner" between the air handling system and the Aspergillus infections. *Id.*

---

[2] *See* King 5 Staff, *'We failed': Seattle Children's CEO announces 5 more deaths from mold, K5News* (Nov. 19, 2019, 4:32 PM), https://www.king5.com/article/news/local/seattle-childrens-to-keep-10-operating-rooms-closed-through-january-after-mold-detected/281-433f4a09-4a39-4ff5-9a6d-5884973b62dd (attached hereto as Exhibit E).

Complaint for Declaratory Relief – 4

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2565369 / 1546.0001

19. In response to the Hospital's recent statements regarding the connection between the air handling system and the Aspergillus exposures, an attorney for S.P.'s family lamented: "Our whole case was about problems with the HVAC and it seems to have never been addressed."[3]

**Currently Pending Aspergillus Lawsuits**

20. There are currently several lawsuits pending against the Hospital arising out of patients' alleged exposure to Aspergillus.

21. Virginia Tom and Peter Tom, in their individual capacities and as co-guardians of L.C.S.T., a minor, have filed suit against the Hospital in the proceeding styled *Virginia Tom et al. v. Seattle Children's Hospital,* No. 19-2-28192-8 SEA (Wash. Super. Ct., King Cnty.) (the "Tom Action") (attached hereto as Exhibit G).

22. Patrick Wills, in his capacity as the Personal Representative of the Estate of A.W.; Sherry Shaffer, in her capacity as Personal Representative of the Estate of L.S.; Whitney Stettler, in her individual capacity; and Christopher Gunnell, in his capacity as Personal Representative of the Estate of I.G., have filed a putative class action complaint against the Hospital in the proceeding styled *Patrick Wills et al. v. Seattle Children's Hospital*, No. 19-2-31648-9 SEA (Wash. Super. Ct., King Cnty.) (the "Wills Action") (attached hereto as Exhibit H).

23. Kathleen Garvin, in her capacity as guardian *ad litem* for J.C., a minor, has filed suit against the Hospital in the proceeding styled *Kathleen Garvin v. Seattle Children's Hospital*, No. 19-2-31625 SEA (Wash. Super. Ct., King Cnty.) (the "Garvin Action") (attached hereto as Exhibit I).

---

[3]Daniel Gilbert, et al., *'We failed': Seattle Children's CEO admits 6 deaths, more illnesses due to mold in ORs,* The Seattle Times (Nov. 19, 2019, 11:31 PM), https://www.seattletimes.com/seattle-news/times-watchdog/mold-infections-at-seattle-childrens-hospital-tied-to-14-illnesses-six-deaths-since-2001 (attached hereto as Exhibit F).

Complaint for Declaratory Relief – 5

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2565369 / 1546.0001

24. Jakob Stedman and Rachel Stedman, as co-guardians of C.B.S., a minor, have filed suit against the Hospital in the proceeding styled *Jakob Stedman et al. v. Seattle Children's Hospital,* No. 19-2-31662-4 SEA (Wash. Super. Ct., King Cnty.) (the "Stedman Action") (attached hereto as Exhibit J).

**The Policies**

25. Columbia first began insuring the Hospital effective July 1, 2005 and has issued consecutive umbrella policies to the Hospital since that date, including the Policies at issue in this action.

26. Each of the Policies provides specified coverage for "those **damages** in excess of the **applicable underlying limit** that an **Insured** becomes legally obligated to pay as a result of a **claim**, including a **professional liability claim,** alleging **injury** and caused by an **incident.**" Exs. A-C, Coverage, Section A.[4]  As is relevant here, for each Policy, the **applicable underlying limit** is a **self-insured retention** of $2 million for each **claim** and $6 million in the aggregate. *Id.*, Policy Schedule, p. 6 of 6.

27. "**Professional liability claim**" means, in relevant part, "a **claim** arising out of **professional services** and alleging **professional services injury**." *Id.,* Definitions, p. 32 of 34.

28. "**Professional services**" is defined to include **healthcare services**, meaning "services performed by an **Insured,** or by someone for whom the **Insured** is liable, to care for or assist the **Insured Entity's** patient . . . includ[ing] the furnishing of food, beverages, medications or appliances in connection with such services, and the postmortem handling of human bodies" (*Id.,* Definitions, p. 26 of 34) *and* **administrative services**, meaning "planning, organizing, directing and controlling, on the **Insured Entity's** behalf, the medical operations of the **Insured**

---

[4]To the extent not otherwise noted, the relevant terms and conditions of the Policies are the same.

Complaint for Declaratory Relief – 6

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2565369 / 1546.0001

**Entity** by an **administrator**" (*Id.*, Definitions, p. 23 of 34).  *Id.*, Definitions, p. 32 of 34.

29.     "**Professional services injury**" means "**bodily injury,** and solely with respect to **administrative services**, other injury arising out of the rendering of or failure to render **professional services**." *Id.*

30.     Where, as here, the **self-insured retention** is on a claims-made basis, coverage under the Policies applies to **claims** only if:

    a.   such **claim** is first made against any **Insured** during the **policy period** . . .; and

    b.   prior to the effective date of the **coverage relationship**:

        i.   no **authorized insured** knew or should have known of a **claim** or a **potential claim;** or

        ii.  no **Insured** had given notice to a prior insurer of any **related claim.**

*Id.,* Coverage, Section B.2.

31.     The Policies define "**Claim**" to mean, in relevant part, "a civil proceeding in which **damages** because of **injury** to which this insurance applies are alleged" or "a written or oral demand for **damages** alleging **injury** to which this insurance applies." *Id.*, Definitions, p. 24 of 34.

32.     The Policies further provide that "all **related claims,** whenever made, shall be considered a single **claim** first made during the **policy period** in which the earliest **claim** was first made." *Id.*, Limits of Insurance, Section F.

33.     The Policies define "**related claim**" to mean "**claims** arising out of a single **incident** or **related incidents.**" *Id.,* Definitions, p. 33 of 34.  With respect to a **professional services injury**, "**incident**" means "an act, error or omission in the performance of **professional**

Complaint for Declaratory Relief – 7

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2565369 / 1546.0001

**services.**" *Id.,* p. 27 of 34.  "**Related incidents**" means "any incidents that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision." *Id.*, p. 33 of 34.

34. "**Coverage relationship"** is defined as "that period of time that begins on the effective date of the first policy issued by the Insurer to the **First Named Insured** of which this policy is a renewal in a consecutive series of renewals . . ." *Id.*, p. 24 of 34.

35. Columbia does not have a duty to defend under the Policies.  Rather, "[w]here there is **underlying insurance** (including a **self-insured retention**) . . . the **Insured Entity**, and not the Insurer, has the duty to defend." Exs. A-C, Defense Payment and Related Duties, Section C.  If the **self-insured retention** is exhausted, Columbia has the option to either "assume the investigation or defense of the **Insured** against the **claims**" *or* "reimburse the **Insured** for **defense costs** it incurs in the investigation or defense of such **claims**." *Id.,* Section D.

36. The 17-18 Policy and 18-19 Policy each contain a Fungi and Microbes Exclusion, which provides that these Policies shall not apply to:

> 1. **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services**), **property damage** or **personal and advertising injury** arising out of any actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of any **fungi** or **microbes**;
>
> 2. any loss, cost or expense arising out of or relating to the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of **fungi** or **microbes** by any **Insured** or by anyone else; or
>
> 3. **property damage** caused by water where there also exists any **property damage** arising out of or relating to, in whole or in part, the actual, alleged or threatened inhalation

Complaint for Declaratory Relief – 8

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2565369 / 1546.0001

of, ingestion of, contact with, exposure to, existence of, or growth or presence of any **fungi** or **microbes.**

Exs. A & B, Exclusions, Section S.

37. The 19-20 Policy contains a broader Fungi and Microbes Exclusion, which provides, in relevant part, that this Policy shall not apply to:

any **claim** based on or arising out of:

1. any actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of any **fungi** or **microbes**;

2. any loss, cost of expenses arising out of or relating to the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of **fungi** or **microbes** by any **Insured** or anyone else . . .

Ex. C, Exclusions, Section S, as amended by Fungi and Microbes Exclusion Endorsement.

38. All of the Policies specifically define "**fungi**" to include "mold . . . including any spores, mycotoxins, odors, or any other substances, products, or byproducts produced by, released by, or arising out of the current or past presence of **fungi.**" Exs. A-C, Definitions, p. 27 of 34.

**The Hospital's Request for Coverage**

39. The Hospital has sought coverage under the Policies for a number of the Aspergillus Claims.

40. First, on June 22, 2018, the Hospital reported to Columbia a **claim** asserted against it by or on behalf of a minor patient, L.T., who received treatment at the Hospital on or about March 23, 2018, and subsequently tested positive for Aspergillus exposure (the "L.T. Claim").

Complaint for Declaratory Relief – 9

2565369 / 1546.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

41. After L.T. tested positive for Aspergillus exposure, the Hospital discovered traces of Aspergillus in the sterile holding area adjacent to the operating room ("OR") where L.T. was treated.

42. L.T.'s parents, individually and as co-guardians of their son, have now filed suit against the Hospital in the Tom Action, alleging that the Hospital "failed to take reasonably prudent measures to prevent aspergillus from infecting" L.T. *See* Ex. G, ¶ 6.4.

43. Also, on or about March 21, 2019, the Hospital reported to Columbia another **claim** asserted against it by a minor patient, J.I-C., who received treatment at the Hospital on or about May 28, 2018 and subsequently tested positive for Aspergillus exposure (the "J.I-C. Claim").

44. After J.I-C. tested positive for Aspergillus exposure, the Hospital discovered traces of Aspergillus in the sterile holding area adjacent to the OR where J. I-C. was treated.

45. The J.I-C. Claim has been resolved.

46. Then, in May 2019, the Hospital reported to Columbia that it had detected Aspergillus in several of its ORs and would be providing notice to patients who had received treatment in the Hospital over the previous few months.

47. Following the Hospital's latest disclosures in November 2019 regarding the history of Aspergillus exposure at the Hospital and the link to the air handling system, new lawsuits have been filed against the Hospital arising out of patients' purported exposure to Aspergillus, including the Wills Action, the Garvin Action, and the Stedman Action. *See* Exs. H-J.

48. The complaint in the Garvin Action directly references the S.P. Action filed in 2005 and notes that plaintiffs in that action "asserted that [the Hospital's] air-filtration system

Complaint for Declaratory Relief – 10

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2565369 / 1546.0001

allowed Aspergillus to enter the operating room." Ex. I, ¶ 3.3.

49. The Garvin Action alleges that the Hospital "fail[ed] to install an appropriate air filtration system, to perform reasonable monitoring of its premises for the presence of mold, or to perform reasonable maintenance on or inspection of its equipment and its air-filtration system" and "fail[ed] to keep its operating rooms free from Aspergillus mold" and "to discover the presence of Aspergillus in its operating rooms." *Id.,* ¶¶ 4.7, 5.3.

50. The complaint in the Wills Action also directly references the S.P. Action and alleges that the lawsuit "exposed a direct link between inadequate maintenance of the air-handling system and transmission of *Aspergillus* mold into" the Hospital. Ex. H, ¶ 3.4.

51. Further, the Wills Action alleges that, "[b]ased upon the evidence discovered in the [S.P. Action, the Hospital] knew or should have known by at least August 2000 that its negligent failure to provide safe premises directly caused the transmission of *Aspergillus* to its vulnerable child patients." *Id.,* 3.6.

52. However, according to the Wills Action, the Hospital "failed to take adequate steps to address the long-standing *Aspergillus* contamination spread through its hair-handling system, including but not limited to, negligence in the maintenance of that system and in testing the premises for the presence of mold spores." *Id.,* ¶ 6.6.

53. As new lawsuits continue to be filed against the Hospital arising out of patients' exposure to Aspergillus, Columbia anticipates that the Hospital will seek coverage for these additional lawsuits under one or more of the Policies.

54. By letter dated, January 10, 2020, Columbia advised the Hospital that the Policies do not provide coverage for the Aspergillus Claims but that it agrees to reimburse the Hospital for costs incurred in defending the Aspergillus Claims pending the resolution of this declaratory

Complaint for Declaratory Relief – 11

2565369 / 1546.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

judgment action.

## COUNT I

### Declaration of No Coverage for the Aspergillus Claims Because The Prior Notice Provision is Not Satisfied

55. Columbia realleges and incorporates by reference the allegations of paragraphs 1 through 54 as if fully set forth in this Count I.

56. The Policies each provide that, where coverage is provided on a claims-made basis, coverage shall only be available for a **claim** if "prior to the effective date of the **coverage relationship** . . . no **Insured** had given notice to a prior insurer of any **related claim**." Policies, Coverage, Section B.2.b.ii (the "Prior Notice Provision").

57. The Policies define "**related claim**" to mean "**claims** arising out of a single **incident** or **related incidents**." *Id.,* Definitions.

58. With respect to **professional services injury,** "**incident**" means "an act, error or omission in the performance of **professional services.**" *Id.*

59. "**Related incidents**" means "any incidents that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision." *Id.*

60. Each of the Aspergillus Claims, including the S.P. Claim and the subsequent Aspergillus Claims reported to Columbia, arise out of the Hospital's alleged failure to maintain sterile conditions in the Hospital, resulting in patients being exposed to Aspergillus.

61. As such, each of the Aspergillus Claims, including the S.P. Claim and the subsequent Aspergillus Claims reported to Columbia, arise out of a single "act, error or omission in the performance of **professional services**" or at a minimum, out of acts, errors or omissions that are "logically or causally connected by any common fact, circumstance, situation

Complaint for Declaratory Relief – 12

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2565369 / 1546.0001

transaction, event, advice or decision."

62.  As a result, the S.P. Claim and the subsequent Aspergillus Claims reported to Columbia are **related claims.**

63.  The Hospital reported the S.P. Claim to one of its prior insurers before Columbia issued the first policy to the Hospital.

64.  Because the S.P. Claim and the Aspergillus Claims are **related claims,** and the Hospital reported the S.P. Claim to a prior insurer before the effective date of the **coverage relationship,** Columbia is entitled to a declaration that the Policies do not afford coverage for and there is no duty to reimburse **defense costs** for the Aspergillus Claims because the Prior Notice Provision is not satisfied.

## COUNT II

### Declaration of No Coverage for the Aspergillus Claims Because There Is No Claim First Made During the Policy Periods

65.  Columbia realleges and incorporates by reference the allegations of paragraphs 1 through 64 as if fully set forth in this Count III.

66.  The Policies each provide that, where coverage is provided on a claims-made basis, coverage shall only be available for a **claim** to the extent that "such **claim** was first made . . . during the **policy period.**" Exs. A-C, Coverage, Section B.2.

67.  The Policies further provide that "all **related claims,** whenever made, shall be considered a single **claim** first made during the **policy period** in which the earliest **claim** was first made." *Id.*, Limits of Insurance, Section F.

68.  As outlined above with respect to Count I, the S.P. Claim and the subsequent Aspergillus Claims reported to Columbia are **related claims** and shall therefore be considered a

Complaint for Declaratory Relief – 13

2565369 / 1546.0001

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

single **claim** first made when the S.P. Claim was first made on March 6, 2003—that is, before any of the **policy periods** applicable to the Policies and, indeed, before the first policy Columbia issued to the Hospital.

69. Columbia is therefore entitled to a declaration that the Policies do not afford coverage for and there is no duty to reimburse **defense costs** for the Aspergillus Claims because there is no **claim** first made during the applicable **policy periods**.

## COUNT III

### In the Alternative, a Declaration that, to the Extent Coverage is Available for the Aspergillus Claims, a Single $15 million Limit of Liability Applies

70. Columbia realleges and incorporates by reference the allegations of paragraphs 1 through 69 as if fully set forth in this Count IV.

71. To the extent that any of the Aspergillus Claims are first made and reported during one of the applicable **policy periods,** those claims are **related claims** for the reasons outlined above and therefore "shall be considered a single **claim** first made during the **policy period** in which the earliest **claim** was first made." Exs. A-C, Limits of Insurance, Section F.

72. The first Aspergillus Claim tendered to Columbia for coverage is the L.T. Claim made during the 17-18 **policy period.**

73. Thus, in the alternative, Continental is entitled to a declaration that any coverage for the Aspergillus Claims under the Policies is limited to the single $15 million limit of liability provided under the 17-18 Policy.

Complaint for Declaratory Relief – 14

2565369 / 1546.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

# COUNT IV

## In the Alternative, a Declaration that, to the Extent the Aspergillus Claims Are Not "Related Claims," There Is No Coverage for Claims Made During the 19-20 Policy Because the Fungi and Microbes Exclusion Applies

74. Columbia realleges and incorporates by reference the allegations of paragraphs 1 through 73 as if fully set forth in this Count V.

75. The 19-20 Policy contains a Fungi and Microbes Exclusion that bars coverage for any **claims** arising out of the "actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of any **fungi** or **microbes**." Ex. C, Exclusions, Section S, as amended by Fungi and Microbes Endorsement.

76. Aspergillus is a kind of mold and therefore a kind of **fungi.** *See id.*, Definitions, p. 26 of 34.

77. The Aspergillus Claims arise out of the "actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of" Aspergillus.

78. To the extent the Aspergillus Claims are not **related claims,** the Fungi and Microbes Exclusion bars coverage for any **claims** made during the 19-20 **policy period.**

79. Thus, in the alternative, Continental is entitled to a declaration that there no coverage for nor duty to reimburse **defense costs** for any **claims** made during the 19-20 **policy period** because the Fungi and Microbes Exclusion applies.

WHEREFORE, Columbia respectfully requests:

A. As to Count I, that the Court declare that the Policies afford no coverage for, and there is no duty to reimburse defense costs for, the Aspergillus Claims because the Policies' Prior Notice Provision is not satisfied.

B. As to Count II, that the Court declare that the Policies afford no coverage for, and

Complaint for Declaratory Relief – 15

2565369 / 1546.0001

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

there is no duty to reimburse defense costs for, the Aspergillus Claims because such claims are not first made during any of the applicable policy periods.

C. As to Count III, in the alternative, that the Court declare that any coverage available under the Policies for the Aspergillus Claims is limited to the $15 million Limit of Liability under the 17-18 Policy.

D. As to Count IV, in the alternative, that the Court declare that there is no coverage for any of the Aspergillus Claims made during the 19-20 policy period because the Fungi and Microbes Exclusion applies.

E. That the Court award Columbia such other and further relief as it may deem appropriate.

Dated this 10th day of January, 2020.

*s/Carl E. Forsberg*
Carl E. Forsberg, WSBA #17025
Email: cforsberg@foum.law

*s/Matthew S. Adams*
Matthew S. Adams, WSBA #18820
Email: madams@foum.law

*s/Charles A. Henty*
Charles A. Henty, WSBA #39222
Email: chenty@foum.law

Forsberg & Umlauf, P.S.
901 Fifth Ave., Suite 1400
Seattle, WA 98164
Phone: (206) 689-8500
Attorneys for Plaintiff Columbia Casualty Company

Complaint for Declaratory Relief – 16

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2565369 / 1546.0001