# EXHIBIT B



## Healthcare Umbrella

| | |
|---|---|
| **Insured Name** | **Producer Information** |
| Seattle Children's Healthcare System | JAMES & GABLE INSURANCE BROKERS INC |
| C/O RISK MANAGEMENT | 1660 OLYMPIC BLVD |
| 4800 SAND POINT WAY NE MAIL STOP S124 | STE 325 |
| SEATTLE, WA 98105-3901 | WALNUT CREEK, CA 94596 |
| **Policy Number** | **Producer Processing Code** |
| HMU 1064389726 | 970-953184 |
| **Policy Period** | **CNA Branch** |
| 07/01/2018 to 07/01/2019 | SAN FRANCISCO |
| | 555 Mission Street |
| | Suite 200 |
| | San Francisco, CA 94105 |

**Thank you for choosing CNA!**

With your Healthcare Umbrella policy, you have insurance coverage tailored to meet the needs of your business. The international network of insurance professionals and the financial strength of CNA, rated "A" by A.M. Best, provide the resources to help you manage the daily risks of your organization so that you may focus on what's most important to you.

**Claim Services**

To file a claim contact us at:

| | |
|---|---|
| Email: | HPReports@CNA.com |
| Fax#: | 800-446-8632 |
| Mailing Address: | Hospitals |
| | CNA Claims Reporting |
| | P.O. Box 8317 |
| | Chicago, IL 60680-8317 |

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policyholder Notice

 POLICYHOLDER NOTICE - COUNTRYWIDE

**IMPORTANT INFORMATION NOTICE - OFFER OF TERRORISM COVERAGE; DISCLOSURE OF PREMIUM**

**THIS NOTICE DOES NOT FORM A PART OF THE POLICY, GRANT ANY COVERAGE OR CHANGE THE TERMS AND CONDITIONS OF ANY COVERAGE UNDER THE POLICY.**

As used herein, 1) "we" means the insurer listed on the Declarations or the Certificate of Insurance, as applicable; and 2) "you" means the first person or entity named on the Declarations or the Certificate of Insurance, as applicable.

You are hereby notified that under the Terrorism Risk Insurance Act, as extended and reauthorized ("Act"), you have a right to purchase insurance coverage of losses arising out of acts of terrorism, as defined in Section 102(1) of the Act, subject to all applicable policy provisions. The Terrorism Risk Insurance Act established a federal program within the Department of the Treasury, under which the federal government shares, with the insurance industry, the risk of loss from future terrorist attacks.

This Notice is designed to alert you to coverage restrictions and to certain terrorism provisions in the policy. If there is any conflict between this Notice and the policy (including its endorsements), the provisions of the policy (including its endorsements) apply.

CHANGE IN THE DEFINITION OF A CERTIFIED ACT OF TERRORISM

The Act applies when the Secretary of the Treasury certifies that an event meets the definition of an act of terrorism. Originally, the Act provided that to be certified, an act of terrorism must cause losses of at least five million dollars and must have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest to coerce the government or population of the United States. However, the 2007 re-authorization of the Act removed the requirement that the act of terrorism must be committed by or on behalf of a foreign interest, and now certified acts of terrorism may encompass, for example, a terrorist act committed against the United States government by a United States citizen, when the act is determined by the federal government to be "a certified act of terrorism."

In accordance with the Act, we are required to offer you the ability to purchase coverage for losses resulting from an act of terrorism that is certified under the federal program. The other provisions of this policy, including nuclear, war or military action exclusions, will still apply to such an act.

DISCLOSURE OF FEDERAL PARTICIPATION IN PAYMENT OF TERRORISM LOSSES

The Department of the Treasury will pay a share of terrorism losses insured under the federal program. In 2015, the federal share equals 85% of that portion of the amount of such insured losses that exceeds the applicable insurer retention, and shall decrease by 1 percentage point per calendar year until equal to 80%.

LIMITATION ON PAYMENT OF TERRORISM LOSSES

If aggregate insured losses attributable to terrorist acts certified under the Terrorism Risk Insurance Act exceed $100 billion in a calendar year (January 1 through December 31), the Treasury shall not make any payment for any portion of the amount of such losses that exceeds $100 billion.

Form No: CNA81758XX (03-2015)
Policyholder Notice Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 2 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policyholder Notice

Further, this coverage is subject to a limit on our liability pursuant to the federal law where, if aggregate insured losses attributable to terrorist acts certified under the Act exceed $100 billion in a calendar year (January 1 through December 31) and we have met our insurer deductible under the Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion. In such case, insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

CONFIRMATION OF ACCEPTANCE OF COVERAGE

In accordance with the Act, we offered you coverage for losses resulting from an act of terrorism that is certified under the federal program. This notice confirms that you have chosen to accept our offer of coverage for certified acts of terrorism. The policy's other provisions, including nuclear, war or military action exclusions, will still apply to such an act. The premium charge for terrorism coverage, if any, is shown separately on the Declarations or the Certificate of Insurance, as applicable.

Form No: CNA81758XX (03-2015)
Policyholder Notice Page: 2 of 2
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 3 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Declarations

 **POLICY DECLARATIONS**

### Named Insured and Mailing Address

**Named Insured:**
Seattle Children's Healthcare System

**Mailing Address:**
C/O RISK MANAGEMENT
4800 SAND POINT WAY NE MAIL STOP S124
SEATTLE, WA 98105-3901

### Policy Information

**Policy Number:** HMU 1064389726

**Renewal of:**   HMU 1064389726

**Policy Issued by:**
Columbia Casualty Company
151 N Franklin St
Chicago, IL 60606

### Producer Information

**Producer:**
JAMES & GABLE INSURANCE BROKERS INC
1660 OLYMPIC BLVD
STE 325
WALNUT CREEK, CA 94596

**Producer code:** 970-953184

### Policy Period

**07/01/2018** to **07/01/2019** at 12:01 a.m.
Standard Time at your mailing address shown
above.

### Forms and Endorsements Attached to this Policy

**See SCHEDULE OF FORMS AND ENDORSEMENTS**

### Retroactive Date

06/30/1984

### Limits of Insurance

| | |
|---|---|
| Each **Claim** | $15,000,000 |
| Aggregate Limit | $15,000,000 |

### Premium

Adjustable: ☐ Yes ☒ No

| | |
|---|---|
| Terrorism Premium | $3,000 |
| Total Premium | $492,000.00 |
| Minimum Earned Premium | 25% |

Form No: CNA72897XX (01-2016)
Policy Declarations Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 4 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Declarations

| Number of Days Notice of Cancellation / Non Renewal | |
| --- | --- |
| | **Number of Days** |
| Cancellation for nonpayment | 10 |
| Cancellation for any other reason | 90 |
| Nonrenewal | 90 |

| Notification Information | |
| --- | --- |
| Notice of **Claims** and **Potential Claims** | Address: CNA Claims Reporting<br>P.O. Box 8317<br>Chicago, IL 60680-8317 |
| | Fax #: 800-446-8632 |
| | Email Address: HPReports@CNA.com |
| | Phone Number: |

Form No: CNA72897XX (01-2016)
Policy Declarations Page: 2 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 5 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Schedule

 **SCHEDULE OF FORMS AND ENDORSEMENTS**

| Endorsement Number | Form Name | Form Number | Form Edition Date |
|---|---|---|---|
| 1 | AMENDMENT OF AGGREGATE LIMITS DUAL TOWERS ENDORSEMENT | CNA72896XX | 01-2016 |
| 2 | CANCELLATION AND NONRENEWAL AMENDATORY ENDORSEMENT WITH MINIMUM EARNED PREMIUM PROVISIONS | CNA72899XX | 01-2016 |
| 3 | AMENDED DEFINITION OF EMPLOYEE FOR SPECIFIED CLASSES ENDORSEMENT | CNA72919XX | 01-2016 |
| 4 | CNA HEALTHCARE RISK CONTROL FELLOWSHIP PROGRAM | CNA72945XX | 01-2016 |
| 5 | SERVICE OF SUIT ENDORSEMENT | CNA74300XX | 06-2014 |
| 6 | UMBRELLA SPECIFIED ADDITIONAL INSURED ENDORSEMENT | CNA81740XX | 01-2016 |
| 7 | CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM ENDORSEMENT | CNA81753XX | 03-2015 |
| 8 | SETTLEMENT OF CLAIMS WITHIN SELF-INSURED RETENTION ENDORSEMENT | CNA82660XX | 06-2015 |
| 9 | NOTICE OF CLAIMS UNDERLYING INSURANCE RESERVE OR MONETARY EXPOSURE ENDORSEMENT | CNA83133XX | 01-2016 |
| 10 | SEATTLE CHILDREN'S HEALTHCARE SYSTEM RATE ON RENEWAL ENDORSEMENT | CNA92763XX | 07-2018 |
|  | SCHEDULE OF UNDERLYING INSURANCE | CNA72926XX | 01-2016 |
|  | HEALTHCARE FACILITIES UMBRELLA POLICY DECLARATIONS | CNA72897XX | 01-2016 |
|  | HEALTHCARE FACILITIES UMBRELLA POLICY | CNA72888XX | 01-2016 |
|  | OFFER OF TERRORISM COVERAGE; DISCLOSURE OF PREMIUM | CNA81758XX | 03-2015 |

Form No: CNA62640XX (01-2016)
Policy Schedule Page: 1 of 1
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 6 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Schedule

 **SCHEDULE OF UNDERLYING INSURANCE**

**Name of Insured:**

**Commercial Automobile Liability:**

| Primary Policy Information | Limits: | or Self-Insured Retention (SIR) |
|---|---|---|
| Carrier Travelers Indemnity Company<br><br>Policy Number:<br>810-8463L270-IND-18<br><br>Policy Period: 07/01/2018 to 07/01/2019 | Bodily Injury Liability:<br><br>Each person:<br><br>Each Occurrence:<br><br>Property Damage Liability:<br><br>Each Occurrence:<br><br>Combined Single Limit:<br>$1,000,000 | Each Occurrence<br><br>Aggregate<br><br><br>(If no amount is listed in the line above, there is no Aggregate limit.)<br>☐ Defense Costs inside SIR<br>☐ Defense Costs outside SIR |

Form No: CNA72926XX (01-2016)
Policy Schedule Page: 1 of 7
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 7 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Schedule

**Name of Insured:**

**Employers Liability:**

| Primary Policy Information | Limits: | or | Self-Insured Retention (SIR) |
|---|---|---|---|
| Carrier: Safety National Casualty Corporation<br><br>Policy Number: SP4056851<br><br>Policy Period: 07/01/2017 to 07/01/2019 | Bodily Injury by:<br><br>Accident - Each accident: $2,000,000<br><br>Disease - Policy Limit: $2,000,000<br><br>Disease - Each Employee: $2,000,000 | | Bodily Injury by:<br><br>Accident - Each accident:<br><br>Disease - Policy Limit:<br><br>Disease - Each Employee:<br><br>☐ Defense Costs inside SIR<br>☐ Defense Costs outside SIR |

**Name of Insured:**

**Employers Liability:**

| Primary Policy Information | Limits: | or | Self-Insured Retention (SIR) |
|---|---|---|---|
| Carrier: Charter Oak Fire Insurance Company<br><br>Policy Number: UB-4J931666-43-18<br><br>Policy Period: 07/01/2018 to 07/01/2019 | Bodily Injury by:<br><br>Accident - Each accident: $1,000,000<br><br>Disease - Policy Limit: $1,000,000<br><br>Disease - Each Employee: $1,000,000 | | Bodily Injury by:<br><br>Accident - Each accident:<br><br>Disease - Policy Limit:<br><br>Disease - Each Employee:<br><br>☐ Defense Costs inside SIR<br>☐ Defense Costs outside SIR |

Form No: CNA72926XX (01-2016)
Policy Schedule Page: 2 of 7
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 8 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Schedule

**Name of Insured:**

| Combined Self-Insured Retention (SIR) |
| --- |
| (Claims-Made basis) |
| Applicable to (check all that apply): |

| | | Limits: |
| --- | --- | --- |
| [X] | **General Liability** - Claims or circumstances arising from occurrences other than professional liability claims | $2,000,000 Each Claim |
| | | $6,000,000 Aggregate |
| [X] | **Professional Liability** - Claims or circumstances arising from the rendering of professional services | (If no amount is listed in the line above, there is no Aggregate limit.) |
| [X] | **Other Liability** - Employee Benefits Liability | Defense Costs: |
| | | [X] Defense Costs inside SIR |
| | | [ ] Defense Costs outside SIR |

Form No: CNA72926XX (01-2016)
Policy Schedule Page: 3 of 7
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 9 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Schedule

**Name of Insured:**

**Other Liability:** Foreign Commercial General Liability

| Primary Policy Information | Limits: | or | Self-Insured Retention (SIR) |
|---|---|---|---|
| Carrier: The Insurance Company of the State of Pennsylvania<br><br>Policy Number: WS11002542<br><br>Policy Period: 07/01/2018 to 07/01/2021<br><br>☒ Claims-Made basis<br>☐ Occurrence basis | Each Claim / Occurrence $1,000,000<br><br>Aggregate $2,000,000<br><br>☐ Other (Specify): | | Each Claim/ Occurrence<br><br>Aggregate<br><br>Other (Specify):<br><br>(If no amount is listed in the line above, there is no Aggregate limit.)<br>☐ Claims-Made basis<br>☐ Occurrence basis<br>☐ Defense Costs inside SIR<br>☐ Defense Costs outside SIR |

**Name of Insured:**

**Other Liability:** Foreign Business Auto Liability and Physical Damage

| Primary Policy Information | Limits: | or | Self-Insured Retention (SIR) |
|---|---|---|---|
| Carrier: The Insurance Company of the State of Pennsylvania<br><br>Policy Number: WS11002542<br><br>Policy Period: 07/01/2018 to 07/01/2021<br><br>☒ Claims-Made basis<br>☐ Occurrence basis | Combined Single Limit  $1,000,000<br><br>Aggregate  $1,000,000<br><br>☐ Other (Specify): | | Each Claim/ Occurrence<br><br>Aggregate<br><br>Other (Specify):<br><br>(If no amount is listed in the line above, there is no Aggregate limit.)<br>☐ Claims-Made basis<br>☐ Occurrence basis<br>☐ Defense Costs inside SIR<br>☐ Defense Costs outside SIR |

Form No: CNA72926XX (01-2016)
Policy Schedule Page: 4 of 7
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 10 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Schedule

**Name of Insured:**

**Other Liability:** Foreign Voluntary Compensation and Employers Liability

| Primary Policy Information | Limits: | or Self-Insured Retention (SIR) |
|---|---|---|
| Carrier: The Insurance Company of the State of Pennsylvania<br><br>Policy Number: WS11002542<br><br>Policy Period: 07/01/2018 to 07/01/2021<br><br><br><br>☐ Claims-Made basis<br>☒ Occurrence basis | Each Claim / Occurrence<br><br>Aggregate<br><br><br><br>☒ Other (Specify):<br><br>Each Accident:   $1,000,000<br>Policy Limit:      $1,000,000<br>Each Employee: $1,000,000 | Each Claim/ Occurrence<br><br>Aggregate<br><br>Other (Specify):<br><br><br><br>(If no amount is listed in the line above, there is no Aggregate limit.)<br><br>☐ Claims-Made basis<br>☐ Occurrence basis<br>☐ Defense Costs inside SIR<br>☐ Defense Costs outside SIR |

**Name of Insured:**

**Other Liability:** Life Sciences Liability

| Primary Policy Information | Limits: | or Self-Insured Retention (SIR) |
|---|---|---|
| Carrier: Continental Casualty Company<br><br>Policy Number: ADT4032129995<br><br>Policy Period: 07/01/2018 to 07/01/2019<br><br><br><br>☒ Claims-Made basis<br>☐ Occurrence basis | Each Claim / Occurrence $3,000,000<br><br>Aggregate $3,000,000<br><br><br><br>☐ Other (Specify): | Each Claim/ Occurrence<br><br>Aggregate<br><br>Other (Specify):<br><br><br><br>(If no amount is listed in the line above, there is no Aggregate limit.)<br><br>☐ Claims-Made basis<br>☐ Occurrence basis<br>☐ Defense Costs inside SIR<br>☐ Defense Costs outside SIR |

Form No: CNA72926XX (01-2016)
Policy Schedule Page: 5 of 7
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 11 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Schedule

**Name of Insured:**

**Other Liability:** Life Sciences Liability

| Primary Policy Information | Limits: | or | Self-Insured Retention (SIR) |
|---|---|---|---|
| Carrier: Illinois Union Insurance Co. | Each Claim / Occurrence $10,000,000 | | Each Claim/ Occurrence |
| Policy Number: G27886346-004 | | | Aggregate |
| Policy Period: 07/01/2018 to 07/01/2019 | Aggregate $10,000,000 | | Other (Specify): |
| | ☐ Other (Specify): | | (If no amount is listed in the line above, there is no Aggregate limit.) |
| ☒ Claims-Made basis | | | ☐ Claims-Made basis |
| ☐ Occurrence basis | | | ☐ Occurrence basis |
| | | | ☐ Defense Costs inside SIR |
| | | | ☐ Defense Costs outside SIR |

**Name of Insured:**

**Other Liability:** Heliport Premises Liability

| Primary Policy Information | Limits: | or | Self-Insured Retention (SIR) |
|---|---|---|---|
| Carrier: ACE Property & Casualty Insurance Co. | Combined Single Limit $50,000,000 | | Each Claim/ Occurrence |
| | Aggregate $50,000,000 | | Aggregate |
| Policy Number: AAPN0739052A002 | | | Other (Specify): |
| Policy Period: 07/01/2016 to 07/01/2019 | ☐ Other (Specify): | | (If no amount is listed in the line above, there is no Aggregate limit.) |
| ☐ Claims-Made basis | | | ☐ Claims-Made basis |
| ☒ Occurrence basis | | | ☐ Occurrence basis |
| | | | ☐ Defense Costs inside SIR |
| | | | ☐ Defense Costs outside SIR |

Form No: CNA72926XX (01-2016)
Policy Schedule Page: 6 of 7
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 12 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Schedule

**Name of Insured:**

**Other Liability:** Non-Owned Aircraft Liability

| Primary Policy Information | Limits: | | or | Self-Insured Retention (SIR) |
|---|---|---|---|---|
| Carrier: ACE Property & Casualty Insurance Co. | Combined Single Limit | $50,000,000 | | Each Claim/ Occurrence |
| | Aggregate | $50,000,000 | | Aggregate |
| Policy Number: AAPN0739052A002 | | | | Other (Specify): |
| Policy Period: 07/01/2016 to 07/01/2019 | ☐ Other (Specify): | | | (If no amount is listed in the line above, there is no Aggregate limit.) |
| | | | | ☐ Claims-Made basis |
| ☐ Claims-Made basis | | | | ☐ Occurrence basis |
| ☒ Occurrence basis | | | | ☐ Defense Costs inside SIR |
| | | | | ☐ Defense Costs outside SIR |

Form No: CNA72926XX (01-2016)
Policy Schedule Page: 7 of 7
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 13 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
*Policy*



| HEALTHCARE FACILITIES UMBRELLA POLICY |
|---|

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered. The "Insurer" refers to the Insurer providing this insurance as set forth on the Declarations. Words and phrases that appear in **bold** have special meaning. Refer to the section entitled **DEFINITIONS**.

## COVERAGE

**A. Insuring Agreement**

**Subject** to the section entitled **LIMITS OF INSURANCE**, the Insurer will pay on behalf of an **Insured** those **damages** in excess of the **applicable underlying limit** that an **Insured** becomes legally obligated to pay as a result of a **claim**, including a **professional liability claim,** alleging **injury** and caused by an **incident**. The Insurer will pay such **damages** only upon exhaustion of the **applicable underlying limit**.

**B. How this Insurance Applies**

This insurance applies only as follows.

    **1. Occurrence Coverage**

        Where the **primary policy** or **self-insured retention** is on an occurrence basis,

        **a.** the **property damage** or **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services)** takes place during the **policy period**; and

        **b.** the **incident** giving rise to **personal and advertising injury**, **professional services injury** or **employee benefits services injury** was first committed during the **policy period** and prior to the end of the **policy period**; and

        **c.** prior to the effective date of the **policy period**, no **authorized insured**:

            **i.** knew that such **incident** that is an act, error or omission in the performance of **professional services** or **employee benefits program services** had occurred, in whole or in part; or

            **ii.** knew that such **injury** that is **property damage** or **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services)** had occurred, in whole or in part. If any **authorized insured** knew, prior to the **policy period**, that any such **bodily injury** or **property damage** had occurred, then any continuation, change or resumption of such **bodily injury** or **property damage** during or after the **policy period** will be deemed to have been known prior to the **policy period**; or

            **iii.** knew that any offense giving rise to **personal and advertising injury** had occurred, in whole or in part.

        For the purposes of paragraph b. above, an offense shall be deemed first committed on the date of the first utterance or dissemination or, if there is no dissemination or utterance, on the first date of the activity giving rise to a **claim**.

    **2. Claims-Made Coverage**

        Where the **primary policy** or **self-insured retention** is on a claims-made basis,

        **a.** such **claim** is first made against any **Insured** during the **policy period** or during the **extended reporting period**, if any, and is reported to the Insurer in accordance with the section entitled **CONDITIONS**, the paragraph entitled **Notice of Claims and Potential Claims**; and

Form No: CNA72888XX (01-2016)
Policy Page: 1 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 14 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
*Policy*

    **b.**  prior to the effective date of the **coverage relationship**:

        **i.**  no **authorized insured** knew or should have known of a **claim** or a **potential claim**; or

        **ii.**  no **Insured** had given notice to a prior insurer of any **related claim**.

    **c.**  prior to the effective date of the **coverage relationship,** no **authorized insured** knew:

        **i.**  that any **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services)** or **property damage** had occurred. If any **authorized** insured knew, prior to the **coverage relationship**, that any **bodily injury** or **property damage** had occurred, then any continuation, change or resumption of such **bodily injury** or **property damage** during or after the **coverage relationship** will be deemed to have been known prior to the **coverage relationship**.

        **ii.**  that any offense giving rise to **personal and advertising injury** had occurred, in whole or in part, and

    **d.**  the **incident** occurred on or after the Retroactive Date, if any, shown in the Declarations.

**3.**  For purposes of paragraphs **1.** and **2.** above, an **authorized insured** will be deemed to know:

    **a.**  that such **bodily injury** or **property damage** occurred, at the earliest time when such **authorized insured**:

        **i.**  reports the **bodily injury** or **property damage** to the Insurer or any other Insurer;

        **ii.**  receives a **claim** arising out of the **bodily injury** or **property damage**; or

        **iii.**  becomes aware by any other means that the **bodily injury** or **property damage** has occurred or has begun to occur;

    **b.**  that such offense had occurred, on the date of the first utterance or dissemination or, if there is no utterance or dissemination on the first date of the activity giving rise to a **claim.**

**4.**  Where there is no **underlying insurance** applicable to a **claim** covered under this policy, this policy applies as primary insurance on a claims made basis pursuant to all other terms and conditions of coverage.

**5.**  Where the Insurer is the first layer of insurance above a **self-insured retention**, the **self-insured retention** shall be subject to all of the terms and conditions of this policy.

**6.**  The Insurer will also pay for **defense costs** as specified in the section entitled **DEFENSE PAYMENT AND RELATED DUTIES**.

## DEFENSE PAYMENT AND RELATED DUTIES

**A.**  No **Insured** shall admit liability, consent to any judgment, agree to any settlement or make any settlement offer which is reasonably likely to involve this policy without the Insurer's prior written consent, such consent not to be unreasonably withheld. The **Insureds** agree that they shall not knowingly take any action that increases the Insurer's exposure for **damages** or loss under this policy.

**B.**  The Insurer may, at the Insurer's sole discretion and at the Insurer's own cost, elect to participate in the investigation, settlement or defense of any **claim** against any of the **Insureds** for matters covered by this policy even if the **applicable underlying limit** has not been exhausted.

**C.**  Where there is **underlying insurance** (including a **self-insured retention**) or **unscheduled underlying insurance**, the **Insured Entity**, and not the Insurer, has the duty to defend **claims**. The **Insured Entity** shall exercise its best judgment in adjusting **claims** and endeavor to resolve such **claims** in a fair, equitable, timely and cost effective manner in accordance with the standards set forth in the National Association of Insurance Commissioners' Unfair Claims Settlement Practices Act, as it may be amended from time to time.

Form No: CNA72888XX (01-2016)
Policy Page: 2 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 15 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**D.** If the obligation of all **underlying insurers** (or the **Insured Entity**, where there is a **self-insured retention**) either to investigate or defend the **claim** or pay the cost of such investigation or defense, ceases solely through exhaustion of all **applicable underlying limits** through payment of a combination of any covered expenses, damages, settlements or judgments for **injury**, then the Insurer will, at the Insurer's option, either:

   **1.** assume the investigation or defense of the **Insured** against **claims; or**

   **2.** reimburse the **Insured** for **defense costs** it incurs in the investigation or defense of such **claims**.

   However, all **defense costs** incurred in connection with such **claims** are included within and erode the Limits of Insurance.

**E.** The Insurer will have the option to either investigate or defend a **claim** or to reimburse an **Insured** for **defense costs** in connection with a **claim** where the **claim** is not covered under the **underlying insurance** or **unscheduled underlying insurance**, but which seeks or involves **damages** because of **injury** otherwise covered under this policy.

**F.** Where the Insurer has opted to investigate or defend a **claim**, the Insurer will do so even if the allegations of a **claim** are groundless, false, or fraudulent, but only until the Insurer makes payment or offers to pay or deposit in court that part of a judgment not exceeding the Insurer's limit of liability. The Insurer shall also have the sole right to make settlement of a **claim** as the Insurer deems expedient.

**G.** If a **claim** made against the **Insureds** includes both covered and uncovered matters or if a **claim** is made against **Insureds** who are extended coverage therefore and others who are not extended coverage therefore, the **Insureds** agree that there must be an allocation between insured and uninsured loss. The **Insureds** and the Insurer shall exercise their best efforts to agree upon a fair and proper allocation, based on the relative legal and financial exposures, between insured loss and uninsured loss.

## <u>EXCLUSIONS</u>

This Insurance does not apply to:

**A. Access or Disclosure of Confidential or Personal Information and Data-related Liability**

   **1.** any **damages**(other than covered **bodily injury** arising out of the rendering of **professional services**) based upon or arising out of any actual or alleged access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

   **2.** any **damages** based upon or arising out of any actual or alleged loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate **electronic data**.

   This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by the **Insured** or others arising out of that which is described in paragraph 1. or 2. above. However, unless paragraph 1. above applies, this exclusion does not apply to **damages** because of **bodily injury**.

**B. Aircraft**

   any **claim** based upon or arising out of any actual or alleged **bodily injury** or **property damage** arising out of any **aircraft** that is owned or operated by or rented or loaned to any **Insured** including **bodily injury** or **property damage** caused by operation, maintenance, entrustment to others or **loading or unloading** of **aircraft**.

Form No: CNA72888XX (01-2016)
Policy Page: 3 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 16 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

This exclusion applies even if such **claim** against an **Insured** alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured**, provided the **occurrence** which caused the **bodily injury** or **property damage** involved the ownership, maintenance, use or entrustment to others of any **aircraft** that is owned or operated by or rented or loaned to any **Insured**.

This exclusion does not apply:

1. to any **aircraft** that is:

   a. chartered by, loaned to, or hired by the **Insured Entity** with a paid crew; and

   b. not owned by any **Insured**, or

2. if insurance for such **bodily injury** or **property damage** is provided by a policy of **underlying insurance**. However, the insurance provided by the Insurer's policy will be no broader than the insurance coverage provided by such **underlying insurance**, or

3. liability assumed under any **insured contract** for the ownership, maintenance or use of or **aircraft**.

**C. Asbestos**

any **claim** based on or arising out of:

1. **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services**), **property damage** or **personal and advertising injury** arising out of any actual, alleged or threatened exposure at any time to **asbestos**; or

2. any loss, cost or expense that may be awarded or incurred:

   a. by reason of a **claim** for any such injury or damage; or

   b. in complying with a governmental direction or request to test for, monitor, clean up, remove, contain or dispose of **asbestos**.

**D. Autos or Watercraft**

any **claim** based upon or arising out of any actual or alleged **bodily injury** or **property damage** arising out of any **auto** or watercraft owned or operated by or rented or loaned to an **Insured**, including **bodily injury** or **property damage** caused by operation, maintenance, entrustment to others or **loading or unloading** of **autos** or watercraft.

This exclusion applies even if the **claims** against any **Insured** alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured**, if the **occurrence** which caused the **bodily injury** or **property damage** involved **auto** or watercraft that is owned or operated by or rented or loaned to any **Insured**.

This exclusion does not apply to:

1. watercraft while ashore on premises the **Insured Entity** owns or rents;

2. watercraft the **Insured Entity** does not own that is:

   a. less than 26 feet long; and

   b. not being used to carry persons or property for a charge;

3. parking an **auto** on, or on the ways next to, premises the **Insured Entity** owns or rents, provided the **auto** is not owned by or rented or loaned to any **Insured**;

4. liability assumed under any **insured contract** for the ownership, maintenance or use of or watercraft; or

5. **bodily injury** or **property damage** arising out of:

Form No: CNA72888XX (01-2016)
Policy Page: 4 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 17 of 58

© Copyright CNA All Rights Reserved.



    **a.**  the operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of **mobile equipment** if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged; or

    **b.**  the operation of any of the machinery or equipment listed in **F.2.** (Cherry Pickers etcetera) or **F.3.** (air compressors etcetera) of the definition of **mobile equipment**;

This exclusion also does not apply if insurance for **bodily injury** or **property damage** arising out of an **auto** is provided by a policy of **underlying insurance**. However, the insurance provided by the Insurer's policy will be no broader than the insurance coverage provided by such **underlying insurance**.

**E.**  **Contractual Liability**

any **claim** based on or arising out of:

    **1.**  solely with respect to any **professional services injury, employee benefits services injury** and **personal and advertising injury**, the **Insured's** actual or alleged liability under any oral or written contract or agreement, including but not limited to express warranties or guarantees; or

    **2.**  the liability of others assumed by an **Insured** under any oral or written contract or agreement,

except that:

**a.**  coverage otherwise available to an **Insured** shall apply to such **Insured's** liability that exists in the absence of such contract or agreement; or

**b.**  liability is assumed in a contract or agreement that is an **insured contract** for **bodily injury** or **property damage** provided the **bodily injury** or **property damage** occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an **insured contract**, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an **Insured** are deemed to be **damages** because of **bodily injury** or **property damage** provided:

    **i.**  liability to such party for, or for the cost of, that party's defense has also been assumed in the same **insured contract**; and

    **ii.**  such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which **damages** are alleged.

**F.**  **Criminal Acts or Conduct**

Solely with respect to **professional services injury, employee benefits services injury** and **personal and advertising injury**, any **claim** based on or arising out of any actual or alleged criminal act or omission committed by or at the direction of any **Insured**. This exclusion does not apply to the extent liability is imposed upon the **Insured** for acts or omissions of another committed without the knowledge or consent of the **Insured**.

**G.**  **Damage to Impaired Property or Property not Physically Injured**

any **claim** based upon or arising out of any actual or alleged **property damage** to **impaired property** or property that has not been physically injured, arising out of:

    **1.**  a defect, deficiency, inadequacy or dangerous condition in **insured product** or **insured work**; or

    **2.**  a delay or failure by the **Insured Entity** or anyone acting on the **Insured Entity's** behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **insured product** or **insured work** after it has been put to its intended use.

Form No: CNA72888XX (01-2016)
Policy Page: 5 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 18 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**H. Damage to Insured Product**

any **claim** based on or arising out of any actual or alleged **property damage** to **insured product** arising out of it or any part of it.

**I. Damage to Insured Work**

any **claim** based upon or arising out of any actual or alleged **property damage** to **insured work** arising out of it or any part of it and included in the **products-completed operations hazard**. This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on its behalf by a subcontractor.

**J. Damage to Property**

any **claim** based on or arising out of any actual or alleged **property damage** to:

1. property the **Insured Entity** owns, rents, or occupies, including any costs or expenses incurred by the **Insured Entity**, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

2. premises the **Insured Entity** sell, give away or abandon, if the **property damage** arises out of any part of those premises;

3. property loaned to the **Insured Entity**;

4. personal property in the care, custody or control of an **Insured**;

5. that particular part of real property on which the **Insured Entity** or any contractors or subcontractors working directly or indirectly on its behalf are performing operations, if the **property damage** arises out of those operations; or

6. that particular part of any property that must be restored, repaired or replaced because **insured work** was incorrectly performed on it.

Paragraph **2.** of this exclusion does not apply if the premises are **insured work** and were never occupied, rented or held for rental by the **Insured Entity**.

Paragraphs **3.**, **4.**, **5.** and **6.** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **6.** of this exclusion does not apply to **property damage** included in the **products-completed operations hazard**.

**K. Dishonest Acts/Capacity Claims/Wrongful Employment Practices**

Solely with respect to:

1. **administrative services** or **employee benefits program services,** any **claim** based upon or arising out of any actual or alleged dishonest, fraudulent, or malicious act or omission, commingling, misappropriation or misuse of funds, or intentional wrongdoing, including the intentional misappropriation of intellectual property, by an **Insured** if a final judgment, ruling or other finding of fact in any proceeding establishes that such act, omission, commingling, misappropriation, misuse or intentional wrongdoing was committed.

2. **administrative services**, any **claim** based upon or arising out of:

   a. any act, error or omission by an **Insured** in its capacity as, or solely by reason of its status as an **executive officer** of an **Insured Entity**; or

   b. any wrongful employment practice other than any **claim** based upon or arising out of services as a member of a **formal review board**.

Form No: CNA72888XX (01-2016)
Policy Page: 6 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 19 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**L. Discrimination**

any **professional liability claim** or **employee benefits liability claim** based upon or arising out of any actual or alleged discrimination, humiliation or harassment, that includes but shall not be limited to **claims** based on an individual's race, creed, color, age, gender, national origin, religion, disability, marital status or sexual orientation.

**M. Distribution or Recording of Material or Information in Violation of Law**

**bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services**), **property damage** or **personal and advertising injury** arising out of any actual or alleged violation of:

**1.** the Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**2.** the CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**3.** the Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA);

**4.** any statute, ordinance, regulation or law other than the TCPA, CAN-SPAM Act of 2003, or FCRA, including FACTA, and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information; or

**5.** any statute, ordinance, regulation or law which prohibits or limits the conversion or consumption of another's tangible property or electronic assets. For the purpose of this provision, electronic assets include but are not limited to minute allowances, text message allowances, and other electronic consumables.

**N. Employer's Liability**

any **claim** based on or arising out of any actual or alleged **bodily injury** or **personal and advertising injury** to:

**1.** an **employee** arising out of and in the course of employment by the **Insured** or performing duties related to the conduct of its business; or

**2.** the spouse, **domestic partner**, child, parent, brother or sister of that **employee** as a consequence of **1.** above.

This exclusion applies:

**a.** whether an **Insured** may be liable as an employer or in any other capacity; and

**b.** to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the **Insured Entity** under an **insured contract**. Nor does this exclusion apply if insurance for such **bodily injury** or **personal and advertising injury** is provided by a policy of **underlying insurance**. However, the insurance provided by the Insurer's policy will be no broader than the insurance coverage provided by such **underlying insurance**.

**O. Employee Benefits Program Services**

any **employee benefits liability claim** based upon or arising out of any actual or alleged:

**1.** failure of an investment to perform as represented by any **Insured**, or errors in providing information on past performance of investment vehicles;

**2.** advice given to a person to participate or not participate in any **employee benefits program**;

**3.** failure of performance of contract by any Insurer;

Form No: CNA72888XX (01-2016)
Policy Page: 7 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 20 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**4.** capacity of an **Insured** as a fiduciary as defined under the Internal Revenue Code of 1986, as amended, or

**5.** insufficiency of funds to meet an obligation under an **employee benefits program**.

**P.  Employment Related Practices**

any **claim** based on or arising out of any actual or alleged **bodily injury** or **personal and advertising injury** to:

**1.** a person arising out of any actual or alleged:

    **a.** refusal to employ that person;

    **b.** termination of that person's employment;

    **c.** employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**2.** the spouse, **domestic partner**, child, parent, brother or sister of that person as a consequence of such **bodily injury** or **personal and advertising injury** to that person at whom any of the employment-related practices described in paragraphs **a. i., ii.,** or **iii.** above is directed.

This exclusion applies:

**i.** whether the **Insured** may be liable as an employer or in any other capacity; and

**ii.** to any obligation to share damages with or repay someone else who must pay damages because of the injury.

**Q.  ERISA Violations**

Any:

**1.** **professional liability claim** based upon or arising out of any actual or alleged violations of the Employees Retirement Income Security Act of 1974 or any similar common or statutory law anywhere in the world including any amendments or additions thereto.

**2.** **employee benefits liability claim**, based on or arising out of an **Insured's** capacity as a fiduciary under Employees Retirement Income Security Act of 1974 or any similar common or statutory law anywhere in the world including any amendments or additions thereto.

**R.  Expected or Intended injury**

any **claim** based upon or arising out of any actual or alleged **bodily injury** or **property damage** expected or intended from the standpoint of an **Insured**. This exclusion does not apply to:

**1.** **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property;

**2.** **professional liability claims** or **employee benefits liability claims**.

Further, this exclusion does not apply if insurance for such **bodily injury** or **property damage** is provided by a policy of **underlying insurance**. However, the insurance provided by the Insurer's policy will be no broader than the insurance coverage provided by such **underlying insurance**.

**S.  Fungi and Microbes**

**1.** **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services**), **property damage** or **personal and advertising injury** arising out of any actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of any **fungi** or **microbes**;

Form No: CNA72888XX (01-2016)
Policy Page: 8 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 21 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

2.  any loss, cost or expense arising out of or relating to the testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of **fungi** or **microbes** by any **Insured** or by anyone else; or

3.  **property damage** caused by water where there also exists any **property damage** arising out of or relating to, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or growth or presence of any **fungi** or **microbes**.

This exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to such injury or damage, loss, cost or expense.

This exclusion does not apply where the **Insured Entity's** business includes food processing, sales, or serving, and the **bodily injury** is caused solely by food poisoning in connection with such processing, sales, or serving;

**T.   Liquor Liability**

any **claim** based upon or arising out of any actual or alleged **bodily injury** or **property damage** for which any **Insured** may be held liable by reason of:

1.  causing or contributing to the intoxication of any person;

2.  the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

3.  any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if the **Insured Entity** is in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. Further, this exclusion does not apply if insurance for such **bodily injury** or **property damage** is provided by a policy of **underlying insurance**. However the insurance provided by the Insurer's policy will be no broader than the insurance coverage provided by the policy of **underlying insurance**.

**U.   Medicare or Medicaid**

any **professional liability claim** based upon or arising out of any actual or alleged fraud or abuse with respect to Medicare, Medicaid, Tricare or any similar federal, state or local governmental program.

**V.   Mobile Equipment**

**bodily injury** or **property damage** arising out of any actual or alleged:

1.  transportation of **mobile equipment** by an **auto** owned or operated by or rented or loaned to any **Insured**; or

2.  use of **mobile equipment** in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity;

This exclusion does not apply if insurance for such **bodily injury** or **personal and advertising injury** is provided by a policy of **underlying insurance**. However, the insurance provided by the Insurer's policy will be no broader than the insurance coverage provided by such **underlying insurance**.

**W.   Nuclear Energy Liability**

any **claim** based upon or arising out of any actual or alleged **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services**) or **property damage**:

1.  with respect to which an **Insured** under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an **Insured** under any such policy but for its termination upon exhaustion of its Limit of Insurance;

Form No: CNA72888XX (01-2016)
Policy Page: 9 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 22 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**2.** resulting from the **hazardous properties** of **nuclear material** and with respect to which:

   **a.** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or

   **b.** the **Insured** is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization; or

**3.** resulting from **hazardous properties** of **nuclear material**, if:

   **a.** the **nuclear material**:

      **i.** is at any **nuclear facility** owned by, or operated by or on behalf of, an **Insured** or

      **ii.** has been discharged or dispersed therefrom;

   **b.** the **nuclear material** is contained in **spent fuel** or **nuclear waste** at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an **Insured**; or

   **c.** the **bodily injury** or **property damage** arises out of the furnishing by an **Insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility**, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion applies only to **property damage** to such **nuclear facility** and any property thereat.

   As used in this exclusion, **property damage** includes all forms of radioactive contamination of property.

**X.  Personal and Advertising Injury**

   any **claim**:

**1.** alleging **bodily injury** based upon or arising out of **personal and advertising injury** except to the extent such **bodily injury** is covered under the **underlying insurance**.

**2.** alleging **personal and advertising injury**:

   **a. Breach of Contract**

      based upon or arising out of any actual or alleged breach of contract, except an implied contract to use another's advertising idea in the **Insured Entity's** advertisement.

   **b. Electronic Chat Rooms or Bulletin Boards**

      based upon or arising out of an electronic chat room or bulletin board the **Insured** hosts, owns, or over which the **Insured** exercises control.

   **c. Infringement of Copyright, Patent, Trademark or Trade Secret**

      based upon or arising out of any actual or alleged infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in the **Insured Entity's advertisement**.

      However, this exclusion does not apply to infringement of copyright, trade dress or slogan in the **Insured Entity's advertisement**.

   **d. Insureds in Media and Internet Type Businesses**

      committed by an **Insured** whose business is:

      **i.** advertising, broadcasting, publishing or telecasting;

Form No: CNA72888XX (01-2016)
Policy Page: 10 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 23 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

    **ii.** designing or determining content or web-sites for others; or

    **iii.** an Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraph **B.** of **personal and advertising injury** as set forth in the section entitled **DEFINITIONS**.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for the **Insured Entity** or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

  **e. Knowing Violation of Rights of Another**

    caused by or at the direction of the **Insured** if the **Insured** knew or should have known that the act would cause **personal and advertising injury**.

  **f. Material Published with Knowledge of Falsity**

    based upon or arising out of actual or alleged oral or written publication of material, if the **Insured** knew or should have known the material was false.

  **g. Quality or Performance of Goods - Failure to Conform to Statements**

    based upon or arising out of any actual or alleged failure of goods, products or services to conform to any statement of quality or performance made in the **Insured Entity's advertisement**.

  **h. Unauthorized Use of Another's Name or Product**

    based upon or arising out of any actual or alleged unauthorized use of another's name or product in the **Insured Entity's** e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

  **i. Wrong Description of Prices**

    based upon or arising out of any actual or alleged wrong description of the price of goods, products or services stated in the **Insured Entity's advertisement**.

**Y. Pollution**

any **claim** based on or arising out of:

**1.** **bodily injury (**other than covered **bodily injury** arising out of the rendering of **professional services**) or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants**:

  **a.** at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any **Insured**. However, this subparagraph does not apply to:

    **i.** **bodily injury** if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

    **ii.** **bodily injury** or **property damage** for which an additional insured may be held liable if such additional insured is a contractor and the owner or lessee of such premises, site or location and has been added to the **Insured Entity's** policy as an additional insured with respect to the **Insured Entity's** ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not or never was owned or occupied by, or rented or loaned to, any **Insured**, other than that additional insured;

  **b.** at or from any premises, site or location which is or was at any time used by or for any **Insured** or others for the handling, storage, disposal, processing or treatment of waste;

Form No: CNA72888XX (01-2016)
Policy Page: 11 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 24 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

    **c.** which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any **Insured** or any person or organization for whom the **Insured Entity** may be legally responsible; or

    **d.** at or from any premises, site or location on which any **Insured** or any contractors or subcontractors working directly or indirectly on any **Insured's** behalf are performing operations:

        **i.** If the **pollutants** are brought on or to the premises, site or location in connection with such operations by such **Insured**, contractor or subcontractor; or

        **ii.** If the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **pollutants**.

    **e.** that are, or that are contained in property that is:

        **i.** being transported or towed by, or handled for movement into, onto or from a covered **auto**;

        **ii.** otherwise in the course of transit;

        **iii.** being stored, disposed of, treated or processed in or upon the covered **auto**;

    **f.** before the **pollutants** or property in which the **pollutants** are contained are moved from the place where they are accepted by the **Insured** for movement into or onto the covered **auto**; or

    **g.** after the **pollutants** or property in which the **pollutants** are contained are moved from the covered **auto** to the place where they are finally:

        **i.** delivered;

        **ii.** disposed of; or

        **iii.** abandoned

    by the insured.

Subparagraphs **a.** and **d. i.** do not apply to **bodily injury** or **property damage** arising out of heat, smoke or fumes from a **hostile fire**.

As used in this exclusion, a **hostile fire** means one which becomes uncontrollable or breaks out from where it was intended to be.

Subparagraph **d. i.** does not apply to **bodily injury** or **property damage** arising out of the escape of fuels, lubricants, or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for operation of **mobile equipment** or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the **bodily injury** or **property damage** arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such **Insured**, contractor or subcontractor.

Subparagraph **e. iii.** does not apply to fuels, lubricants, fluids, exhaust, gases or other similar **pollutants** that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered **auto** or its parts if the **pollutants** escape or are discharged, dispersed or released directly from an **auto** part designed by its manufacturer to hold, store, receive or dispose of such **pollutants**.

Subparagraphs **f.** and **g.** do not apply if the **pollutants** or property in which the **pollutants** are contained are upset, overturned or damaged as a result of the maintenance or use of a covered **auto** and the discharge, dispersal, release or escape of the **pollutants** is caused directly by such upset, overturn or damage.

Form No: CNA72888XX (01-2016)
Policy Page: 12 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 25 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
*Policy*

2. **personal and advertising injury** arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at any time.

3. Any loss, cost or expense arising out of any:

   a. request, demand or order that any **Insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of **pollutants**; or

   b. **claim** by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of **pollutants**;

**Z. Recall Of Products, Work or Impaired Property**

any **claim** based on or arising out of any actual or alleged loss, cost or expense incurred by the **Insured Entity** or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of **insured product**, **insured work** or **impaired property**, if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**AA. Respirable Dust and Silica**

any **claim** based on or arising out of actual or alleged:

1. **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services**), **property damage** or **personal and advertising injury** arising out of any actual, alleged or threatened respiration, ingestion or presence of or exposure at any time to respirable dust or **silica**; or

2. any loss, cost or expense that may be awarded or incurred:

   a. by reason of a **claim** for any such **injury** or damage; or

   b. in complying with a governmental direction or request to test for, monitor, clean up, remove, contain or dispose of respirable dust or **silica**.

**BB. Uninsured/Underinsured Motorists**

any **claim** based upon or arising out of any actual or alleged obligations under an uninsured/underinsured motorist law, a personal injury protection law, a reparations benefit law or other similar law.

**CC. War**

any **claim** based upon or arising out of any actual or alleged:

1. war, including undeclared or civil war;

2. warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

3. insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

However, this exclusion does not apply to damage by fire to premises while rented to the **Insured Entity** or temporarily occupied by the **Insured Entity** with permission of the owner.

**DD. Workers' Compensation and Similar Laws**

any **claim** based upon or arising out of any actual or alleged obligation of any **Insured** under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

Form No: CNA72888XX (01-2016)
Policy Page: 13 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 26 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
*Policy*

**LIMITS OF INSURANCE**

**A. Defense costs**

All **defense costs** that the Insurer pays as set forth in the section entitled **LIMITS OF INSURANCE** are included within and erode the Limits of Insurance.

**B.** Multiple **Insureds**, **claims**, claimants

The Limits of Insurance shown in the Declarations and the rules below fix the most the Insurer will pay regardless of the number of:

    **1. Insureds**;

    **2. claims** made or brought against the **Insured**;

    **3.** persons or organizations making **claims** or bringing **claims**;

    **4.** coverages under this policy.

**C. Aggregate Limit**

The Limit of Insurance shown in the Declarations as the Aggregate limit is the most that the Insurer will pay as **damages** for all **claims** to which this insurance applies except for **claims** covered by any auto liability policy listed in the Schedule of **underlying insurance** where the Limits of Insurance of such auto liability policy are unaggregated.

**D. Each Claim Limit**

Subject to **C.** above, the Limit of Insurance shown in the Declarations as the Each **claim** limit is the most the Insurer will pay for the sum of all **damages** to which this insurance applies arising out of any one **claim.**

**E. Limits applicable to Specific Types of Claims**

If any loss covered under any **underlying insurance** or any **unscheduled underlying insurance** is subject to a sublimit (whether or not such sublimit erodes the limits generally available to all **claims**), then this policy provides no coverage in excess of such **underlying insurance** limits. However, the **applicable underlying limits** shall be deemed depleted by payment of any such sublimits.

**F. Related Claims/Related Offenses**

With respect to any coverage under this policy that is on a claims-made basis, all **related claims**, whenever made, shall be considered a single **claim** first made during the **policy period** in which the earliest **claim** was first made.

With respect to any coverage under this policy that is on an occurrence basis, in determining the limit available for any **claim** arising out of **personal and advertising Injury** all **related offenses** shall be deemed to be one offense that was first committed on the date of the first utterance or dissemination or, if there is no dissemination or utterance, on the first date of the activity giving rise to a **claim.**

**G. Exhaustion of applicable underlying limit**

In the event of exhaustion of an **applicable underlying limit** under the **underlying insurance** or any **unscheduled underlying insurance** solely by reason of payments of a combination of covered expenses, settlements or judgments paid thereunder, this policy shall, subject to this limit of liability provision and to the remaining terms and provisions and conditions of this policy apply in place of such exhausted **applicable underlying limit**. Any payment made by the **underlying insurer** prior to the effective date of this policy will not be recognized by the Insurer as eroding any **applicable underlying limit.**

**H.** The limits of this policy shall apply separately to:

    **1.** each consecutive **policy period**; and

Form No: CNA72888XX (01-2016)
Policy Page: 14 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 27 of 58

© Copyright CNA All Rights Reserved.



2. remaining periods of less than 12 months;

starting with the beginning of the **policy period** shown in the Declarations, unless the **policy period** is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

Nothing herein shall serve to increase the Limits of Insurance shown in the Declarations.

## <u>CONDITIONS</u>

### A. Appeals

If the **Insured Entity** or its **underlying insurers** elect not to appeal a judgment in excess of the Limits of Insurance afforded by the **underlying insurance** the Insurer may elect to appeal. The Insurer's limit of liability shall not be increased because of such appeal. The Insurer will, however, pay the following costs and expenses:

1. All premium bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy;

2. All premiums on appeal bonds required in such defended **claims**, but without obligation to apply for or furnish such bonds;

3. Court fees;

4. Costs and expenses taxed against the **Insured Entity** by the appellate court and interest accruing after entry of a judgment against the **Insured Entity** and before the Insurer has paid, offered to pay, or deposited in court the part of the judgment that is within the applicable Limit of Insurance. Where the **underlying insurers** terminate their liability to pay interest on the judgment by an offer to pay their limits, the **Insured Entity** shall demand that such limits be paid. If the appeal is successful, such amounts not obligated to be paid shall be returned to such **underlying insurer**.

### B. Cancellation and Nonrenewal

The Cancellation/Nonrenewal provisions are as set forth in the Cancellation/Nonrenewal Endorsement attached to this policy.

### C. Changes to the Policy

Notice to any of the Insurer's agents or knowledge possessed by any such agent or any other person shall not act as a waiver or change in any part of this policy, nor will such notice prevent the Insurer from asserting any rights under the provisions of this policy. None of the provisions of this policy will be waived, changed or modified except by written endorsement issued to form a part of this policy.

### D. Changes to the Business, Acquisitions and Mergers

1. The **Named Insured** must provide prior notice to the Insurer of the following events:

    a. material or significant changes to the type or volume of the **professional services** or **employee benefits program services** reported to the Insurer in the application, unless such change is due to the acquisition or formation of a new **subsidiary**, in which case, the section entitled **CONDITIONS**, the paragraph entitled **NEW AND EXISTING SUBSIDIARIES/CESSATION OF SUBSIDIARY STATUS**, paragraph **A.** will control.

    b. the **Named Insured's** merger with another entity; or

    c. the acquisition of all or substantially all of the **Named Insured's** assets by another entity;

2. Upon receipt of such notice, the Insurer may:

    a. adjust the premium to reflect the added exposure; or

Form No: CNA72888XX (01-2016)
Policy Page: 15 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 28 of 58

© Copyright CNA All Rights Reserved.



    **b.** solely with respect to items set forth in paragraphs **1. b.** and **c.** above, deem this policy to have ceased with respect to **claims** made against the **Insured** based on any act, error or omission in the rendering of **professional services, employee benefits program services,** or any **occurrence** or offense committed or allegedly committed on or subsequent to the time and date of said event. In such case, the **policy period** shall remain unaltered and coverage will continue but only with respect to any act, error or omission in the rendering of **professional services, employee benefits program services** or any **occurrence** or offense committed or allegedly committed prior to the time and date of any such event, and in accordance with all other terms and conditions of this policy.

**E.  Concealment, Misrepresentation and Fraud**

No concealment, misrepresentation or fraud shall avoid or defeat recovery under this policy unless such concealment, misrepresentation or fraud was material. Concealment, misrepresentation or fraud in the procurement of this policy which if known by the Insurer would have led to refusal by the Insurer to make this contract or provide coverage, or to make this contract or provide coverage on different terms or conditions, will be deemed material.

**F.  Duties of the First Named Insured on the Declarations**

The **First Named Insured**, on behalf of all others, will be:

**1.**  authorized to make changes in the terms of this policy with the consent of the Insurer;

**2.**  the payee of any premiums the Insurer refunds;

**3.**  responsible for:

    **a.**  remitting the payment of all premiums due, but all of the **Insured Entities** jointly and severally agree to make such payments in full if the **First Named Insured** fails to pay the amount due within 30 days after the Insurer give written notice or demand;

    **b.**  keeping records of the information the Insurer requires for premium computation, and sending copies of such records at such times as requested by the Insurer;

    **c.**  notifying the Insurer that the **First Named Insured** on behalf of all others wants to cancel this policy;

    **d.**  providing any notice required under this policy.

**G.  Economic and Trade Sanctions**

This Policy does not provide coverage for an **Insured**, transaction or that part of loss that is uninsurable under the laws or regulations of the United States concerning trade or economic sanctions.

**H.  Entire Contract**

By acceptance of this policy, the **Insureds** agree that this policy, including all endorsements to this policy, constitute the entire contract existing between the parties relating to this insurance.

**I.  Estates, Legal Representatives and Spouses**

The estates, heirs, legal representatives, assigns, spouses and any domestic partner of a natural person **Insured** shall also be insured under this policy; provided, however, coverage is afforded to such estates, heirs, legal representatives, assigns, spouses or **domestic partners** only for claims arising solely out of their status as such and, in the case of a spouse or domestic partner, where such **claim** seeks damages from marital community property, jointly held property or property transferred from such **Insured** to such spouse or **domestic partner**. No coverage is provided for any act, error or omission of an estate, heir, legal representative, assign, spouse or **domestic partner**.

Form No: CNA72888XX (01-2016)
Policy Page: 16 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 29 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**J.  Examination of the Named Insured's Books and Records**

The Insurer may examine and audit the **Named Insured's** books and records as they relate to this policy at any time during the policy period and up to 3 years afterward.

**K.  Financial Impairment**

Bankruptcy, rehabilitation, receivership, liquidation or other financial impairment of the **Insured Entity** or an **underlying insurer** shall neither relieve nor increase any of the Insurer's obligations under this policy.

In the event there is diminished recovery or no recovery available to the **Insured Entity** as a result of its financial impairment, where the **underlying insurance** is a **self-insured retention**, or financial impairment of an **underlying insurer**, the coverage under this policy shall apply only in excess of such **self-insured retention** or the limits of insurance stated in the **underlying insurance**. Under no circumstances shall the Insurer be required to drop down and replace the **self-insured retention** or such limits of insurance, or assume the obligations of the **Insured Entity** or the financially impaired insurer.

**L.  Government Access to Records**

In accordance with the requirements of Section 952 of the Omnibus Reconciliation Act of 1980, and upon written request, the Insurer will allow the Secretary of Health and Human Services and the Comptroller General access to the policy and necessary books, documents and records to verify the cost of the policy, to the extent required by law. Access will also be allowed to subcontracts between the Insurer and any its related organization and to such organization's books, documents and records. Such access will be provided up to four (4) years after the services furnished under this policy end.

**M.  Headings**

The description in the headings and subheadings of this policy is solely for convenience, and forms no part of the terms and conditions of coverage.

**N.  Inspections and Surveys**

The Insurer has the right but is not obligated to:

**1.**  make inspections and surveys at any time;

**2.**  give the **Named Insured** reports on the conditions it finds;

**3.**  recommend changes; or

**4.**  conduct loss control and prevention activity.

Any inspections, surveys, reports, or recommendations relate only to insurability and the premiums to be charged.

The Insurer does not:

**a.**  make safety inspections;

**b.**  undertake to perform the duty of any entity to provide for the health or safety of workers or the public; nor

**c.**  warrant that conditions are safe or healthful or comply with laws, regulations, codes or standards.

This provision applies not only to the Insurer, but also to any rating, advisory, rate service, or similar organization which makes insurance inspections, surveys, recommendations, reports, or gives loss control or prevention advice, on its behalf.

**O.  Legal Action Limitation**

No **Insured** may bring any legal action against the Insurer concerning this policy until:

Form No: CNA72888XX (01-2016)
Policy Page: 17 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 30 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
*Policy*

1. the **Insured** has fully complied with all the provisions of this policy; and

2. the amount of the **Insured's** obligation to pay has been decided. Such amount can be set by judgment against the **Insured** after actual trial or **arbitration proceeding** or by written agreement between the **Insured**, the claimant and the Insurer.

Any claimant, or its legal representative, is entitled to recover under this policy after it has secured a judgment or written agreement. Recovery is limited to the extent of the insurance afforded by this policy. No claimant has any right under this policy to include the Insurer in any action against the **Insured** to determine the **Insured's** liability, nor will the **Insured** or the **Insured's** representative bring the Insurer into such an action. If the **Insured** or the **Insured's** estate becomes bankrupt or insolvent, it does not change any of the Insurer's obligations under this policy.

**P. Maintenance of underlying insurance**

While this policy is in force the **Insured Entity** agrees that the **underlying insurance** and renewals and replacements thereof shall be maintained, without alterations of terms or conditions, in full effect during the term of this policy; except for reduction or exhaustion of the Limits of Insurance in the **underlying insurance**, provided that such reduction or exhaustion is solely the result of **incidents** which take place on or after the Retroactive Date, where such **underlying insurance** is written on a claims-made basis, or **incidents** which take place during this **policy period**, where such **underlying insurance** is written on an occurrence basis. If the **Insured Entity** fails to maintain **underlying insurance**, this condition shall not invalidate this policy. However, in the event of such failure, the Insurer will only be liable to the same extent as if such **underlying insurance** was in full force and effect without alteration of its terms and conditions.

**Q. New and Existing Subsidiaries/Cessation of Subsidiaries**

1. **Newly Acquired and Newly Formed Subsidiaries**

   If, after the effective date of this policy any **Insured Entity** first has **management control** of any newly acquired or newly formed entity, such entity (and any subsidiaries, directors, officers, trustees or employees of such entity who otherwise would thereby become an **Insured**), shall be covered under this policy in conformance with all terms and conditions of this policy and with respect to such newly acquired or newly formed entity, subject to the following:

   a. where coverage is provided on a claims-made basis, both the **occurrence**, act error or omission or offense giving rise to the claim and the claim itself is made on or after the effective date of **management control** and within 90 days of such effective date, or on the termination of this policy, whichever is earlier; and

   b. where coverage is written on an occurrence basis, the **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services**) or **property damage**, or offense giving rise to **personal and advertising injury**, occurred on or after the effective date of **management control** and within 90 days of such effective date, or on or before the termination of this policy, whichever is earlier.

   Notwithstanding the above, if the Insurer agrees to provide coverage to such newly acquired or newly formed entity, such entity will be listed in a **Subsidiary** Endorsement and coverage for such **subsidiary** will then apply in conformance with the provisions of such **Subsidiary** Endorsement.

2. **Underwritten Subsidiaries**

   Except with respect to coverage provided to newly acquired or newly formed **subsidiaries** under paragraph **1.** above, coverage for any **subsidiary** or any natural person **executive** or **employee** of any such **subsidiary** applies in conformance with all terms and conditions of this policy and, with respect to any such **subsidiary** and its **executives** or **employees** coverage is also subject to the following:

Form No: CNA72888XX (01-2016)
Policy Page: 18 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 31 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

   **a.** where coverage is written on a Claims-Made basis,

      **i.** the **claim** is both first made during the **policy period** and on or after the effective date of **management control**, and

      **ii.** the **claim** is based on or arises out of any **occurrence**, act, error or omission or offense that occurred:

         **(a)** on or after the date an **Insured Entity** first had **management control** of any such **subsidiary**; or

         **(b)** on or after the date such **subsidiary** became continuously insured without interruption under any applicable claims made policy which date is indicated on a Schedule of **Subsidiary** Retroactive Dates submitted annually or as requested by the Insurer.

      whichever is earlier, unless such **subsidiary** is listed in the **Subsidiary Endorsement** and a retroactive date is specified for such **subsidiary** in such endorsement.

   **b.** where coverage is written on an occurrence basis, the **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services**) or **property damage** or offense giving rise to **personal and advertising injury** occurred on or after the effective date of **management control**.

**3. Cessation of Subsidiary**

On the date when **management control** ceases (the "termination date"), subject to all other terms and conditions of this policy, coverage applies only to:

   **a.** with respect to claims made coverage, acts, error or omissions, or **occurrences**, or offenses causing **personal and advertising injury** that happened on or after the Retroactive Date, if any, or if none, on or after the effective date of this policy, and prior to the termination date;

   **b.** with respect to occurrence coverage, acts, errors or omission, or **bodily injury**, **property damage**, or an offense causing **personal and advertising injury** that happened within the **policy period** and prior to the termination date.

**R. Notice of Claims and Potential Claims**

If any **underlying insurance** (other than a **self-insured retention**) is a policy issued by the Insurer or any affiliate of ours, then notice of any **claim** under such **underlying insurance** is notice to the Insurer.

Except as provided in the above paragraph, it is a condition precedent to coverage under this policy that:

**1.** whenever:

   **a.** any applicable **underlying insurance** or any **unscheduled underlying insurance** is exhausted; or

   **b.** any **authorized insured** obtains information that the obligation of **underlying insurers** to investigate, defend, pay on behalf of; or indemnify the **Insured Entity** has ceased;

   then written notice of any **claim** or **potential claim** shall be given by or for the **Insured Entity** to the Insurer or to the Insurer's authorized agent as soon as possible but no later than as specified in paragraph **3.** below;

**2.** whenever any **authorized insured** has information of a **claim** or **potential claim** that involves:

   **a.** a demand, reserve or monetary exposure (including **defense costs**) against the **Insured Entity** which exceeds 50% of any remaining **applicable underlying limit**;

   **b.** any **underlying insurance** reserve or monetary exposure exceeding $500,000;

   **c.** the following:

Form No: CNA72888XX (01-2016)
Policy Page: 19 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 32 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

    **i.**    brain damage, including but not limited to any neurological impairment of infants or adults and coma;

    **ii.**   spinal cord injury, including but not limited to paraplegia or quadriplegia;

    **iii.**  loss of any organ; or

    **iv.**  severe disfigurement, including but not limited to burns and amputations,

then written notice of any such **claim** or such **potential claim** shall be given by or for the **Insured Entity** to the Insurer or to the Insurer's authorized agent as soon as possible but no later than as specified in paragraph **3.** below. In addition, whenever any **authorized insured** has information of a death that has resulted in a **claim** or a **potential claim**, then written notice of any such **claim** or such **potential claim** shall be given by or for the **Insured Entity** to the Insurer or to the Insurer's authorized agent as soon as possible as specified in paragraph **3.** below.

**3.** Any required notice as specified in paragraphs **1.** or **2.** above must be given as soon as possible, and within the following timeframes:

    **a.**   with respect to a **claim,** within 30 days after the end of the **coverage relationship**;

    **b.**   with respect to a **potential claim,** during the **coverage relationship,**

and shall contain

    **i.**    particular information sufficient to identify the **Insured**;

    **ii.**   such information as can be reasonably obtained with respect to date, time, place, persons involved and circumstances of such **claim** or **potential claim**;

    **iii.**  in the event of a **potential claim**, its reason for believing that a **claim** might be made;

    **iv.**  the identity of anticipated or possible claimants; and

    **v.**   the nature of the potential monetary amounts or non-monetary relief which may be sought in consequence of such specific act, error or omission, **bodily injury** or **property damage**.

**4.** Except with respect to those **claims** or **potential claims** that must be reported to the Insurer under paragraphs **1.** or **2.** above, the **Insured Entity** must give the Insurer a loss run, in a format and with detailed information specified by the Insurer, on a quarterly basis, showing each individual **claim**, or **potential claim** by **policy period**. If the information on such loss run is not within the scope of the situations set forth in paragraphs **1.** or **2.** above, then the Insurer will consider the loss run information to be a notice of a **claim** or **potential claim**, provided such information is provided in the loss run format specified by the Insurer. Upon nonrenewal or cancellation of this policy, the **First Named Insured** must submit a final loss run within 30 days of such termination.

All loss runs shall be submitted to the Insurer at the address set forth in the Declarations.

Information provided in such loss run will not constitute notice of a **claim** or **potential claim** in those situations described in paragraphs **1.** or **2.** above unless the **Insured Entity** complies with paragraph **3.** above.

**5.** If the **Insured Entity** reports a **potential claim** as specified in paragraphs **1., 2.,** or **4.** above, then any **claim** that may subsequently be made against the **Insured Entity** arising out of such **potential claim** shall be deemed to have been made on the date the Insurer received such written notice of the **potential claim**. Until the date a **claim** is made that arises out of such reported **potential claim** the Insurer will pay for all costs or expenses that it incurs, at its sole discretion, as a result of investigating such **potential claim**; and

Form No: CNA72888XX (01-2016)                                         Policy No: HMU 1064389726
Policy Page: 20 of 34                                             Policy Effective Date: 07/01/2018
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606      Policy Page: 33 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

    6.   the **Insured Entity** will:

        **a.**   cooperate with the Insurer in addressing all **claims** and **potential claims** required to be reported to the Insurer in accordance with this paragraph **C. Notice of Claims and Potential Claims**, and refuse, except solely at its own cost, to voluntarily, without the Insurer's approval, make any payment, admit liability, assume any obligation or incur any expense related thereto.

        **b.**   allow the Insurer to examine and audit the **Insured Entity's** claim handling procedures and any individual **claims** at any time until all **claims** are closed.

**S. Notices**

Any notices required to be given by an **Insured** shall be submitted in writing to the Insurer at the address set forth in the Declarations.

**T. Other Insurance**

This insurance is excess over and will not contribute with any other insurance available to the **Insured** whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise. This condition does not apply to insurance purchased specifically to apply in excess of this insurance.

**U. Premium**

All premium charges under this policy will be computed according to the Insurer's rules and rating plans that apply at the inception of the current **policy period**. Premium charges may be paid to the Insurer or its authorized representative.

The Insurer computes the premium for this policy using information available prior to the effective date of the policy. On some policies, the Insurer charges a fixed amount with no adjustment later. On auditable policies, all or part of the **Named Insured's** premium may be based on estimates. The deposit premium for auditable policies is shown on an audit endorsement and is due on the inception date of the policy.

On auditable policies, the Insurer computes the **Named Insured's** actual premium when complete information is available after the end of the **policy period**. If it is more than the **Named Insured** has already paid, the **Named Insured** owes the Insurer the difference. If it is less, the Insurer shall pay the **Named Insured** back the difference. However, the **Named Insured** will not pay less than any minimum annual premium agreed upon.

The **Named Insured** must keep accurate records of the information the Insurer requires to compute the **Named Insured's** premium. The **Named Insured** agrees to send the Insurer these records at the end of each **policy period**, or any other time requested by the Insurer.

**V. Severability of Interests**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this policy to the **First Named Insured**, this insurance applies:

    **1.**   as if each **Named Insured** were the only **Named Insured**; and

    **2.**   separately to each **Insured** against whom a **claim** is made.

**W. Territory**

This policy applies to **incidents** (including **incidents** that take place through the Internet or similar electronic means of communication) occurring anywhere in the world, provided that the **claim** is made and any legal proceedings are pursued within the United States of America, its territories, possessions, or commonwealths, Puerto Rico or Canada.

**X. Transfer of Interest**

Assignment of interest under this policy shall not bind the Insurer unless its consent is endorsed hereon.

Form No: CNA72888XX (01-2016)                     Policy No: HMU 1064389726
Policy Page: 21 of 34                             Policy Effective Date: 07/01/2018
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606     Policy Page: 34 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**Y. Transfer of Rights of Recovery**

If any **Insured** for whom payment is made by the Insurer under this policy has rights to recover amounts from another, those rights are transferred to the Insurer to the extent of its payment. The **Insured** must do everything necessary to secure the Insurer's rights and must do nothing to prejudice such rights.

## EXTENDED REPORTING PERIOD

Extended reporting periods, as set forth below are applicable solely to the extent the **underlying insurance** or **unscheduled underlying insurance** is written on a claims-made basis. The **Extended Reporting Period** shall apply in conformance with the **underlying insurance** except as otherwise set forth below.

**A. Automatic Extended Reporting Period**

We will provide the **Insured Entity** with an automatic, non-cancelable **extended reporting period** starting at the termination of the **policy period** if the **Insured Entity** has not obtained replacement insurance within sixty (60) days of the termination of this policy. This automatic **extended reporting period** will terminate after sixty (60) days.

**B. Optional Extended Reporting Period**

1. If the **Insured Entity** has the right to purchase, and exercises its right to purchase, an extended reporting period under a **primary policy**, the **Insured Entity** shall have the right to purchase an **extended reporting period**, for an additional premium determined in accordance with the rules, rates and rating plans in effect for the Insurer at the inception of such **extended reporting period** provided the **Insured Entity** has paid the Insurer any amounts owed to it, together with any earned but unpaid premium which may be due under this policy. Such **extended reporting period** shall be for the same term of the extended reporting period purchased under such **primary policy**. However, the Limits of Insurance for all **claims** reported during such **extended reporting period** shall be subject to paragraph **C.** below and shall be excess of the **primary policy** Limits of Insurance.

2. Solely to the extent that this policy is excess of a **self insured retention** and solely to the extent that the **Insured Entity** has not obtained replacement insurance, if the **Insured Entity** writes to the Insurer within 60 days of the termination date telling the Insurer that the **Insured Entity** wants an **extended reporting period** beyond the automatic **extended reporting period**, the **Insured Entity** shall have the right to purchase an **extended reporting period** for an additional premium determined in accordance with the rules, rates and rating plans in effect for the Insurer at the inception of the **Extended Reporting Period** provided the **Insured Entity** has paid the Insurer any amounts owed to it, together with any earned but unpaid premium which may be due under this policy. The Limits of Insurance for all **claims** reported during such **extended reporting period** shall be subject to paragraph **C.** below and shall be excess of the reinstated **self-insured retention** Limits of Insurance. Once paid, the premium for this option is non-refundable and considered fully earned.

**C. Automatic and optional extended reporting periods limits of insurance**

The Insurer's liability for all **claims** reported during the automatic and optional **extended reporting periods** shall be part of and not in addition to the Limits of Insurance for the **policy period** as set forth in the Declarations.

**D.** It is understood and agreed that no **extended reporting period** shall be construed to be a new policy and any **claim** submitted during an **extended reporting period** shall otherwise be governed by this policy.

**E.** The optional **extended reporting period**, if any, will run concurrently with the automatic **extended reporting period**. If purchased, **extended reporting period** coverage may not be cancelled.

**F.** Such **extended reporting periods** as set forth in paragraphs **A.** or **B.** shall not apply to **claims** that are covered under any subsequent insurance, or that would be covered but for exhaustion of the Limit of Insurance applicable to such **claims**.

Form No: CNA72888XX (01-2016)
Policy Page: 22 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 35 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

## DEFINITIONS

**Administrative services** means planning, organizing, directing and controlling, on the **Insured Entity's** behalf, the medical operations of the **Insured Entity** by or on behalf of an **administrator**. **Administrative services** include services as a member of a **formal review board**. **Administrative services** do not include:

**A.** employment benefit plan, program or policy consultation, administration or implementation;

**B.** billing services;

**C.** recording of accounts or monetary transactions, financial reporting and budgeting.

**D.** administration of insurance plans; including **claims**, administration, billing and collection services;

**E.** case management, utilization management or utilization review, performed for others;

**F.** quality assurance and risk management activities, performed for others;

**G.** marketing and advertising activities;

**H.** designing, developing, programming, distributing, installing, licensing, servicing, and maintaining computer hardware and software, including web-based applications, web sites and online services.

**Administrator** means any natural person **executive officer**, superintendent, medical director, any department head (including the head of the medical staff), any **formal review board** member, any staff member, or any stockholder of the **Insured Entity**, but solely to the extent that he or she performs **administrative services** on the **Insured Entity's** behalf.

**Advertisement** means a notice that is broadcast or published to the general public or specific market segments about the **Insured Entity's** goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**A.** notices that are published include material placed on the Internet or on similar electronic means of communication; and

**B.** regarding web-sites, only that part of a web-site that is about the **Insured Entity's** goods, products or services for the purposes of attracting customers or supporters is considered an **advertisement**.

**Arbitration proceeding** means a formal alternative dispute resolution proceeding or administrative hearing to which an **Insured** is required to submit by statute or court rule or to which an **Insured** has submitted with the Insurer's consent.

**Aircraft** means a vehicle designed to transport persons or property in the air.

**Applicable underlying limit** means the total available Limits of Insurance applicable to any **claim** or all **claims** in the aggregate, as stated in the **underlying insurance** or as provided in any **unscheduled underlying insurance**.

**Asbestos** means the mineral in any form whether or not the asbestos was at any time airborne as a fiber, particle or dust, contained in or formed a part of a product, structure or other real or personal property, carried on clothing, inhaled or ingested, or transmitted by any other means.

**Auto** means:

**A.** a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**B.** any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

However, **auto** does not include **mobile equipment**.

Form No: CNA72888XX (01-2016)
Policy Page: 23 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 36 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**Authorized Insured** means any **executive officer**, member of the **Named Insured's** human resources, risk management or in-house general counsel's office, or any **employee** authorized by the **Insured Entity** to give or receive notice of a **claim**.

**Bodily injury** means bodily injury, sickness or disease sustained by a person including death. **Bodily injury** also includes mental injury or mental anguish sustained by a person at any time if such mental injury or mental anguish results as a consequence of such bodily injury, sickness or disease.

**Cafeteria plans** means plans authorized by applicable law to allow **employees** as defined with respect to the **employee benefits program**, to elect to pay for certain benefits with pre-tax dollars.

**Claim** means:

**A.** a civil proceeding in which **damages** because of **injury** to which this insurance applies are alleged, including:

   **1.** an **arbitration proceeding** alleging such **damages**; or

   **2.** any other alternative dispute resolution proceeding in which such **damages** are claimed and to which the **Insured** submits with the Insurer's consent; or

**B.** a written or oral demand for **damages** alleging **injury** to which this insurance applies.

**Coverage relationship** means that period of time that begins on the effective date of the first policy issued by the Insurer to the **First Named Insured** of which this policy is a renewal in a consecutive series of renewals and ends on the cancellation date or nonrenewal date of the last such consecutive renewal policy issued by the Insurer to the **First Named Insured**, where there has been no gap in coverage.

**Damages** means the amount an **Insured** is legally obligated to pay, either through:

**A.** final adjudication of a **claim**; or

**B.** through compromise or settlement of a **claim** with the Insurer's written consent or direction;

because of **incidents** covered by this policy. In addition, **damages** includes the above mentioned sums only after deducting all other recoveries and salvages.

However, **damages** does not include:

**A.** restitution, return or disgorgement of fees, costs and expenses paid or incurred or charged by an **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;

**B.** civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to law, statute, regulation or court rule;

**C.** the multiplied portion of multiplied awards imposed pursuant to any statute or regulation requiring such awards;

**D.** injunctive or declaratory relief;

**E.** any amount that is not insurable under any applicable law; or

**F.** with respect to any **employee benefits program**, any amounts:

   **1.** for benefits to the extent that such benefits are available, with reasonable effort and cooperation of the **Insured**, from the applicable funds accrued or other collectible insurance; or

   **2.** that exceed the limits and restrictions that apply to the payment of benefits in any plan included in such **employee benefits program**; or

**G.** plaintiff's attorney fees associated with any of the above.

Form No: CNA72888XX (01-2016)
Policy Page: 24 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 37 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**Defense costs** mean:

**A.** reasonable and necessary fees, costs and expenses, incurred by the Insurer or consented to by the Insurer and incurred by the **Insured Entity** in the defense or appeal of any covered **claim**, and includes premium for appeal bonds, attachment bonds or similar bonds arising out of a covered judgment. In addition, the Insurer will pay up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which **bodily injury** coverage applies. The Insurer has no obligation to provide such bonds.

**B.** prejudgment interest awarded against an **Insured** on that part of a judgment covered by this policy. However, the Insurer will not pay prejudgment interest which accrues during that period of time after the Insurer offers to pay either:

**1.** the Insurer's Limit of Insurance, or

**2.** that portion of the Insurer's Limit of Insurance which when combined with the limits of **underlying insurance** and **unscheduled underlying insurance** equals the amount of a settlement demand.

**C.** post judgment interest which accrues after entry of judgment, but before the Insurer has paid or offered to pay, or deposited in court that part of the judgment that is within the Limit of Insurance of this policy. The amount of interest the Insurer pays will be in direct proportion to the amount of **damages** the Insurer pays in relation to the total amount of the judgment.

**D.** all reasonable expenses incurred by an **Insured** at the Insurer's request to assist the Insurer in the investigation or defense of the **claim**. This includes the **Insured's** actual loss of earnings up to $750 per day, because of time off from work.

However **defense costs** do not include:

**A.** salaries, wages, fees, overhead or benefit expenses associated with an **Insured Entity's executive officers** or **employees**;

**B.** fees and expenses of independent adjusters engaged by the Insurer or salaries of the Insurer's officials or employees, other than fees and expenses charged by the Insurer's employed attorneys who may be designated to represent an **Insured** with such **Insured's** consent.

**Domestic partner** means any person qualifying as such under any federal, state or local laws or under the **Insured Entity's employee benefits programs**.

**Electronic data** means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**Employee** means:

a person whose work the **Insured Entity** engaged and directed, including students and volunteers. An **employee** includes **temporary workers** and **employees** leased or loaned to the **Insured Entity**. However, solely with respect to **employee benefits program claims**, an **employee** does not include a **temporary worker**. An independent contractor is not an **employee**. Solely with respect to **professional liability claims**, an **employee** does not include interns, residents, physicians, surgeons, dentists, nurse anesthetists, nurse midwives, podiatrists, or chiropractors acting in their capacity as such except to the extent they are rendering **administrative services**, **Good Samaritan services** or **proctoring services**.

**Employee benefits liability claim** means a **claim** arising out of **employee benefits program services** and alleging **employee benefits services injury**.

**Employee benefits program** means a program providing some or all of the following benefits to **employees**, whether provided through a **cafeteria plan** or otherwise:

Form No: CNA72888XX (01-2016)
Policy Page: 25 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 38 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**A.** group life insurance, group accident or health insurance, dental, vision and hearing plans, and flexible spending accounts, provided that no one other than an **employee** may subscribe to such benefits and such benefits are made generally available to those **employees** who satisfy the plan's eligibility requirements;

**B.** profit sharing plans, **employee** savings plans, **employee** stock ownership plans, pension plans and stock subscription plans, provided that no one other than an **employee** may subscribe to such benefits and such benefits are made generally available to all **employees** who are eligible under the plan for such benefits;

**C.** unemployment insurance, social security benefits, workers' compensation and disability benefits; or

**D.** vacation plans, including buy and sell programs; leave of absence programs, including military, maternity, family, and civil leave; tuition assistance plans; transportation and health club subsidies.

**Employee benefits program services** means:

**A.** counseling **employees** including their dependents and beneficiaries, in connection with an **employee benefits program**;

**B.** handling records in connection with an **employee benefits program**; and

**C.** effecting or terminating an **employees'** participation in an **employee benefits program**;

**Employee benefits services injury** means injury, other than **bodily injury**, **property damage** or **personal and advertising injury**, arising out of the rendering of or failure to render **employee benefits program services**.

**Executive officer** means any natural person director, officer, trustee or governor of a corporation, management committee member of a joint venture, partner of any partnership or manager or member of the Board of Managers of a limited liability company. Solely with respect to **professional liability claims**, an **executive officer** does not include interns, residents, physicians, surgeons, dentists, nurse anesthetists, nurse midwives, podiatrists, or chiropractors acting in their capacity as such.

**Extended reporting period** means the period of time after the end of the **policy period** for reporting **claims** to the Insurer that are made against an **Insured** during the applicable **extended reporting period** arising out of **incidents** that took place on or after any applicable Retroactive Date and prior to the end of the **policy period**.

**First Named Insured** means the entity first listed as a **Named Insured** in the Declarations.

**Formal review board** means its official boards or committees formed for the purpose of:

**A.** evaluating the qualifications or performance of its professional staff; or

**B.** evaluating, maintaining and ensuring the quality of **professional services** being provided at its healthcare facility.

**Fungi** means any form of fungus, including but not limited to, yeast, mold, mildew, rust, smut or mushroom, and including any spores, mycotoxins, odors, or any other substances, products, or byproducts produced by, released by, or arising out of the current or past presence of **fungi**. However, **fungi** does not include any fungi intended by the **Insured** for consumption.

**Good Samaritan services** means services provided by a natural person **Insured**:

**A.** in a sudden and unforeseen emergency situation, or

**B.** at the direction of an **Insured Entity**,

for which no remuneration is expected, demanded or received.

**Hazardous properties** means radioactive, toxic or explosive properties.

**Healthcare services** means services performed by an **Insured**, or by someone for whom an **Insured** is liable, to care for or assist the **Insured Entity's** patient. **Healthcare services** include the furnishing of food, beverages, medications or appliances in connection with such services, and the postmortem handling of human bodies.

---

Form No: CNA72888XX (01-2016)
Policy Page: 26 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 39 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**Hostile fire** means one which becomes uncontrollable or breaks out from where it was intended to be.

**Impaired property** means tangible property, other than **insured product** or **insured work** that cannot be used or is less useful because:

**A.** it incorporates **insured product** or **insured work** that is known or thought to be defective, deficient, inadequate or dangerous; or

**B.** the **Insured Entity** has failed to fulfill the terms of a contract or agreement,

if such property can be restored to use by the repair, replacement, adjustment or removal of **insured product** or **insured work**; or the **Insured Entity's** fulfilling the terms of the contract or agreement.

**Incident**

**A.** With respect to **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services**) and **property damage**, **incident** means an **occurrence**.

**B.** With respect to **personal and advertising injury**, **incident** means an offense arising out of its business.

**C.** With respect to **professional services injury**, **incident** means an act, error or omission in the performance of **professional services**.

**D.** With respect to **employee benefits services injury**, **incident** means an act, error or omission in the performance of **employee benefits program services**.

**Injury** means **bodily injury, property damage**, **personal and advertising injury**, **professional services injury** or **employee benefits services injury**.

**Insured** means the **Insured Entity** and:

**A.** the **Insured Entity's executive officer**, but only with respect to the conduct of its business. Its stockholders are also **Insureds**, but only with respect to their liability as stockholders.

**B.** the **Insured Entity's employee** (other than any **executive officer**) but only for acts within the scope of their employment by the **Insured Entity**. However, none of these **employees** are **Insureds** for:

**1.** **bodily injury** (other than covered **bodily injury** arising out of the rendering of **professional services**) or **personal and advertising injury**:

**a.** to the **Insured Entity**, to the **Insured Entity's executive officers**, to a co-**employee** while in the course of his or her employment;

**b.** to the spouse, child, parent, brother or sister of that co-**employee** as a consequence of paragraph **1.a.** above;

**c.** for which there is any obligation to share **damages** with or repay someone else who must pay **damages** because of the injury described in Paragraph **1. a.** and **b**. above.

**2.** **property damage** to property:

**a.** owned, occupied or used by;

**b.** rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by;

the **Insured Entity**, any of the **Insured Entity's employees** or any **executive officer**.

**C.** the **Insured Entity's administrator**.

However, solely with respect to **professional liability claims**:

Form No: CNA72888XX (01-2016)
Policy Page: 27 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 40 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
*Policy*

1. any individuals identified in paragraphs **A.** and **B.** above are **Insureds** only for **healthcare services, Good Samaritan services**, **proctoring services** or **employee benefits program services** performed by them on the **Insured Entity's** behalf; or

2. any individuals identified in paragraph **C.** above are **Insureds** only for **administrative services** performed on the **Insured Entity's** behalf by such individual in his or her capacity as an **administrator**;

**D.** any other persons or organizations included as an insured under the provisions of **underlying insurance** and then only for the same coverage, except for limits of insurance, afforded under such **underlying insurance**.

**E.** any person or organization to whom or to which the **Insured Entity** is obligated by virtue of a written contract or agreement:

    **a.** to add to this policy as an additional insured for its liability; or

    **b.** to hold harmless or indemnify such person or organization,

but such person or organization is an **Insured** exclusively for the vicarious liability imposed upon such person or organization;

    **i.** with respect to any **professional liability claim**, because of acts, errors or omissions in the rendering of covered **professional services** by the **Insured Entity**; or

    **ii.** with respect to **bodily injury** or **property damage** arising out of an **occurrence**, or **personal and advertising injury** arising out of an offense because of acts or omissions committed by the **Insured Entity**,

However, this coverage does not apply:

    **i.** unless the written contract or agreement has been executed prior to the act, error or omission in the rendering of **professional services**, or prior to the **bodily injury** or **property damage** arising out of the **occurrence** or prior to the offense causing **personal and advertising injury** upon which the **claim** is based. The contract or agreement will be considered executed when the **Insured's** performance begins, or when it is signed, whichever happens first; or

    **ii.** to any person or organization for its liability arising out if its own acts, errors or omissions.

Further, where required by such written contract or agreement, coverage for such person or organization shall be primary and non-contributory as respects any other insurance policy issued to such additional insured. Otherwise, the section entitled **CONDITIONS**, the paragraph entitled **Other Insurance** applies. This insurance applies only to the extent of the Limits of Insurance required by such contract, not to exceed the Limits of Insurance in this policy.

**Insured contract** means:

**A.** a contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to the **Insured Entity** or temporarily occupied by the **Insured Entity** with permission of the owner is not an **insured contract**;

**B.** a sidetrack agreement;

**C.** an easement of license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**D.** an indemnification of a municipality as required by ordinance, except in connection with work for a municipality;

**E.** an elevator maintenance agreement; or

Form No: CNA72888XX (01-2016)
Policy Page: 28 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 41 of 58

© Copyright CNA All Rights Reserved.



**F.** the part of other contracts or agreements pertaining to its business (including an indemnification of a municipality in connection with work performed for a municipality) under which the **Insured Entity** assume the tort liability of another to pay damages because of **injury** to a third person or organization, if the contracts or agreements are made prior to the **injury**. "Tort liability" means liability that would be imposed by law in the absence of contracts or agreements.

However, **insured contract** does not include that part of a contract or agreement:

**1.** that indemnifies a railroad for **bodily injury** or **property damage** arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

**2.** that indemnifies an architect, engineer or surveyor for an **bodily injury** or **property damage** arising out of:

    **a.** preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, change orders, designs, or specifications; or

    **b.** giving directions or instructions, or failing to give them, if that is the primary cause of the **bodily injury** or **property damage**;

**3.** under which an **Insured**, if an architect, engineer or surveyor, assumes liability for **bodily injury** or **property damage** arising out of such **Insured's** rendering or failure to render professional services, including those listed in **2.a.** above and supervisory, inspection or engineering services.

**Insured Entity** means the natural person or entity **Named Insured** and any **subsidiary**.

**Insured product** means:

**A.** any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by the **Insured Entity**, others trading under its name or a person or organization whose business or assets the **Insured Entity** have acquired; and

**B.** containers (other than vehicles), materials parts or equipment furnished in connection with such goods or products.

**C.** warranties or representations made with respect to the fitness, quality, durability, performance or use of such goods, products or containers and the providing of or failure to provide warnings or instructions.

However, **insured product** does not include vending machines or other property rented to or located for the use of others but not sold.

**Insured work** means:

**A.** work or operations performed by the **Insured Entity** or on its behalf; and

**B.** materials, parts or equipment furnished in connection with such work or operations.

**C.** warranties or representations made with respect to the fitness, quality, durability, performance or use of such work, operations, materials, parts and equipment and the providing of or failure to provide warnings or instructions.

**Loading or unloading** means the handling of property:

**A.** after it is moved from the place where it is accepted for movement into or onto an **aircraft**, **watercraft** or **auto**;

**B.** while it is in or on an **aircraft**, **watercraft** or **auto**; or

**C.** while it is being moved from an **aircraft**, **watercraft** or **auto** to the place where it is finally delivered.

However, **loading or unloading** does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the **aircraft**, **watercraft** or **auto**.

Form No: CNA72888XX (01-2016)
Policy Page: 29 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 42 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

**Management control** means:

**A.** owning interests representing more than 50% of the voting, appointment or designation power for the selection of a majority of: the Board of Directors of a corporation; the management committee members of a joint venture; or the members of the management board of a limited liability company; or

**B.** having the right, pursuant to its written contract or the by-laws, charter, operating agreement or similar documents, to elect, appoint or designate a majority of: the Board of Directors of a corporation; the management committee of a joint venture; or the management board of a limited liability company.

**C.** having the right, pursuant to a written trust agreement, to protect, control the use of, encumber or transfer or sell property held by a trust.

**Medicare/Medicaid Claim** means a **claim** based on or arising out of any actual or alleged violation of law with respect to Medicare, Medicaid, Tricare or any similar federal, state or local governmental program.

**Microbe** means any non-fungal microorganism or non-fungal, colony-form organism that causes infection or disease. **Microbe** includes any spores, mycotoxins, odors, or any other substances, products, or byproducts produced by, released by, or arising out of the current or past presence of **microbes**. However **microbe** does not mean microbes that were transmitted directly from person to person.

**Mobile equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

**A.** bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

**B.** vehicles maintained for use solely on or next to premises the **Insured Entity** owns or rents;

**C.** vehicles that travel on crawler treads;

**D.** vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

    **1.** power cranes, shovels, loaders, diggers or drills; or

    **2.** road construction or resurfacing equipment such as graders, scrapers or rollers;

**E.** vehicles not described in **A.**, **B.**, **C.** or **D.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

    **1.** air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration lighting and well servicing equipment; or

    **2.** cherry pickers and similar devices used to raise or lower workers;

**F.** vehicles not described in **A.**, **B.**, **C.** or **D.** above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not mobile equipment but will be considered **autos**:

    **1.** equipment designed primarily for:

        **a.** snow removal;

        **b.** road maintenance, but not construction or resurfacing; or

        **c.** street cleaning;

    **2.** cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

    **3.** air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

Form No: CNA72888XX (01-2016)
Policy Page: 30 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 43 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

However, **mobile equipment** does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered **autos**.

**Named Insured** means any entity listed as such in the Declarations.

**Nuclear facility** means:

**A.** any **nuclear reactor**;

**B.** any equipment or device designed or used for:

    **1.** separating the isotopes of uranium or plutonium;

    **2.** processing or utilizing **spent fuel**; or

    **3.** handling, processing or packaging **nuclear waste**;

**C.** any equipment or device used for the processing, fabricating or alloying of special **nuclear material** if at any time the total amount of such material in the custody of any **Insured** at the premises where such equipment is located consists of or contains more than:

    **1.** 25 grams of plutonium or uranium 233 or any combination thereof; or

    **2.** 250 grams of uranium 235;

**D.** any structure, basin, excavation, premises or place prepared or used for the storage or disposal of **nuclear waste**;

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

**Nuclear material** means source material, special **nuclear material**, or by-product material as these terms are defined in the Atomic Energy Act of 1954 or in any law amendatory thereof.

**Nuclear reactor** means an apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

**Nuclear Waste** means waste material:

**A.** containing **by-product material** other than the tailings or waste produced by the extraction or concentration of uranium or thorium from ore processed primarily for its source material (as defined in the Atomic Energy Act of 1954 or in any law amendatory thereof) content; and

**B.** resulting from the operation by any person or organization, of a **nuclear facility** included within paragraphs **A.** and **B.** of the definition of **nuclear facility**.

**Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**Personal and advertising injury** means injury, including consequential **bodily injury**, arising out of one or more of the following offenses:

**A.** false arrest, detention or imprisonment;

**B.** malicious prosecution or abuse of process;

**C.** wrongful eviction from, wrongful entry into, or the invasion of the right of private occupancy of a room, dwelling or premises that a person occupies committed by or on behalf of its owner, landlord or lessor;

**D.** oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

Form No: CNA72888XX (01-2016)
Policy Page: 31 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 44 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
*Policy*

**E.** oral or written publication, in any manner, of material that violates a person's right of privacy;

**F.** the use of another's advertising idea in **Insured Entity's advertisement**; or

**G.** infringing upon another's copyright, trade dress or slogan in the **Insured Entity's advertisement**.

**Policy period** means the time form 12:01 A.M. on the effective date of this policy as set forth in the Declarations to the earlier of 12:01 A.M. of the expiration, termination or cancellation date of this policy.

**Pollutants** mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes medical waste and materials to be recycled, reconditioned or reclaimed.

**Potential claim** means an **incident** that any **authorized insured** has reason to believe would give rise to a **claim**.

**Primary policy** means the policy providing the first layer of insurance applicable to the **claim** issued by an **underlying insurer** in the Schedule of **underlying insurance**. A **self-insured retention** is not a **primary policy**.

**Proctoring services** means supervision, training, assistance, coaching or guidance provided on its behalf by:

**A.** a physician or any other health care professional licensed, trained and qualified to provide such supervision, training, assistance, coaching or guidance, or

**B.** any other person under the supervision, training, or direction and control of such physician or health care professional.

**Professional liability claim** means a **claim** arising out of **professional services** and alleging **professional services injury**.

**Professional services** means the rendering to others of **healthcare services**, **Good Samaritan services, proctoring services** or **administrative services**.

**Professional services injury** means **bodily injury**, and solely with respect to **administrative services**, other injury, arising out of the rendering of or failure to render **professional services**.

**Products-completed operations hazard** means **bodily injury** or **property damage** occurring away from premises the **Insured Entity** own or rent and arising out of **insured product** or **insured work** except:

**A.** products that are still in its physical possession; or

**B.** work that has not yet been completed or abandoned. However, **insured work** will be deemed completed at the earliest of the following times:

   **1.** when all of the work called for in its contract has been completed;

   **2.** when all of the work to be done at the job site has been completed if its contract calls for work at more than one job site;

   **3.** when that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

However, **products-completed operations hazard** does not include **bodily injury** or **property damage** arising out of:

**1.** the transportation of property, unless **bodily injury** or **property damage** arises out of a condition in or on a vehicle not owned or operated by the **Insured Entity**, and that condition was created by the **loading or unloading** of that vehicle by any **Insured**; or

**2.** the existence of tools, uninstalled equipment or abandoned or unused materials.

Form No: CNA72888XX (01-2016)
Policy Page: 32 of 34
Underwriting Company:  Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 45 of 58

© Copyright CNA All Rights Reserved.



**Property damage** means:

**A.** physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**B.** loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **incident** that caused it.

However, **electronic data** is not tangible property.

**Related claim** means **claims** arising out of a single **incident** or arising out of **related incidents**.

**Related incidents** mean any **incidents** that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

**Self-insured retention** means the amounts listed in the Schedule of **underlying insurance** as **self-insured retentions** that the **Insured Entity** has agreed to pay for all **incidents** for which the **Insured entity** is liable. Such **self-insured retention** will apply:

**A.** on either a claims-made basis or occurrence basis; and

**B.** with **defense costs** either eroding or not eroding the **self-insured retention** limits,

all as indicated on the Schedule of **underlying insurance**. The **self-insured retention** is subject to all other terms and condition of this policy.

**Silica** means the chemical compound silicon dioxide (SiO2) in any form, including dust which contains silicon dioxide.

**Subsidiary** means any entity in which the **Named Insured** has **management control**:

**A.** on the effective date of this policy; or

**B.** after the effective date of this policy and during the **policy period** by reason of being created or acquired by an **Insured Entity** after such date, if and to the extent coverage with respect to the entity is afforded pursuant to the section entitled **CONDITIONS**, the paragraph entitled **New and Existing Subsidiaries/Cessation of Subsidiaries**.

**Temporary worker** means a worker who is furnished to the **Insured Entity** to substitute for a permanent **employee** on leave or to meet seasonal or short-term workload conditions.

**Underlying insurance** means the **self-insured retentions** and the policies of insurance listed in the Schedule of **underlying insurance** including renewal or replacement of such insurance which is not more restrictive than those listed in the aforementioned Schedule of **Underlying Insurance**.

**Underlying insurer** means any Insurer providing **unscheduled underlying insurance** or **underlying insurance** (other than a **self-insured retention**). It does not include any Insurer whose policies were purchased specifically to be in excess of this policy.

**Unscheduled underlying insurance** means insurance policies available to an **Insured** but solely to the extent such policies cover **incidents** covered under this policy (whether such policies are primary, excess, excess-contingent or otherwise) except the policies listed in the Schedule of **underlying insurance**. **Unscheduled underlying insurance** does not include insurance purchased specifically to be excess of this policy.

**Volunteer worker** means a person who is not an **employee**, and who donates his or her work and acts at the direction of and within the scope of duties determined by the **Insured Entity**, and is not paid a fee, salary or other compensation by the **Insured** or anyone else for their work performed for the **Insured**.

Form No: CNA72888XX (01-2016)
Policy Page: 33 of 34
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 46 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy

IN WITNESS WHEREOF, the Insurer has caused this policy to be signed by the Insurer's Chairman and Secretary, but this policy shall not be binding upon the Insurer unless completed by the attachment of the Declarations and signed by the Insurer's duly authorized representative.

Chairman of the Board                                    Secretary

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Endorsement

 AMENDMENT OF AGGREGATE LIMITS - DUAL TOWERS ENDORSEMENT

It is understood and agreed as follows:

I.   The Aggregate Limit in the Item entitled **LIMITS OF INSURANCE** in the Declarations is deleted and replaced by the following:

| SCHEDULE | |
|---|---|
| Professional Liability Aggregate Limit | $15,000,000 |
| All Other Liability Aggregate Limit | $15,000,000 |

II.  The section entitled **LIMITS OF INSURANCE**, the paragraph entitled **Aggregate Limit** is deleted in its entirety and replaced by the following:

The Aggregate Limits of Insurance shown in the **SCHEDULE** above are the most that the Insurer will pay as **damages** for all **claims** to which this insurance applies. Such Aggregate Limits apply separately as follows:

**A.**  The Professional Liability Aggregate Limit of Insurance stated in the **SCHEDULE** above is the most that the Insurer will pay as **damages** for all **professional liability claims** to which this insurance applies.

**B.**  The All Other Liability Aggregate Limit of Insurance stated in the **SCHEDULE** above is the most that the Insurer will pay as **damages** for all **claims** other than:

   **1.**  **professional liability claims** to which this insurance applies; or

   **2.**  **claims** covered by any auto liability policy listed in the Schedule of **underlying insurance** where the Limits of Insurance of such auto liability policy are unaggregated.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA72896XX (01-2016)                                          Policy No: HMU 1064389726
Endorsement Effective Date:          Endorsement Expiration Date:      Policy Effective Date: 07/01/2018
Endorsement No: 1; Page: 1 of 1                                        Policy Page: 48 of 58
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

© Copyright CNA All Rights Reserved.

 

**Healthcare Umbrella**
Policy Endorsement

**CANCELLATION AND NONRENEWAL AMENDATORY ENDORSEMENT WITH MINIMUM EARNED PREMIUM PROVISIONS**

It is understood and agreed that the following provisions are added to the section entitled **CONDITIONS**:

**Cancellation**

I.   This policy can be canceled by either the **First Named Insured** or the Insurer.

II.  Only the **First Named Insured** may cancel this policy at any time. To do so, the **First Named Insured** must:

    A.  return the policy to the Insurer or any of its authorized representatives, indicating the effective date of cancellation; or

    B.  provide a written notice to the Insurer, stating when the cancellation is to be effective.

    The Insurer must receive the policy or written notice before the cancellation date.

III. The Insurer can cancel this policy by giving written notice to the **First Named Insured**, at its last known address at least:

    A.  the indicated number of days for Cancellation for Nonpayment as indicated on the Declarations, if the Insurer cancels for non-payment of premium; or

    B.  the indicated number of days for Cancellation for any Other Reason as indicated on the Declarations, if the Insurer cancels for any other reason before the effective date of cancellation.

IV.  Notice of cancellation will state the effective date of cancellation. The policy will end on that date.

V.   If the Insurer cancels, the refund will be pro rata. If the **First Named Insured** cancels, the refund may be less than pro rata. The Insurer shall retain a minimum percentage of earned premium in the percentage set forth in the Declarations. The cancellation will be effective even if the Insurer has not made or offered a refund.

VI.  If notice is mailed, proof of mailing will be sufficient proof of notice.

**Non-renewal**

The Insurer can non-renew this policy by giving written notice to the **First Named Insured**, at its last known address, at least the number of  days for nonrenewal as indicated on the Declarations before the expiration date. If notice of nonrenewal is mailed, proof of mailing will be sufficient proof of notice.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA72899XX (01-2016)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 2; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 49 of 58

© Copyright CNA All Rights Reserved.



Healthcare Umbrella
Policy Endorsement

| AMENDED DEFINITION OF EMPLOYEE FOR SPECIFIED CLASSES ENDORSEMENT |
|---|

It is understood and agreed as follows:

The section entitled **DEFINITIONS**, the last sentence of the definition of **employee** is deleted in its entirety and replaced with the following:

Solely with respect to **professional liability claims**, an **employee** does not include interns, residents, physicians, surgeons, dentists, nurse anesthetists, nurse midwives, podiatrists, or chiropractors acting in their capacity as such except to the extent they are:

1. rendering **administrative services**, **Good Samaritan services** or **proctoring services**:

2. included within the class of such individuals as indicated by a check mark, but only to the Termination Date, if any, listed on the **CLASS OF INDIVIDUALS SCHEDULE** and applicable to such class of individuals; or

3. Named on the **INDIVIDUAL EMPLOYEES SCHEDULE** set forth below, but only to the Termination Date, if any, listed on such **SCHEDULE** and applicable to such individual **employee**.

If a different Retroactive Date is set forth on the **SCHEDULES** below, the Retroactive Date listed on the Declarations is deleted and is replaced as indicated:

| CLASS OF INDIVIDUALS SCHEDULE | | | | |
|---|---|---|---|---|
| [X] **Interns**<br><br>Retroactive Date:<br><br>Termination Date | [X] **Residents**<br><br>Retroactive Date:<br><br>Termination Date | [X] **Physicians**<br><br>Retroactive Date:<br><br>Termination Date | [X] **Surgeons**<br><br>Retroactive Date:<br><br>Termination Date | [X] **Dentists**<br><br>Retroactive Date:<br><br>Termination Date |
| [X] **Nurse Anesthetists**<br><br>Retroactive Date:<br><br>Termination Date | [X] **Nurse Midwives**<br><br>Retroactive Date:<br><br>Termination Date | [X] **Podiatrists**<br>Retroactive Date:<br><br>Termination Date | [X] **Chiropractors**<br>Retroactive Date:<br><br>Termination Date | [X] **Other (must be a subclass of the designated classes)**<br>Retroactive Date:<br><br>Termination Date |

| SCHEDULE OF OTHER DESIGNATED CLASSES | | |
|---|---|---|
| **Name of Designated Class** | **Retroactive Date** | Termination Date |
| Contracted Physicians per list on file as well as the other excluded classes | | |

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA72919XX (01-2016)
Endorsement Effective Date:                Endorsement Expiration Date:
Endorsement No: 3; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 50 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Endorsement

 **CNA HEALTHCARE RISK CONTROL FELLOWSHIP PROGRAM**

It is understood and agreed as follows:

As part of the Insurer's risk control services, it will reimburse the **First Named Insured** up to $5,000 for eligible risk management education or risk management training expenses incurred during the **policy period** and pursuant to the terms and conditions of the CNA Healthcare Risk Control Fellowship Program.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA72945XX (01-2016)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 4; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 51 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Endorsement



**SERVICE OF SUIT ENDORSEMENT**

Wherever used in this endorsement Named Insured means the first person or entity named on the declarations page.

In consideration of the premium paid for this Policy, it is agreed that the following provision is added to the Policy:

**SERVICE OF SUIT**

Pursuant to any statute of any state, territory or district of the United States which makes provision therefore, the Insurer hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Named Insured or any beneficiary hereunder arising out of this contract of insurance, and hereby designates the below-named as the person to whom the said officer is authorized to mail such process or true copy thereof.

Service of process in such suit shall be made upon:

General Counsel
Columbia Casualty Company
151 N. Franklin St.
Chicago, IL 60606

and in any suit instituted against such person upon this policy, the Insurer will abide by the final decision of such court or of any appellate court in the event of an appeal.

The General Counsel is authorized and directed to accept service of process on behalf of the Insurer in any such suit and, upon the request of the Named Insured, to give a written undertaking to the Named Insured that he will enter a general appearance upon the Insurer's behalf in the event such suit shall be instituted.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA74300XX (06-2014)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 5; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 52 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Endorsement

 **UMBRELLA SPECIFIED ADDITIONAL INSURED ENDORSEMENT**

It is understood and agreed that the Healthcare Facilities Umbrella Policy is amended as set forth below:

The section entitled **DEFINITIONS**, the definition of **Insured**, is amended by the addition of the following:

The following person(s) or entity(ies) is an **Insured** under this policy but only with respect to its vicarious liability arising out of the operations of the **Insured Entity**:

The City of Issaquah is listed as an additional insured with respect to Seattle Children's actions/activities

King County Department of Community and Human Services Mental Health, Chemical Abuse and Dependency Services Division c/o King County - MHCADSD 401 5t

Port of Seattle as an additional insured on the General Liabilty coverage with respect to Children's actions/activities in the lease of space by Seat

Audio Visual Services Group, Inc. dba PSAV Presentations Services and Seattle Sheraton Hotel

The person(s) or entity(ies) named above (the additional insured) is an **Insured** under this policy but only with respect to its liability for **claims** concerning the **Insured Entity** or the **Insured Entity's employees** and solely to the extent that:

1. a **claim** is made against both the **Insured Entity** or the **Insured Entity's employees** and the additional insured; and

2. in any ensuing litigation arising out of such **claim**, the **Insured Entity** or the **Insured Entity's employees** and the additional insured remain as co-defendants.

In no event is coverage provided under this policy for any **claims** that arise out of the additional insured's own acts, errors or omissions.

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA81740XX (01-2016)
Endorsement Effective Date:                Endorsement Expiration Date:
Endorsement No: 6; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 53 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Endorsement

 **CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM ENDORSEMENT**

It is understood and agreed as follows:

Whenever used in this endorsement, 1) "we" means the insurer listed on Declarations or the Certificate of Insurance, as applicable; and 2) "you" means the first person or entity named on the Declarations or the Certificate of Insurance, as applicable.

**A.  Cap on Certified Terrorism Losses**

"Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in consultation with the Secretary of Homeland Security and the Attorney General of the United States, to be an act of terrorism pursuant to the Terrorism Risk Insurance Act, as extended and reauthorized (the "Act"). The criteria contained in the Act for a "certified act of terrorism" include the following:

**1.**  The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and

**2.**  The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

If aggregate insured losses attributable to terrorist acts certified under the Act exceed $100 billion in a calendar year (January 1 through December 31) and we have met our insurer deductible under the Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

**B.  Application of Exclusions**

The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for any loss which would otherwise be excluded under this Policy, such as losses excluded by the Nuclear Hazard Exclusion or the War And Military Action Exclusion.

All other terms and conditions of the policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

---

Form No: CNA81753XX (03-2015)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 7; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 54 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Endorsement



Seattle Children's Healthcare System
**SETTLEMENT OF CLAIMS WITHIN SELF-INSURED RETENTION ENDORSEMENT**

It is understood and agreed that this endorsement amends the **HEALTHCARE FACILITIES UMBRELLA POLICY** as follows:

The section entitled **DEFENSE PAYMENT AND RELATED DUTIES,** paragraph **B.** is deleted in its entirety and replaced by the following:

**B.**  The Insurer may, at the Insurer's sole discretion, elect to participate in the investigation, settlement or defense of any **claim** against any of the **insureds** for matters covered by this Policy even if the **applicable underlying limit** has not been exhausted. However, the Insurer will not settle a **claim** within the **self-insured retention** without the consent of the **First Named Insured**.

All other terms and conditions of the policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

---

Form No: CNA82660XX (06-2015)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 8; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 55 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Endorsement

**NOTICE OF CLAIMS - UNDERLYING INSURANCE
RESERVE OR MONETARY EXPOSURE ENDORSEMENT**

It is understood and agreed that the Policy is amended as follows:

The section entitled **CONDITIONS**, the condition entitled **Notice of Claims and Potential Claims,** paragraph **2.b.** is deleted and replaced by the following:

**2.** whenever any **authorized insured** has infosrmation of a **claim** or **potential claim** that involves:

   **b.** any **underlying insurance** reserve or monetary exposure exceeding $1,000,000;

All other terms and conditions of the policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

Form No: CNA83133XX (01-2016)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 9; Page: 1 of 1
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 56 of 58

© Copyright CNA All Rights Reserved.



**Healthcare Umbrella**
Policy Endorsement

 SEATTLE CHILDREN'S HEALTHCARE SYSTEM RATE ON RENEWAL ENDORSEMENT

It is understood and agreed that this endorsement amends the Policy as follows:

I.  The **First Named Insured** listed on the Declarations shall be entitled to purchase a successive one-year renewal of this Policy under the terms and conditions set forth hereafter:

    **A.**  The Insurer reserves the right not to renew this Policy for a successive period as provided by this endorsement; or, in the alternative, to adjust the rate at the end of this **policy period** for the **successive renewal policy period** in accordance with the Insurer's rules and rates, subject to the occurrence of any of the following:

        **1.**  Cancellation of this policy or the successive renewal policy for nonpayment of premium in accordance with the cancellation provisions of this Policy; or

        **2.**  There is a **material change** during this **policy period**; or

        **3.**  The **First Named Insured** fails to submit to the Insurer at least 30 days prior to the expiration of this **policy period** a properly completed renewal application or other information necessary for premium computation as requested; or

        **4.**  The Insurer's offer of coverage or pricing is dependent upon a specific legal, statutory, or regulatory protection, and there is judicial, legislative, or administrative alteration of such law, statutes, or regulation; or

        **5.**  There is a change in law, insurance regulation, or insurance regulatory action which precludes issuance of a renewal policy on the terms and conditions set forth herein; or

        **6.**  A change in the broker of record – such change at the discretion of the Insurer;

    **B.**  The Insurer shall not be required to include this endorsement as a feature of any renewal policy issued pursuant to the terms of this endorsement.

II.  Solely with respect to coverage pursuant to the terms of this endorsement, the following definitions are added to the section entitled **DEFINITIONS**:

**Material change** means:

    **a.**  A substantial change in the **Named Insured's** operations, including but not limited to the acquisition or creation of a subsidiary whose operations substantially differ in scope or territory from that which such **Insured** conducted at the inception of this policy, or an acquisition in a different rating territory;

    **b.**  A change in the **Named Insured's** financial condition, including but not limited to a filing or adjudication of bankruptcy or insolvency, or an assignment made by the **Named Insured** for the benefit of creditors, or the **Named Insured** or another party has filed a bankruptcy petition;

    **c.**  An annual change in exposure (number of visits) greater than +/- 5% of the reported number of visits during prior policy period;

    **d.**  A CNA case incurred loss ratio exceeding 50%; or

    **e.**  When compared against year 2018 submission, emergence (paid or reserve changes) of 2 or more **claims** within the most recent five-years (incepting with policy period of July 01, 2013) where the incurred value is 60% or more of the Insurer's per occurrence attachment point.

Form No: CNA92763XX (07-2018)
Endorsement Effective Date:           Endorsement Expiration Date:
Endorsement No: 10; Page: 1 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 57 of 58

© Copyright CNA All Rights Reserved.



**Successive renewal policy period** means the policy period of the policy issued as a successive one year renewal of this policy.

All other terms and conditions of the policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the policy issued by the designated Insurers, takes effect on the Policy Effective Date of said policy at the hour stated in said policy, unless another effective date (the Endorsement Effective Date) is shown below, and expires concurrently with said policy unless another expiration date is shown below.

---

Form No: CNA92763XX (07-2018)
Endorsement Effective Date:                    Endorsement Expiration Date:
Endorsement No: 10; Page: 2 of 2
Underwriting Company: Columbia Casualty Company, 151 N Franklin St, Chicago, IL 60606

Policy No: HMU 1064389726
Policy Effective Date: 07/01/2018
Policy Page: 58 of 58

© Copyright CNA All Rights Reserved.