# EXHIBIT D

FILED
05 NOV -8 PM 4:18
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

BEST AVAILABLE IMAGE POSSIBLE

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| WILLIAM DUSSAULT as Guardian Ad Litem for S.P., a minor, EUGENE G. PATNODE and CLARISSA A. PATNODE, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>CHILDREN'S HOSPITAL AND REGIONAL MEDICAL CENTER, a non-profit organization, licensed in Washington state,<br><br>Defendant. | No. 05-2-36911-6 SEA<br><br>SUMMONS<br><br>WILLIAM L. DOWNING |

THE STATE OF WASHINGTON TO: Children's Hospital & Regional Medical Center

    A lawsuit has been started against you in the above-entitled court by the above-named plaintiffs. Plaintiffs' claim is stated in the written complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within twenty (20) days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what it asks

SUMMONS - 1

ORIGINAL

LAYMAN, LAYMAN, ROBINSON, PLLP
601 S. Division Street
Spokane, WA 99202-1335
(509) 455-8883 fax (509) 624-2902

for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiff. Within fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the *Superior Court Civil Rules of State of Washington*.

DATED this ___6___ day of ___Nov.___, 2005.

_____
JOHN R. LAYMAN, WSBA #13823

of Layman, Layman, ▮▮▮▮ & Robinson, PLLP
Attorneys for Plaintiffs

SUMMONS - 2

LAYMAN, LAYMAN, ▮▮▮▮ & ROBINSON, PLLP
601 S. Division Street
Spokane, WA 99202-1335
(509) 455-8883 fax (509) 624-2902

FILED
05 NOV -8 PM 4:18
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR KING COUNTY

| | |
|---|---|
| WILLIAM DUSSAULT as Guardian Ad Litem for S.P., a minor, EUGENE G. PATNODE and CLARISSA A. PATNODE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CHILDREN'S HOSPITAL AND REGIONAL MEDICAL CENTER, a non-profit organization, licensed in Washington state,<br><br>Defendant. | No. 05-2-36911-6 SEA<br><br>COMPLAINT FOR DAMAGES<br><br>WILLIAM L. DOWNING |

Plaintiffs allege:

1.1   Plaintiffs, Eugene G. Patnode and Clarissa A. Patnode, are residents of the state of Washington, residing in Yakima, and are the parents of the minor plaintiff, S.P.

1.2   Plaintiff William Dussault, is the Guardian ad Litem of the minor plaintiff, S.P.

1.3   Defendant Children's Hospital and Regional Medical Center is a non-profit organization duly licensed to do business in the State of Washington.

COMPLAINT FOR DAMAGES - 1

LAYMAN, LAYMAN & ROBINSON, PLLP
601 S. Division Street
Spokane, WA 99202-1335
(509) 455-8883 fax (509) 624-2902

ORIGINAL

1.4	The wrongful acts alleged in this Complaint occurred in King County, Washington.

## II.	JURISDICTION AND VENUE

2.1	Plaintiffs re-allege and incorporate Paragraph I and further allege as follows:

2.2	Jurisdiction over defendant is proper pursuant to RCW 4.28.020.

2.3	The negligent acts and damages alleged herein occurred in King County, Washington and venue in this Court is proper pursuant to RCW 4.12.020.

## III.	FACTS

3.1	Plaintiffs re-allege and incorporate Paragraphs I and II and further allege as follows:

3.2	Defendant corporation is the owner and operator of the Children's Hospital and Regional Medical Center in Seattle, King County, Washington.

3.3	Defendant holds itself out as an expert in the diagnosis and treatment of tumors and other forms of brain cancer.

3.4	On or about December 2, 2002, minor plaintiff, S.P., was referred to the defendant hospital for diagnosis and treatment of a suspected brain tumor.

3.5	A diagnosis of an ependymoma tumor was made and S.P. underwent brain surgery at the defendant hospital on December 20, 2002 for removal of the tumor.

3.6	The resection of the tumor was successful and S.P. appeared to be recovering well with minimal residual impairment.

3.7	During the course of treatment, while a patient in the defendant hospital, S.P. was infected with aspergillus fungus and staphylococcus both externally and internally in the brain and spinal column.

3.8     S.P.'s infections severely damaged her body and mind, and caused pain, suffering, and permanent injury of an extent not yet determined, but which include impairment of brain and bodily functions.

3.9     The infections and subsequent impairment caused hospitalization and medical treatment resulting in medical special damages in excess of $5,000,000.00.

3.10    Defendant has complete records of the medical treatment and medications received by S.P. at defendant hospital and at the rehabilitation facility in Yakima, Washington.

3.11    As a result of said infections and the required treatment, plaintiff S.P., a minor, was required to be confined in defendant hospital from December 20, 2002 through the end of September, 2003.

3.12    Minor plaintiff, S.P., was subsequently placed in a nursing rehabilitation facility in Yakima, Washington, where she resided until approximately August, 2004.

3.13    As a direct and proximate result of the negligence of the defendant as previously described, Minor Plaintiff in October 2005 developed gall bladder problems that required its removal in defendant's facility. While in said hospital for treatment and removal of the gall bladder, Defendant caused Minor Plaintiff to be administered anti-seizure medications to treat epileptic symptoms resulting from Defendants previous negligence. Prior to receiving these medications Minor Plaintiff had suffered severe, permanent hearing loss in her left ear as a result of the negligence of the Defendant in treating Minor Plaintiff. Minor Plaintiff received an overdose of said medications and as a direct and proximate result sustained a hearing loss in her good ear, which is alleged to be a permanent injury.

3.14    From December 2002 to present, S.P. has suffered serious cognitive impairment, preventing her from walking without help, controlling her bowel and kidney functions, or enjoying any of the normal daily activities of a healthy young girl.

LAYMAN, LAYMAN & ROBINSON, PLLP
601 S. Division Street
Spokane, WA 99202-1335
(509) 455-8883 fax (509) 624-2902

## IV. MEDICAL PROFESSIONAL NEGLIGENCE

4.1 As a medical provider, Defendant had a duty to exercise reasonable care in providing medical treatment to plaintiff S.P., a minor.

4.2 Defendant knew that a juvenile patient undergoing brain surgery was especially vulnerable to infections by foreign elements and it had an enhanced duty to protect minor plaintiff, S.P. from such infections.

4.3 The infections which S.P. acquired while in the defendant hospital, and all of the resulting damage and expense, both past and future, are the direct and proximate result of negligence on the part of the defendant, which included, but is not limited to the following:

    4.3.1 Failure to keep and maintain S.P. in a sterile environment free from infectious agents;

    4.3.2 Failure to prevent infectious agents from coming into the hospital environment from the construction activities being conducted on behalf of defendant;

    4.3.3 Failure to adopt proper plans and procedures for protecting hospital patients during and after said construction;

    4.3.4 Failure to give proper warning or instructions to the medical staff responsible for caring for S.P.;

    4.3.5 Failure to follow proper protocol regarding disinfection and administration of medication;

    4.3.6 Failure to have and follow an effective infection control program as required by WAC 246-320;

    4.3.7 Failure to comply or retain an infection control expert;

    4.3.8 Failure to discover dangerous conditions on the premises;

    4.3.9 Failure to correct dangerous conditions or warn S.P. of the danger;

4.4  As a direct and proximate result of defendant's wrongful conduct, minor plaintiff, S.P. has suffered permanent and painful injuries interfering with her enjoyment of life, and impairing her future earning capacity, in an amount to be established at trial.

4.5  As a direct and proximate result of defendant's wrongful conduct, minor plaintiff, S.P. will incur future medical expense and care in daily living, in an amount which is alleged to exceed $10,000,000.00, with the exact amount to be proven at trial.

4.6  As a direct and proximate result of defendant's wrongful conduct, plaintiffs Eugene and Clarissa Patnode have suffered and continue to suffer loss of consortium, love and affection of their daughter, S.P.

V.   PREMISES LIABILITY

5.1  Plaintiffs re-allege Paragraphs I, II, III and IV as fully set forth herein.

5.2  Defendant owed a duty to plaintiff S.P., a minor, as a business invitee, to discover dangerous conditions and either make them safe or warn of the dangers.

5.3  The infections which S.P. acquired while in the defendant hospital, and all of the resulting damage and expense, both past and future, are the direct and proximate result of negligence on the part of the defendant, which included, but is not limited to the following:

    5.3.1  Failure to properly inspect premises to discover dangerous condition on premises.

    5.3.2  Failure to keep and maintain S.P. in a sterile environment free from infectious agents;

    5.3.3  Failure to prevent infectious agents from coming into the hospital environment from the construction activities being conducted on behalf of defendant;

    5.3.4  Failure to warn S.P. of such danger of infection due to construction.

LAYMAN, LAYMAN & ROBINSON, PLLP
601 S. Division Street
Spokane, WA 99202-1335
(509) 455-8883 fax (509) 624-2902

5.4    As a direct and proximate result of defendant's wrongful conduct, minor plaintiff, S.P. has suffered permanent and painful injuries interfering with her enjoyment of life, and impairing her future earning capacity, in an amount to be established at trial.

5.5    As a direct and proximate result of defendant's wrongful conduct, minor plaintiff, S.P. will incur future medical expense and care in daily living, in an amount which is alleged to exceed $10,000,000.00, with the exact amount to be proven at trial.

5.6    As a direct and proximate result of defendant's wrongful conduct, plaintiffs Eugene and Clarissa Patnode have suffered and continue to suffer loss of consortium, love and affection of their daughter, S.P.

## VI.    VICARIOUS LIABILITY

6.1    Plaintiffs re-allege Paragraphs I, II and III, IV, and V, as fully set forth herein.

6.2    In the event that discovery or trial shows that the health care providers that provided treatment to S.P were negligent and at fault in causing the injury and damages to S.P, these doctors, nurse and staff members were acting as agents or servants of defendant Children's Hospital and pursuant to RCW 4.22.070(1) (a) Defendant Children's Hospital is liable for any such fault of the doctors, nurses and staff members that may have contributed to or caused minor Plaintiffs' injuries and damages.

6.3    As a direct and proximate result of defendant's wrongful conduct, minor plaintiff, S.P. has suffered permanent and painful injuries interfering with her enjoyment of life, and impairing her future earning capacity, in an amount to be established at trial.

6.4    As a direct and proximate result of defendant's wrongful conduct, minor plaintiff, S.P. will incur future medical expense and care in daily living, in an amount which is alleged to exceed $10,000,000.00, with the exact amount to be proven at trial.

6.5     As a direct and proximate result of defendant's wrongful conduct, plaintiffs Eugene and Clarissa Patnode have suffered and continue to suffer loss of consortium, love and affection of their daughter, S.P.

## VII.    DAMAGES

7.1     Plaintiffs re-allege Paragraphs I, II and III, IV, V, VI and VII, as fully set forth herein.

7.2     As a direct and proximate result of the negligence alleged herein, defendant is liable to plaintiffs for the following damages:

    a.   Severe physical injury suffered by plaintiff S.P., including brain damage and diminution of cognitive functions;

    b.   Medical expenses, property damages, out-of-pocket expenses incurred and which will continue to be incurred by plaintiff S.P. in the future;

    c.   Severe physical pain and suffering which plaintiff S.P. has suffered and will continue to suffer in the future;

    d.   Severe mental and emotional distress suffered by plaintiff S.P.;

    e.   Plaintiff S.P.'s diminished earning capacity;

    f.   Continuing infections and likelihood of additional infections by staphylococcus or fungus;

    g.   Plaintiffs' attorney fees and costs incurred herein;

    h.   Pre-judgment interest on all medical and out of pocket expenses; and

    i.   Plaintiffs Eugene and Clarissa Patnode's loss of love, affection, and loss of consortium.

## VIII.    RELIEF SOUGHT

WHEREFORE, plaintiffs pray for the following relief:

LAYMAN, LAYMAN & ROBINSON, PLLP
601 S. Division Street
Spokane, WA 99202-1335
(509) 455-8883 fax (509) 624-2902

1. An award of damages compensating plaintiffs for special damages, including but not limited to, medical expenses, property damage, and out-of-pocket expenses in an amount to be proven at trial.

2. An award of damages compensating plaintiffs for past, present and future pain and suffering, mental and emotional distress, permanent physical and mental injury, and future medical expenses in an amount to be proven at trial.

3. An award of damages compensating plaintiffs for loss of earning capacity in an amount to be proven at trial.

4. An award of damages compensating plaintiffs, Eugene and Clarissa Patnode, for the loss of consortium, love and affection in an amount to be proven at trial.

5. An award of plaintiffs' attorney fees, costs and disbursements herein in an amount to be proven at trial.

6. An award of prejudgment interest on all medical and out-of-pocket expenses in an amount to be proven at trial.

7. For such other and further relief as this Court deems just and equitable.

DATED this ___8___ day of November, 2005.

_____
JOHN G. LAYMAN     WSBA #1195
JOHN R. LAYMAN     WSBA #13823
of Layman, Layman & Robinson, PLLP
601 South Division
Spokane, Washington 99202
Attorneys for Plaintiff

Received: 11/ 8/05 10:52;              15094530107 -> LAYMAN LAYMAN & ROBINSON;   Page 8

IRWIN RESEARCH&DEVEL    Fax:15094530107          Nov  8 '05   11:52    P.08

BEST AVAILABLE IMAGE POSSIBLE

| | |
|---|---|
| STATE OF WASHINGTON | ) |
|  | : ss |
| County of Yakima | ) |

EUGENE G. PATNODE, being first duly sworn upon oath, deposes and says:

I am the plaintiff in this action; I have read the above and foregoing complaint, know the contents thereof, and believe the same to be true.

_Eugene G. Patnode_
EUGENE G. PATNODE

SUBSCRIBED AND SWORN to before me this _8_ day of _November_, 2005.

_[signature]_
NOTARY PUBLIC in and for the state of Washington, residing at Yakima.
My Appointment Expires: _9/30/06_

COMPLAINT FOR DAMAGES - 9

LAYMAN, LAYMAN & ROBINSON, PLLP
601 S. Division Street
Spokane, WA 99202-1335
(509) 455-8883 fax (509) 624-2902