# EXHIBIT G

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| VIRGINIA TOM and PETER TOM, individually and as Co-Guardians of L.C.S.T., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>SEATTLE CHILDREN'S HOSPITAL, a nonprofit Washington corporation,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES |

COME NOW the plaintiffs above-named, and for claims for relief against defendant allege as follows:

1. **IDENTIFICATION OF PLAINTIFFS**

1.1   Plaintiffs Virginia and Peter Tom are adults qualified to bring this action. They are the parents of their minor son L.C.S.T., DOB 06.02.2002. Together they reside in Whatcom County, Washington.

2. **IDENTIFICATION OF DEFENDANT**

2.1   Defendant Seattle Children's Hospital ("SCH") is a nonprofit corporation organized under the laws of the State of Washington authorized to do

business in the State of Washington. SCH is a "healthcare provider" within the meaning of RCW 7.70 and was duly authorized to provide medical care and services to L.C.S.T. There existed a fiduciary health care provider-patient relationship between them.

2.2    SCH provided medical care and treatment to him through its agents and employees, acting at all relevant times on behalf of defendant and within the scope of their employment or agency (whether actual or ostensible).

### 3.    DATE OF OCCURRENCE

3.1    The care in question occurred in March 2018. This action is being commenced within the applicable statute of limitations.

### 4.    VENUE

4.1    Defendant is located in King County, and the alleged negligence occurred in King County, Washington. Venue is proper in King County.

### 5.    SUMMARY OF CLAIMS

5.1    Plaintiffs Virginia and Peter Tom, as Co-Guardians of their minor child L.C.S.T., bring this action on his behalf for injuries and damages damages hereinafter alleged due to the negligence of defendant.

5.2    Further, plaintiffs Virginia and Peter Tom bring this action on their own behalf pursuant to RCW 4.24.010, for harms they have personally suffered including, but not limited to grief, emotional distress, and loss of consortium.

### 6.    NEGLIGENCE

6.1    As a health care provider, SCH owed to L.C.S.T. a duty to comply with the standard of care for one of the profession or class to which it belongs.

6.2   SCH had a duty to exercise the degree of skill, care, and learning expected of a reasonably prudent hospital in the State of Washington acting in the same or similar circumstances at the time of the care or treatment in question.

6.3   Specifically, SCH had a duty to L.C.S.T. to take reasonably prudent measures to prevent aspergillus from infecting L.C.S.T. in his operating room on March 23, 2018.

6.4   SCH failed to take reasonably prudent measures to prevent aspergillus from infecting L.C.S.T. in his operating room on March 23, 2018.

6.5   Such failure constitutes a breach of the standard of care and is negligence.

6.6   SCH is further alleged to be independently liable under the doctrine of corporate negligence.

### 7.   INFERENCE OF NEGLIGENCE

7.1   The manner of injury to plaintiff L.C.S.T. and the attending circumstances are of such a character which would warrant an inference that the injuries would not have occurred if ordinary care had been exercised by defendant.

7.2   The agency, instrumentality or thing which produced the injury was at all times under the control of defendant when the injury occurred; plaintiff L.C.S.T. lacked control to take action to avert the injury; and the injury would not ordinarily have occurred had the defendant exercised due care.

### 8.   INFORMED CONSENT

8.1   Defendant failed to inform L.C.S.T.'s mother or father of material facts relating to his treatment, such failure resulted in injuries and damages as hereinafter

alleged, and such injuries and damages would not have occurred had they been fully informed and made aware of material facts relating to the treatment.

### 9. INJURIES RECEIVED

9.1 Defendant's failure to exercise such skill, care and learning and failure to exercise reasonable prudence was a direct and proximate cause of the injuries and damages to L.C.S.T., as hereinafter alleged and was a direct and proximate cause of his mother and father's claims of loss of consortium.

9.2 Specifically, defendant's negligence caused L.C.S.T.'s aspergillus meningitis and all harms resulting from it, including treatment and monitoring for it.

9.3 L.C.S.T.'s aspergillus meningitis has caused him to suffer personal injuries, including but not limited to pain and suffering, loss of enjoyment of life, and disability, both experienced and with reasonable probability to be experienced in the future.

9.4 Plaintiffs Virginia and Peter Tom have suffered personal injuries including but not limited to grief, emotional distress, and loss of consortium.

### 10. EXPENSES INCURRED

10.1 Plaintiffs have incurred medical expenses due to the negligence of the defendant. Plaintiffs will likely incur future medical expenses, and may also incur future economic damages, the extent of which will be proven at the time of trial.

### 11. STATUTORY PROVISIONS

11.1 Plaintiffs Virginia and Peter Tom, individually and as Co-guardians for their minor child L.C.S.T., do not elect to submit this dispute to arbitration pursuant to RCW 7.70A.020, and a declaration by their attorney is submitted herewith.

## 12. WAIVER OF PRIVILEGE

12.1 Waiver of the physician-patient privilege under RCW 5.60.060(4)(b) does not waive or release any other rights or privileges, including those related to the physician-patient relationship, other than the privilege set out in the above-cited statute.

WHEREFORE, plaintiffs pray for judgment against defendant in such amount as will be proven at the time of trial, together with such other and further relief as seems just and proper in the premises.

DATED: October 25th, 2019.

CHEMNICK MOEN GREENSTREET

By: _____
Tyler Goldberg-Hoss, WSBA #41653
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES - Page 5