# EXHIBIT J

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

8

| | |
|---|---|
| JAKOB STEDMAN and RACHEL STEDMAN, as husband and wife and as co-guardians of C.B.S., a minor, | NO. |
| Plaintiffs, | SUMMONS (TWENTY DAY) |
| v. | |
| SEATTLE CHILDREN'S HOSPITAL, a nonprofit Washington corporation, | |
| Defendant. | |

9

10

11

12

13

14

15

16

TO:    DEFENDANTS

17

A lawsuit has been started against you in the above-entitled court by the plaintiff herein.

18

Plaintiff's claims are stated in the written Complaint for Damages, a copy of which is served upon

19

you with this Summons.

20

In order to defend against this lawsuit, you must respond to the Complaint by stating your

21

defense in writing, and serve a copy upon the person signing this Summons within twenty (20)

22

days after the service of this Summons, excluding the day of service, or a default judgment may

23

be entered against you without notice. A default judgment is one where the plaintiff is entitled to

24

what he and she asks for because you have not responded. If you serve a Notice of Appearance

SUMMONS (TWENTY DAY) – 1

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Phone: 206/621-8525; Fax: 206/223-8224

1   on the undersigned person, you are entitled to notice before a default judgment may be entered.

2   You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand

3   must be in writing and must be served upon the person signing this summons. Within 14 days

4   after you serve the demand, the plaintiff must file this lawsuit with the court, or the service upon

5   you of this Summons and Complaint for Damages will be void.

6   If you wish to seek the advice of an attorney in this matter, you should do so promptly so

7   that your written response, if any, may be served in time.

8   This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

9   of Washington.

10

11   DATED this 2nd day of December, 2019.

12

13

14   LAW OFFICES OF JAMES S. ROGERS

15

16   James S. Rogers, WSBA No. 5335
     Heather M. Cover, WSBA No. 52146

17   Michelle Hyer, WSBA No. 32724
     Attorneys for Plaintiff

18

19

20

21

22

23

24

SUMMONS (TWENTY DAY) – 2

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Phone: 206/621-8525; Fax: 206/223-8224

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

9

10

11

JAKOB STEDMAN and RACHEL STEDMAN,
as husband and wife and as co-guardians of
C.B.S., a minor,

Plaintiffs,

NO.

**COMPLAINT FOR DAMAGES**

12

v.

13

14

15

SEATTLE CHILDREN'S HOSPITAL, a
nonprofit Washington corporation,

Defendant.

16

17

Come now Plaintiffs, by counsel, and for the cause of action against Defendant allege as

follows:

18

## I.   **INTRODUCTION AND PARTIES**

19

20

21

22

23

24

1.      This case involves exposure of Plaintiff C.B.S. to toxic aspergillus mold while

undergoing brain surgery in Defendant's operating facilities.  As a direct and proximate result of

Defendant's negligent practice and failure to adhere to applicable standard of medical care in the

State of Washington, C.B.S. was not only exposed to this mold, but needed to undergo an

otherwise unnecessary additional brain surgery with not only concomitant risks, but also

COMPLAINT FOR DAMAGES – 1

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8525  Fax: 206/223-8224

1    located in King County and the negligence alleged herein occurred in King County.

2

3
### III.    FACTS RELATING TO CLAIMS

4    11.    Plaintiff C.B.S. was born on May 7, 2015.

5    11.    C.B.S. was diagnosed with an exophytic brainstem mass May 17, 2019.

6
C.B.S. was admitted to SCH for surgery on May 17, 2019 for a craniotomy and C1 laminectomy for

7
removal of the brainstem mass.

8
12.    The May 17, 2019 surgery resulted in partial removal of the brainstem mass, with

9
placement of a synthetic duraplasty graft in the brainstem area.

10

11    13.    Postoperatively, C.B.S. did very well.  He was eating well and was able to get out of

12    bed.  C.B.S. was ready for discharge from SCH on May 21, 2019.

13    14.    On the day C.B.S. was to be discharged, he was identified by SCH as being at high

14    risk for Aspergillus mold exposure during his surgery.

15    15.    C.B.S. was immediately started on prophylactic medications for Aspergillus

16    exposure.

17    16.    C.B.S. was transferred to Harborview Medical Center on May 21, 2019, for removal

18    of the synthetic duraplasty graft due to possible Aspergillus contamination.   C.B.S.'s physicians

19    determined that the removal of the potentially contaminated patch would be necessary.

20    17.    The second surgery, another open craniotomy, occurred on May 24, 2019.

21

22    18.    But for Defendant's negligence in failing to provide a sterile operating care, this

23    second brain surgery never would have been undertaken.

24

COMPLAINT FOR DAMAGES – 3

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA  98101
Ph: 206/621-8525   Fax: 206/223-8224

25.     The manner of injury to Plaintiffs are of a kind that ordinarily does not happen in the absence of negligence and therefore justify the inference that Defendant's negligence caused the injuries to Plaintiffs..

26.     The agency, instrumentality or thing which produced the injury was at all times under the control of Defendant when the injury occurred; Plaintiffs lacked control to take action to avert the injury; and the injury would not ordinarily have occurred had Defendant exercised due care.

## VI.     DAMAGES

27.     Plaintiffs reallege paragraphs 1-26, as fully set forth herein.

28.     As a direct and proximate result of the Defendant's negligence, Plaintiffs sustained general and special damages and other damages allowed by law to be proven at trial.

28.     Defendant's negligence caused C.B.S. to require prophylactic medication and a second unnecessary surgery, and all harms resulting from it.

29.     C.B.S.'s exposure to Aspergillus mold caused him to suffer personal injuries, including but not limited to, pain and suffering, disability, disfigurement, and loss of enjoyment of life.

30.     Plaintiffs Jakob and Rachel Stedman have suffered personal injures including, but not limited to health care expenses, loss of C.B.S's services, and other economic losses as well as loss of love and companionship, loss of emotional support, loss of consortium, and injury to the parent-child relationship.

COMPLAINT FOR DAMAGES – 5

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA  98101
Ph: 206/621-8525  Fax: 206/223-8224

DATED this 2nd date of December, 2019.

LAW OFFICES OF JAMES S. ROGERS

s/James S. Rogers
s/ Heather M. Cover
s/Michelle Hyer
James S. Rogers, WSBA #5335
Heather M. Cover, WSBA #52146
Michelle Hyer, WSBA #32724
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES – 7

**LAW OFFICES OF
JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98101
Ph: 206/621-8525   Fax: 206/223-8224