Honorable Richard A. Jones
Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, an Illinois corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SEATTLE CHILDREN'S HEALTHCARE SYSTEM, a Washington corporation,<br><br>　　　　　　　Defendant. | NO.  2:20-cv-00046-RAJ-TLF<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES<br><br>DEMAND FOR JURY |

COMES NOW, Defendant, Seattle Children's Healthcare System ("SCH"), by and through its undersigned counsel, and in answer to the Amended Complaint for Declaratory Relief of Plaintiff Columbia Casualty Company ("Columbia"), states as follows:

**I.  NATURE OF THE ACTION**

1.　　SCH admits that Columbia seeks a declaratory judgment. SCH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1, and therefore denies them.

2.　　SCH admits the allegations in paragraph 2.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES - 1
No. 2:20-cv-00046-RAJ-TLF

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

3. SCH admits that Columbia seeks a declaratory judgment and denies the remaining allegations in paragraph 3.

## II. JURISDICTION AND VENUE

4. SCH admits the allegations in paragraph 4.

5. SCH admits the allegations in paragraph 5.

6. SCH admits the allegations in paragraph 6.

## III. PARTIES

7. SCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.

8. SCH admits the allegations in paragraph 8.

## IV. FACTUAL ALLEGATIONS

**The History of Persistent Aspergillus at the Hospital**

9. SCH admits that Aspergillus is a mold that in rare instances can cause infections in patients undergoing complex surgeries or those with compromised immune systems.

10. SCH admits that dating back to 2001, several of its patients were exposed to Aspergillus and developed Aspergillus infections. SCH denies the remaining allegations in paragraph 10.

11. SCH admits that by March 6, 2003, a claim was made against it on behalf of a minor patient, S.P., alleging that she was exposed to and infected by Aspergillus while she was a patient at SCH in December 2002. SCH denies the remaining allegations in paragraph 11.

12. SCH admits the allegations in paragraph 12.

13. SCH admits the S.P. Action asserted causes of action against it for medical negligence and premises liability. SCH denies any remaining allegations in paragraph 13.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES - 2
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

14. SCH admits the allegations in paragraph 14.

15. SCH admits that on several occasions since 2001, it has detected Aspergillus spores in its operating rooms and/or equipment storage rooms and that it disclosed this fact to various parties and persons. Except as expressly admitted, SCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies them.

16. SCH admits that CEO Dr. Jeff Sperring acknowledged during his November 2019 public statement that 14 SCH patients had developed Aspergillus surgical site infections since 2001. SCH denies the remaining allegations in paragraph 16.

17. SCH admits that Dr. Sperring used the phrases "isolated incidents" and "the air handling system that served [its] operation rooms" during his November 2019 public statement. SCH denies the remaining allegations in paragraph 17. SCH avers that the cause or causes of Aspergillus at SCH's facility, and the cause of the actual or alleged Aspergillus infections contracted by the underlying claimants and putative class members, remain undetermined.

18. SCH admits that Dr. Sperring used the phrase "should have made the connection sooner" during his November 2019 public statement. SCH denies the remaining allegations in paragraph 18. SCH avers that the cause or causes of Aspergillus at SCH's facility, and the cause of the actual or alleged Aspergillus infections contracted by the underlying claimants and putative class members, remain undetermined.

19. SCH admits that paragraph 19 accurately quotes a newspaper article quoting a statement from one of S.P.'s attorneys. SCH denies that the quote included in paragraph 19 accurately reflects the nature of S.P.'s lawsuit or allegations against SCH and denies any remaining allegations in paragraph 19.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES - 3
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

**Currently Pending Aspergillus Lawsuits**

20. SCH admits the allegations in paragraph 20.

21. SCH admits the allegations in paragraph 21

22. SCH admits the allegations in paragraph 22.

23. SCH admits the allegations in paragraph 23.

24. SCH admits the allegations in paragraph 24.

**The Policies**

25. SCH admits the allegations in paragraph 25.

26. SCH avers that the subject insurance policies speak for themselves.

27. SCH avers that the subject insurance policies speak for themselves.

28. SCH avers that the subject insurance policies speak for themselves.

29. SCH avers that the subject insurance policies speak for themselves.

30. SCH avers that the subject insurance policies speak for themselves.

31. SCH avers that the subject insurance policies speak for themselves.

32. SCH avers that the subject insurance policies speak for themselves.

33. SCH avers that the subject insurance policies speak for themselves.

34. SCH avers that the subject insurance policies speak for themselves.

35. SCH avers that the subject insurance policies speak for themselves.  SCH denies that Columbia does not have a duty to defend under the Policies and denies any other allegations in paragraph 35.

36. SCH avers that the subject insurance policies speak for themselves.  SCH denies any allegation or implication that the Fungi and Microbes Exclusion excludes defense or indemnity coverage for the underlying lawsuits.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES - 4
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

37. SCH avers that the subject insurance policies speak for themselves. SCH denies any allegation or implication that the Fungi and Microbes Exclusion excludes defense or indemnity coverage for the underlying lawsuits and denies any remaining allegations in paragraph 37.

38. SCH avers that the subject insurance policies speak for themselves. SCH denies any allegation or implication that the Fungi and Microbes Exclusion excludes defense or indemnity coverage for the underlying lawsuits.

**The Hospital's Request for Coverage**

39. SCH admits it has sought coverage under one or more of the subject insurance policies for certain of the Aspergillus Claims. SCH denies any other allegations in paragraph 39.

40. SCH admits the allegations in paragraph 40.

41. SCH admits that after L.T. was diagnosed with an Aspergillus surgical site infection and that Aspergillus was detected in an equipment storage room adjacent to the operating room in which L.T. had surgery. SCH denies any other allegations in paragraph 41.

42. SCH admits that L.T.'s parents, individually and as co-guardians of their son, have filed suit against SCH and admits that paragraph 42 accurately quotes a portion of the Complaint for Damages filed in the Tom Action. SCH denies any allegation or implication that paragraph 42 fully and completely describes the allegations asserted in the Tom Action.

43. SCH admits that in May of 2019 it reported to Columbia that it had detected Aspergillus in several of its operating rooms. SCH denies any other allegations in paragraph 43.

44. SCH admits that new lawsuits have been filed against it since November 2019 alleging patients were exposed to Aspergillus. SCH denies that paragraph 44 accurately describes any disclosures made by SCH and denies any other allegations in paragraph 44.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES - 5
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

45. SCH admits that the Complaint for Damages filed in the Garvin Action references the S.P. Action filed in 2005 and admits that paragraph 45 accurately quotes a portion of the Garvin Action's Complaint for Damages.  SCH denies any allegation or implication that paragraph 45 fully and completely describes the allegations asserted in the Garvin Action or that the quoted portion of the Garvin Action's Complaint for Damages fully and completely describes the claims at issue in the S.P. Action.

46. SCH admits that paragraph 46 accurately quotes a portion of the Complaint for Damages filed in the Garvin Action. SCH denies any allegation or implication that paragraph 46 fully and completely describes the allegations asserted in the Garvin Action.

47. SCH admits that the Class Action Complaint filed in the Wills Action references the S.P. Action and admits that paragraph 47 accurately quotes a portion of the Wills Action's Class Action Complaint.  SCH denies any allegation or implication that paragraph 47 fully and completely describes the allegations asserted in the Wills Action or that the quoted portion of the Class Action Complaint filed in the Wills Action fully and completely describes the claims at issue or findings made in the S.P. Action.

48. SCH admits that paragraph 48 accurately quotes a portion of the Wills Action's Class Action Complaint.  SCH denies any allegation or implication that paragraph 48 fully and completely describes the allegations asserted in the Wills Action or that the quoted portion of the Class Action Complaint filed in the Wills Action fully and completely describes the claims at issue, discovery conducted, or findings made in the S.P. Action.

49. SCH admits that paragraph 49 accurately quotes a portion of the Wills Action's Class Action Complaint.  SCH denies any allegation or implication that paragraph 49 fully and completely describes the allegations asserted in the Wills Action or that the quoted portion of the

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT FOR DECLARATORY RELIEF AND
AFFIRMATIVE DEFENSES - 6
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Class Action Complaint filed in the Wills Action fully and completely describes the claims at issue or findings made in the S.P. Action.

50. SCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies them.

51. SCH admits the allegations in paragraph 51.

## V. COUNT I

### Declaration of No Coverage for the Aspergillus Claims Because the Prior Notice Provision Is Not Satisfied

52. SCH reasserts and incorporates by reference its answers to paragraphs 1 through 51 as if fully set forth herein.

53. SCH avers that the subject insurance policies speak for themselves.

54. SCH avers that the subject insurance policies speak for themselves.

55. SCH avers that the subject insurance policies speak for themselves.

56. SCH avers that the subject insurance policies speak for themselves.

57. SCH denies the allegations in paragraph 57.

58. SCH denies the allegations in paragraph 58.

59. SCH denies the allegations in paragraph 59.

60. SCH admits the allegations in paragraph 60.

61. SCH denies the allegations in paragraph 61.

## VI. COUNT II

### Declaration of No Coverage for the Aspergillus Claims Because There Is No Claim First Made During the Policy Periods

62. SCH reasserts and incorporates by reference its answers to paragraphs 1 through 61 as if fully set forth herein.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES - 7
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

63. SCH avers that the subject insurance policies speak for themselves.

64. SCH avers that the subject insurance policies speak for themselves.

65. SCH denies the allegations in paragraph 65.

66. SCH denies the allegations in paragraph 66.

## VII.  COUNT III

**In the Alternative, a Declaration that, to the Extent Coverage Is Available for the Aspergillus Claims, a Single $15 million Limit of Liability Applies**

67. SCH reasserts and incorporates by reference its answers to paragraphs 1 through 66 as if fully set forth herein.

68. SCH denies the allegations in paragraph 68.  SCH avers that certain Aspergillus Claims are "related claims."

69. SCH denies the allegations in paragraph 69.

70. SCH denies the allegations in paragraph 70.  SCH avers that certain Aspergillus Claims are "related claims."

## VIII.  COUNT IV

**In the Alternative, a Declaration that, to the Extent the Aspergillus Claims Are Not "Related Claims," There Is No Coverage for Claims Made During the 19-20 Policy Because the Fungi and Microbes Exclusion Applies**

71. SCH reasserts and incorporates by reference its answers to paragraphs 1 through 70 as if fully set forth herein.

72. SCH avers that the subject insurance policies speak for themselves.  SCH denies any other allegations in paragraph 72.

73. SCH admits the allegations in paragraph 73.

74. SCH denies the allegations in paragraph 74.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES - 8
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

75. SCH denies the allegations in paragraph 75.

76. SCH denies the allegations in paragraph 76.

**AFFIRMATIVE DEFENSES**

1. Columbia has failed to state a claim for which relief can be granted.

2. The efficient proximate cause rule bars Columbia's claim based upon the Fungi and Microbes Exclusion.

3. The doctrines of waiver, estoppel, laches and/or unclean hands bar some or all of Columbia's claims.

4. This lawsuit must be stayed until the conclusion of the underlying lawsuits to avoid prejudice to SCH.

5. SCH reserves its right to assert additional affirmative defenses that are discovered or may become relevant during its discovery and investigation.

**PRAYER FOR RELIEF**

Having answered the allegations contained in Columbia's Amended Complaint for Declaratory Relief and having asserted affirmative defenses, SCH requests that the Court enter the following relief:

A. Stay this action until completion of the underlying lawsuits to avoid prejudice to SCH;

B. Dismiss Columbia's Amended Complaint for Declaratory Relief with prejudice;

C. Enter judgment in favor of SCH;

D. Award SCH its reasonable attorneys' fees and costs, including, without limitation, actual attorneys' fees; and

E. Grant SCH such other and further relief as is just and equitable.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES - 9
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

## IX.  DEMAND FOR JURY

Defendant demands a jury on all issues so triable.

DATED this 23rd day of March, 2020.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendant Seattle Children's Healthcare System

By  *s/Franklin D. Cordell*
Franklin D. Cordell, WSBA #26392
Kasey Huebner, WSBA #32890
Miles Bludorn, WSBA #54238
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
fcordell@gordontilden.com
khuebner@gordontilden.com
mbludorn@gordontilden.com

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF AND AFFIRMATIVE DEFENSES - 10
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477