Honorable Richard A. Jones
Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE CHILDREN'S HEALTHCARE SYSTEM, a Washington corporation,<br><br>v.<br><br>LEXINGTON INSURNACE COMPANY, a foreign corporation; EVANSTON INSURANCE COMPANY, a foreign corporation; NATIONAL FIRE & MARINE INSURANCE COMPANY, a foreign corporation; IRONSHORE SPECIALITY INSURANCE COMPANY, a foreign corporation; STEADFAST INSURANCE COMPANY, a foreign corporation; HOMELAND INSURANCE COMPANY, a foreign corporation, ILLINOIS UNION INSURANCE COMPANY, a foreign corporation,<br><br>Cross-Defendants. | NO. 2:20-cv-00046-RAJ-TLF<br><br>DEFENDANT'S FIRST AMENDED ANSWER, CROSS-CLAIMS, AND COUNTERCLAIMS<br><br>JURY DEMAND |

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 1
No. 2:20-cv-00046-RAJ-TLF

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

COMES NOW, Defendant, Seattle Children's Healthcare System ("SCH"), by and through its undersigned counsel, and in answer to the Amended Complaint for Declaratory Relief of Plaintiff Columbia Casualty Company ("Columbia"), states as follows:

## I. NATURE OF THE ACTION

1.     SCH admits that Columbia seeks a declaratory judgment. SCH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1, and therefore denies them.

2.     SCH admits the allegations in paragraph 2.

3.     SCH admits that Columbia seeks a declaratory judgment and denies the remaining allegations in paragraph 3.

## II. JURISDICTION AND VENUE

4.     SCH admits the allegations in paragraph 4.

5.     SCH admits the allegations in paragraph 5.

6.     SCH admits the allegations in paragraph 6.

## III. PARTIES

7.     SCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.

8.     SCH admits the allegations in paragraph 8.

## IV. FACTUAL ALLEGATIONS

**The History of Persistent Aspergillus at the Hospital**

9.     SCH admits that Aspergillus is a mold that in rare instances can cause infections in patients undergoing complex surgeries or those with compromised immune systems.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 2
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

10. SCH admits that dating back to 2001, several of its patients were exposed to Aspergillus and developed Aspergillus infections. SCH denies the remaining allegations in paragraph 10.

11. SCH admits that by March 6, 2003, a claim was made against it on behalf of a minor patient, S.P., alleging that she was exposed to and infected by Aspergillus while she was a patient at SCH in December 2002. SCH denies the remaining allegations in paragraph 11.

12. SCH admits the allegations in paragraph 12.

13. SCH admits the S.P. Action asserted causes of action against it for medical negligence and premises liability. SCH denies any remaining allegations in paragraph 13.

14. SCH admits the allegations in paragraph 14.

15. SCH admits that on several occasions since 2001, it has detected Aspergillus spores in its operating rooms and/or equipment storage rooms and that it disclosed this fact to various parties and persons. Except as expressly admitted, SCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies them.

16. SCH admits that CEO Dr. Jeff Sperring acknowledged during his November 2019 public statement that 14 SCH patients had developed Aspergillus surgical site infections since 2001. SCH denies the remaining allegations in paragraph 16.

17. SCH admits that Dr. Sperring used the phrases "isolated incidents" and "the air handling system that served [its] operation rooms" during his November 2019 public statement. SCH denies the remaining allegations in paragraph 17. SCH avers that the cause or causes of Aspergillus at SCH's facility, and the cause of the actual or alleged Aspergillus infections contracted by the underlying claimants and putative class members, remain undetermined.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 3
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

18. SCH admits that Dr. Sperring used the phrase "should have made the connection sooner" during his November 2019 public statement. SCH denies the remaining allegations in paragraph 18. SCH avers that the cause or causes of Aspergillus at SCH's facility, and the cause of the actual or alleged Aspergillus infections contracted by the underlying claimants and putative class members, remain undetermined.

19. SCH admits that paragraph 19 accurately quotes a newspaper article quoting a statement from one of S.P.'s attorneys. SCH denies that the quote included in paragraph 19 accurately reflects the nature of S.P.'s lawsuit or allegations against SCH and denies any remaining allegations in paragraph 19.

**Currently Pending Aspergillus Lawsuits**

20. SCH admits the allegations in paragraph 20.

21. SCH admits the allegations in paragraph 21

22. SCH admits the allegations in paragraph 22.

23. SCH admits the allegations in paragraph 23.

24. SCH admits the allegations in paragraph 24.

**The Policies**

25. SCH admits the allegations in paragraph 25.

26. SCH avers that the subject insurance policies speak for themselves.

27. SCH avers that the subject insurance policies speak for themselves.

28. SCH avers that the subject insurance policies speak for themselves.

29. SCH avers that the subject insurance policies speak for themselves.

30. SCH avers that the subject insurance policies speak for themselves.

31. SCH avers that the subject insurance policies speak for themselves.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 4
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

32. SCH avers that the subject insurance policies speak for themselves.

33. SCH avers that the subject insurance policies speak for themselves.

34. SCH avers that the subject insurance policies speak for themselves.

35. SCH avers that the subject insurance policies speak for themselves.  SCH denies that Columbia does not have a duty to defend under the Policies and denies any other allegations in paragraph 35.

36. SCH avers that the subject insurance policies speak for themselves.  SCH denies any allegation or implication that the Fungi and Microbes Exclusion excludes defense or indemnity coverage for the underlying lawsuits.

37. SCH avers that the subject insurance policies speak for themselves.  SCH denies any allegation or implication that the Fungi and Microbes Exclusion excludes defense or indemnity coverage for the underlying lawsuits and denies any remaining allegations in paragraph 37.

38. SCH avers that the subject insurance policies speak for themselves.  SCH denies any allegation or implication that the Fungi and Microbes Exclusion excludes defense or indemnity coverage for the underlying lawsuits.

**The Hospital's Request for Coverage**

39. SCH admits it has sought coverage under one or more of the subject insurance policies for certain of the Aspergillus Claims.  SCH denies any other allegations in paragraph 39.

40. SCH admits the allegations in paragraph 40.

41. SCH admits that after L.T. was diagnosed with an Aspergillus surgical site infection and that Aspergillus was detected in an equipment storage room adjacent to the operating room in which L.T. had surgery.  SCH denies any other allegations in paragraph 41.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 5
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

42. SCH admits that L.T.'s parents, individually and as co-guardians of their son, have filed suit against SCH and admits that paragraph 42 accurately quotes a portion of the Complaint for Damages filed in the Tom Action. SCH denies any allegation or implication that paragraph 42 fully and completely describes the allegations asserted in the Tom Action.

43. SCH admits that in May of 2019 it reported to Columbia that it had detected Aspergillus in several of its operating rooms. SCH denies any other allegations in paragraph 43.

44. SCH admits that new lawsuits have been filed against it since November 2019 alleging patients were exposed to Aspergillus. SCH denies that paragraph 44 accurately describes any disclosures made by SCH and denies any other allegations in paragraph 44.

45. SCH admits that the Complaint for Damages filed in the Garvin Action references the S.P. Action filed in 2005 and admits that paragraph 45 accurately quotes a portion of the Garvin Action's Complaint for Damages. SCH denies any allegation or implication that paragraph 45 fully and completely describes the allegations asserted in the Garvin Action or that the quoted portion of the Garvin Action's Complaint for Damages fully and completely describes the claims at issue in the S.P. Action.

46. SCH admits that paragraph 46 accurately quotes a portion of the Complaint for Damages filed in the Garvin Action. SCH denies any allegation or implication that paragraph 46 fully and completely describes the allegations asserted in the Garvin Action.

47. SCH admits that the Class Action Complaint filed in the Wills Action references the S.P. Action and admits that paragraph 47 accurately quotes a portion of the Wills Action's Class Action Complaint. SCH denies any allegation or implication that paragraph 47 fully and completely describes the allegations asserted in the Wills Action or that the quoted portion of the

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 6
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Class Action Complaint filed in the Wills Action fully and completely describes the claims at issue or findings made in the S.P. Action.

48. SCH admits that paragraph 48 accurately quotes a portion of the Wills Action's Class Action Complaint. SCH denies any allegation or implication that paragraph 48 fully and completely describes the allegations asserted in the Wills Action or that the quoted portion of the Class Action Complaint filed in the Wills Action fully and completely describes the claims at issue, discovery conducted, or findings made in the S.P. Action.

49. SCH admits that paragraph 49 accurately quotes a portion of the Wills Action's Class Action Complaint. SCH denies any allegation or implication that paragraph 49 fully and completely describes the allegations asserted in the Wills Action or that the quoted portion of the Class Action Complaint filed in the Wills Action fully and completely describes the claims at issue or findings made in the S.P. Action.

50. SCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies them.

51. SCH admits the allegations in paragraph 51.

## V.  COUNT I

**Declaration of No Coverage for the Aspergillus Claims Because the Prior Notice Provision Is Not Satisfied**

52. SCH reasserts and incorporates by reference its answers to paragraphs 1 through 51 as if fully set forth herein.

53. SCH avers that the subject insurance policies speak for themselves.

54. SCH avers that the subject insurance policies speak for themselves.

55. SCH avers that the subject insurance policies speak for themselves.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 7
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

56. SCH avers that the subject insurance policies speak for themselves.

57. SCH denies the allegations in paragraph 57.

58. SCH denies the allegations in paragraph 58.

59. SCH denies the allegations in paragraph 59.

60. SCH admits the allegations in paragraph 60.

61. SCH denies the allegations in paragraph 61.

## VI.  COUNT II

**Declaration of No Coverage for the Aspergillus Claims Because
There Is No Claim First Made During the Policy Periods**

62. SCH reasserts and incorporates by reference its answers to paragraphs 1 through 61 as if fully set forth herein.

63. SCH avers that the subject insurance policies speak for themselves.

64. SCH avers that the subject insurance policies speak for themselves.

65. SCH denies the allegations in paragraph 65.

66. SCH denies the allegations in paragraph 66.

## VII.  COUNT III

**In the Alternative, a Declaration that, to the Extent Coverage Is Available for the
Aspergillus Claims, a Single $15 million Limit of Liability Applies**

67. SCH reasserts and incorporates by reference its answers to paragraphs 1 through 66 as if fully set forth herein.

68. SCH denies the allegations in paragraph 68.  SCH avers that certain Aspergillus Claims are "related claims."

69. SCH denies the allegations in paragraph 69.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 8
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

70. SCH denies the allegations in paragraph 70. SCH avers that certain Aspergillus Claims are "related claims."

## VIII.  COUNT IV

**In the Alternative, a Declaration that, to the Extent the Aspergillus Claims Are Not "Related Claims," There Is No Coverage for Claims Made During the 19-20 Policy Because the Fungi and Microbes Exclusion Applies**

71. SCH reasserts and incorporates by reference its answers to paragraphs 1 through 70 as if fully set forth herein.

72. SCH avers that the subject insurance policies speak for themselves. SCH denies any other allegations in paragraph 72.

73. SCH admits the allegations in paragraph 73.

74. SCH denies the allegations in paragraph 74.

75. SCH denies the allegations in paragraph 75.

76. SCH denies the allegations in paragraph 76.

## AFFIRMATIVE DEFENSES

1. Columbia has failed to state a claim for which relief can be granted.

2. The efficient proximate cause rule bars Columbia's claim based upon the Fungi and Microbes Exclusion.

3. The doctrines of waiver, estoppel, laches and/or unclean hands bar some or all of Columbia's claims.

4. This lawsuit must be stayed until the conclusion of the underlying lawsuits to avoid prejudice to SCH.

5. SCH reserves its right to assert additional affirmative defenses that are discovered or may become relevant during its discovery and investigation.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 9
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

## IX. DEMAND FOR JURY

Defendant demands a jury on all issues so triable.

## X. COUNTERCLAIM FOR DECLARATORY RELIEF

### A.   Introduction

1. Plaintiff Columbia Casualty Company ("Columbia") has asserted declaratory judgment claims against Defendant Seattle Children's Healthcare System ("SCH") in this action related to insurance policies Columbia issued to SCH in 2017-2018, 2018-2019, and 2019-2020. Columbia seeks a declaration that Columbia has no duty to defend or indemnify SCH under the 2017-2020 policies against lawsuits asserting claims arising from Aspergillus infections allegedly sustained by some SCH patients between 2001 and 2019.

2. The outcome of Columbia's declaratory judgment claims will have a direct impact on the defense and indemnity coverage available to SCH under policies issued to SCH by other insurance companies, which companies issued policies to SCH in policy years prior to those identified in Columbia's Complaint and/or issued policies providing excess insurance to SCH. SCH is joining those other insurance companies as parties to this action and is asserting a counterclaim for declaratory judgment to protect its interests under the Columbia policies, to protect its interests under the policies issued by other insurance companies, and to avoid the risk of inconsistent outcomes regarding its right to coverage under the various policies at issue.

### B.   Parties

3. Defendant SCH is a not-for-profit corporation domiciled in Washington, with its primary place of business in Seattle, Washington.

4. Plaintiff Columbia is a foreign corporation domiciled in Illinois, with its primary place of business in Chicago, Illinois.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 10
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

5. Cross-Defendant Lexington Insurance Company ("Lexington") is a foreign corporation domiciled in Massachusetts, with its primary place of business in Boston, Massachusetts.

6. Cross-Defendant Evanston Insurance Company ("Evanston") is a foreign corporation domiciled in Illinois, with its primary place of business in Deerfield, Illinois.

7. Cross-Defendant National Fire & Marine Insurance Company ("National Fire & Marine") is a foreign corporation domiciled in Nebraska, with its primary place of business in Omaha, Nebraska.

8. Cross-Defendant Ironshore Specialty Insurance Company ("Ironshore") is a foreign corporation domiciled in Arizona, with its principal place of business in Boston, Massachusetts.

9. Cross-Defendant Steadfast Insurance Company ("Steadfast") is a foreign corporation domiciled in Delaware with its principal place of business in Dover, Delaware and its principal administrative offices in Schaumburg, Illinois.

10. Cross-Defendant Homeland Insurance Company ("Homeland") is a foreign corporation domiciled in New York, with its principal place of business in Boston, Massachusetts.

11. Cross-Defendant Illinois Union Insurance Company ("Illinois Union") is a foreign corporation domiciled in Illinois, with its principal place of business in Chicago, Illinois.

C. **Jurisdiction and Venue**

12. This Court has subject matter jurisdiction over SCH's counterclaims based on 28 U.S.C. § 1332(a)(1). There is complete diversity between SCH and the remaining parties to this action and the amount in controversy is greater than $75,000.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 11
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

13. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between the parties because the facts alleged show that there is a substantial controversy between SCH and the other parties to this action that warrants the issuance of a declaratory judgment.

14. The Court has personal jurisdiction over the parties. Defendant SCH is domiciled in Washington, and the remaining parties have conducted business, including the sale of insurance policies to SCH, in Washington.

15. Venue is proper in this Court under 28 U.S.C § 1391. A substantial part of the events giving rise to the claim occurred in Seattle, Washington.

16. Lexington, Evanston, National Fire & Marine, Ironshore, Steadfast, Homeland, and Illinois Union are necessary and/or proper parties to this action under Federal Rules of Civil Procedure 13(h) and 19 and/or 20.

17. Lexington, Evanston, National Fire & Marine, Ironshore, Steadfast, Homeland, and Illinois Union are necessary parties to this action because failure to include them as parties leaves SCH subject to a substantial risk of incurring inconsistent rights and obligations.

18. Lexington, Evanston, National Fire & Marine, Ironshore, Steadfast, Homeland, and Illinois Union are proper parties to this action because SCH asserts a right to relief against them jointly, severally, or in the alternative with respect to matters arising out of the same transaction, occurrence, or series of transactions or occurrences and the issues raised in Columbia's Complaint and questions of law or fact common to all insurance companies will arise in this action.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 12
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

**D.     Factual Background**

19.     Columbia issued several Healthcare Umbrella Policies to SCH dating back to the 2005-2006 policy year.  The following policies issued by Columbia are at issue in this action: Policy No. HMU 1064389726 with a policy period of 7/1/2009-7/1/2010, Policy No. HMU 106438726 with a policy period of 7/1/2014-7/1/2015, Policy No. HMU 1064389726 with a policy period of 7/1/2017-7/1/2018, Policy No. HMU1064389716 with a policy period of 7/1/2018-7/1/2019, and Policy No. HMU 1064389726 with a policy period of 7/1/2019-7/1/2020.

20.     Illinois Union issued a policy that provided SCH with excess coverage above that provided by Columbia for the 2009-2010 policy year under Policy No. XHL G24560831. With few modifications, the Ironshore policy provides coverage based upon the policy forms provided by Columbia.

21.     Ironshore issued a policy that provided SCH with excess coverage above that provided by Columbia for the 2014-2015 policy year under Policy No. 297903.  With few modifications, the Ironshore policy provides coverage based upon the policy forms provided by Columbia.

22.     Lexington issued a policy that provided SCH with excess coverage above both the Columbia and Illinois Union policies for the 2009-2010 policy year under Policy No. 7157539. Lexington also issued a policy that provided SCH with excess coverage above both the Columbia and Ironshore policies for the 2014-2015 policy year under Policy No. 7157539.  With few modifications, the Lexington policies provide coverage based upon the policy forms provided by Columbia.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-
CLAIMS, AND COUNTERCLAIMS - 13
No. 2:20-cv-00046-RAJ-TLF

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

23. On or about May 15, 2010, SCH provided notice to Columbia, Illinois Union, and Lexington that one of SCH's patients developed an Aspergillus infection in 2009.

24. On or about January 9, 2015, SCH provided notice to Columbia, Ironshore, and Lexington that one of SCH's patients developed an Aspergillus infection in late 2014.

25. Evanston issued policies that provided SCH with excess coverage above that provided by Columbia for the 2017-2018, 2018-2019, and 2019-2020 policy years under Policy Nos. XS800949, XS801034, and XS801364. With few modifications, the Evanston policies provide coverage based upon the policy forms provided by Columbia each coverage year.

26. National Fire & Marine issued policies that provided SCH with excess coverage above that provided by Columbia and Evanston for the 2017-2018, 2018-2019, and 2019-2020 policy years under Policy Nos. 42-XCH-303637-01, 42-XCH-303637-02, and 42-XHC-303637-03. With few modifications, the National Fire & Marine policies provide coverage based upon the policy forms provided by Columbia each coverage year.

27. Steadfast issued SCH Policy No. HPC 3825530 02 with a policy period of 7/1/2004-7/1/2005, which provided SCH with healthcare professional liability coverage. Steadfast provided SCH with defense and indemnity coverage under the 2004-2005 policy for the lawsuit captioned *Dussault et al. v. Children's Hospital and Regional Medical Center*, No. 05-2-36911-6 SEA, which was filed in the Superior Court of King County, Washington ("Dussault Lawsuit").  The *Dussault* lawsuit did not exhaust the limits of the Steadfast policy.

28. Lexington issued a policy that provided SCH with excess coverage above that provided by Steadfast for the 2004-2005 policy year under Policy No. 6792074.  With few modifications, the Lexington policy provides coverage based upon the policy forms provided by Steadfast.

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 14
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

29. Homeland issued policies that provided SCH with excess coverage above that provided by Steadfast and Lexington for the 2004-2005 policy year under Policy No. MPX-0075-03. With few modifications, the Homeland policy provides coverage based upon the policy form provided by Steadfast.

30. In 2019 and 2020 five lawsuits were filed against SCH in which former SCH patients asserted claims related to Aspergillus infections the patients allegedly sustained, some of which date back to 2001. These lawsuits (collectively referred to as the "Aspergillus Lawsuits") include the following, all of which have been filed in the King County, Washington Superior Court: *Tom et al. v. Seattle Children's Hospital*, No. 19-2-28192-8 SEA; *Garvin v. Seattle Children's Hospital*, No. 19-2-31625 SEA; *Stedman v. Seattle Children's Hospital*, No. 19-2-31662-4 SEA; *Doe v. Seattle Children's Hospital*, No. 20-2-07990-1 SEA; and a putative class action, *Wills et al. v. Seattle Children's Hospital*, No. 19-2-31648-9 SEA.

31. Columbia filed the instant declaratory judgment action against SCH, asserting, in part, that Columbia has no duty to defend or indemnity SCH under its 2017-2018, 2018-2019, or 2019-2020 policies because the claims asserted in the Aspergillus Lawsuits are "related" to the claims asserted in the Dussault Lawsuit. In its Answer, SCH has denied Columbia's claims.

32. If Columbia prevails on its "related claims" argument, then the only professional liability insurance coverage available to SCH for the Aspergillus Lawsuits would be under the 2004-2005 Steadfast, Lexington, and Homeland policies. There likely would be no coverage available to SCH for the Aspergillus Lawsuits under any of the Columbia, Evanston, Ironshore, Illinois Union, and National Fire & Marine policies, or the 2014-2015 Lexington policy.

33. Columbia also has asserted in this action that a mold and fungi exclusion in its 2019-2020 policy precludes defense or indemnity coverage for SCH for any of the Aspergillus

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 15
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Lawsuits. The outcome of this issue will impact not only SCH's coverage under the 2019-2020 Columbia policy, it also will impact SCH's coverage for the Aspergillus Lawsuits under the 2019-2020 Lexington and Evanston policies.

### E. Claim for Declaratory Judgment

34. SCH incorporates by references the allegations asserted above in paragraphs 1-30.

35. SCH's claims for coverage under the Columbia, Lexington, Evanston, National Fire & Marine, Ironshore, Steadfast, Homeland, and Illinois Union policies identified in this counterclaim are interrelated, legally and factually.

36. The outcome of Columbia's declaratory judgment claims could impact the coverage available to SCH for the Aspergillus Lawsuits under the Columbia, Lexington, Evanston, National Fire & Marine, Ironshore, Steadfast, Homeland, and Illinois Union policies. The relief sought by Columbia, therefore, inherently creates an actual controversy: (a) between SCH and Columbia, Lexington, Evanston, National Fire & Marine, Ironshore, Steadfast, Homeland, and Illinois Union; and (b) between and among Columbia, Lexington, Evanston, National Fire & Marine, Ironshore, Steadfast, Homeland, and Illinois Union.

37. Unless named as parties to this action, Lexington, Evanston, National Fire & Marine, Ironshore, Steadfast, Homeland, and Illinois Union will not be bound by the final determination of Columbia's declaratory judgment claims.

38. Should SCH and Lexington, Evanston, National Fire & Marine, Ironshore, Steadfast, Homeland, or Illinois Union engage in separate coverage litigation, now or in the future, there is a significant risk that SCH could be subject to inconsistent rulings regarding its rights and benefits under the policies issued by these insurers.

39. SCH asks the Court to declare its rights to defense and indemnity coverage for the Aspergillus Lawsuits under each of the Columbia, Lexington, Evanston, National Fire & Marine, Ironshore, Steadfast, Homeland, and Illinois Union policies.

F.   **Need for a Stay of this Litigation**

40. Discovery related to the declaratory judgment claims asserted by Columbia and/or SCH would involve investigation of the same causation issues that currently are pending in and critical to SCH's potential liability in the Underlying Lawsuits.

41. Any substantive decision on the requests for declaratory judgment asserted by Columbia and/or SCH would require this Court to determine the same causation issues that currently are pending in and critical to SCH's potential liability in the Underlying Lawsuits.

42. Discovery related to or determination of any claim for declaratory judgment asserted in this action could prejudice SCH in the Underlying Lawsuits.

43. This lawsuit should be stayed until the Underlying Lawsuits have concluded to avoid potential prejudice to SCH.

**PRAYER FOR RELIEF**

Having answered the allegations contained in Columbia's Amended Complaint for Declaratory Relief, asserted affirmative defenses, and asserted counterclaims, SCH requests that the Court enter the following relief:

A.   Stay this action until completion of the underlying lawsuits to avoid prejudice to SCH;

B.   Dismiss Columbia's Amended Complaint for Declaratory Relief with prejudice;

C.   Grant the relief sought in SCH's counterclaims for declaratory relief;

D.   Enter judgment in favor of SCH;

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 17
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

E. Award SCH its reasonable attorneys' fees and costs, including, without limitation, actual attorneys' fees; and

F. Grant SCH such other and further relief as is just and equitable.

DATED this 8th day of May, 2020.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendant Seattle Children's Healthcare System

By  s/*Franklin D. Cordell*
Franklin D. Cordell, WSBA #26392
Kasey Huebner, WSBA #32890
Miles Bludorn, WSBA #54238
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
fcordell@gordontilden.com
khuebner@gordontilden.com
mbludorn@gordontilden.com

DEFENDANT'S FIRST AMENDED ANSWER CROSS-CLAIMS, AND COUNTERCLAIMS - 18
No. 2:20-cv-00046-RAJ-TLF

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477