THE HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE CHILDREN'S HEALTHCARE SYSTEM, a Washington corporation,<br><br>Defendant,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, a foreign corporation; EVANSTON INSURANCE COMPANY, a foreign corporation; NATIONAL FIRE & MARINE INSURANCE COMPANY, a foreign corporation; IRONSHORE SPECIALTY INSURANCE COMPANY, a foreign corporation; STEADFAST INSURANCE COMPANY, a foreign corporation; HOMELAND INSURANCE COMPANY, a foreign corporation; and ILLINOIS UNION INSURANCE COMPANY, a foreign corporation,<br><br>Cross-Defendants. | Case No.: 2:20-cv-00046-RAJ<br><br>**CROSS-DEFENDANT NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO DEFENDANT'S CROSS-CLAIMS** |

CROSS-DEFENDANT NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO DEFENDANT'S CROSS-CLAIMS - 1
CASE NO.: 2:20-CV-00046-RAJ
LEGAL\46755703\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

COMES NOW Cross-Defendant National Fire & Marine Insurance Company ("NFMIC") in answer to Defendant Seattle Children's Healthcare System's ("SCH") *First Amended Answer, Cross-Claims, and Counterclaims* avers as follows:

## X.  COUNTERCLAIM FOR DECLARATORY RELIEF

### A.  Introduction

1. NFMIC admits the allegations in Paragraph 1.

2. NFMIC denies that the outcome of Columbia's declaratory judgment claims will have a direct impact on the defense and indemnity coverage available under the policies that NFMIC issued to SCH.  NFMIC further denies that there is any risk of inconsistent outcomes that would require joining NFMIC as a party to this lawsuit.  NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2 and, therefore, denies each of those allegations.

### B.  Parties

3. NFMIC lacks information sufficient to form a belief as to SCH's status as a not-for-profit corporation and therefore denies that allegation.  NFMIC admits the remaining allegations in Paragraph 3.

4. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 and, therefore, denies each of those allegations.

5. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and, therefore, denies each of those allegations.

6. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 and, therefore, denies each of those allegations.

7. NFMIC admits the allegations in Paragraph 7.

8. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and, therefore, denies each of those allegations.

CROSS-DEFENDANT NATIONAL FIRE & MARINE
INSURANCE COMPANY'S ANSWER TO DEFENDANT'S
CROSS-CLAIMS - 2
CASE NO.: 2:20-CV-00046-RAJ
LEGAL\46755703\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

9. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and, therefore, denies each of those allegations.

10. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and, therefore, denies each of those allegations.

11. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and, therefore, denies each of those allegations.

**C.      Jurisdiction and Venue**

12. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and, therefore, denies each of those allegations.

13. NFMIC denies that there is an actual controversy between itself and SCH or that there is subject matter jurisdiction with respect to the claims against NFMIC. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13 and, therefore, denies each of those allegations.

14. NFMIC admits that it has conducted business and sold policies to SCH in Washington; that SCH is domiciled in Washington; and that the Court has personal jurisdiction over NFMIC. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14 and, therefore, denies each of those allegations.

15. NFMIC admits the allegations in Paragraph 15.

16. NFMIC denies that it is a necessary party to this action. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 and, therefore, denies each of those allegations.

17. NFMIC denies that failure to include NFMIC as a party would leave SCH subject to a substantial risk of incurring inconsistent rights and obligations. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 and, therefore, denies each of those allegations.

CROSS-DEFENDANT NATIONAL FIRE & MARINE
INSURANCE COMPANY'S ANSWER TO DEFENDANT'S
CROSS-CLAIMS - 3
CASE NO.: 2:20-CV-00046-RAJ
LEGAL\46755703\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

18. NFMIC denies the allegations in Paragraph 18 as they pertain to NFMIC. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 and, therefore, denies each of those allegations.

**D.      Factual Background**

19. NFMIC admits that Columbia issued Policy No. HMU 1064389726 with a policy period of 7/1/2017-7/1/2018; Policy No. HMU 1064389726 with a policy period of 7/1/2018-7/1/2019; and Policy No. HMU 1064389726 with a policy period of 7/1/2019-7/1/2020, except insofar as one digit of the policy number for the 2018-2019 policy is incorrectly stated in Paragraph 19. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 and, therefore, denies each of those allegations.

20. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and, therefore, denies each of those allegations.

21. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and, therefore, denies each of those allegations.

22. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and, therefore, denies each of those allegations.

23. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and, therefore, denies each of those allegations.

24. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and, therefore, denies each of those allegations.

25. NFMIC admits that Evanston issued Policy No. XS800949 with a policy period of 7/1/2017-7/1/2018 and Policy No. XS801364 with a policy period of 7/1/2019-7/1/2020. With respect to the policy period of 7/1/2018-7/1/2019, the policy number is stated incorrectly in Paragraph 25; rather, Evanston issued Policy No. XS801169 for that period (the three policies issued by Evanston between 7/1/2017 and 7/1/2020 are referred to herein collectively

CROSS-DEFENDANT NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO DEFENDANT'S CROSS-CLAIMS - 4
CASE NO.: 2:20-CV-00046-RAJ
LEGAL\46755703\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

as the "Evanston Policies"). NFMIC admits that except as otherwise stated in the Evanston Policies, the coverage provided by those policies follows the agreements, terms, conditions, definitions, exclusions and endorsement of the underlying Columbia policies. NFMIC denies the remaining allegations in Paragraph 25.

26. NFMIC admits that it issued Policy No. 42-XHC-303637-01 for the period of 7/1/2017-7/1/2018; Policy No. 42-XHC-303637-02 for the period of 7/1/2018-7/1/2019; and Policy No. 42-XHC-303637-04 for the period of 7/1/2019-7/1/2020 (together, the "NFMIC Policies"). NFMIC denies the remaining allegations in Paragraph 26.

27. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and, therefore, denies each of those allegations.

28. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and, therefore, denies each of those allegations.

29. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and, therefore, denies each of those allegations.

30. NFMIC admits the allegations of Paragraph 30 as they pertain to the *Wills* class action. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 and, therefore, denies each of those allegations.

31. NFMIC admits the allegations in Paragraph 31.

32. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and, therefore, denies each of those allegations.

33. NFMIC admits that Columbia's Complaint asserts that a "Fungi and Microbes" exclusion bars coverage under Columbia's 2019-2020 policy. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 33 and, therefore, denies each of those allegations.

E. **Claim for Declaratory Judgment**

34. NFMIC incorporates by reference the responses to paragraphs 1 through 33.

CROSS-DEFENDANT NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO DEFENDANT'S CROSS-CLAIMS - 5
CASE NO.: 2:20-CV-00046-RAJ
LEGAL\46755703\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

35. NFMIC denies each of the allegations in Paragraph 35 as they pertain to NFMIC. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35 and, therefore, denies each of those allegations.

36. NFMIC denies each of the allegations in Paragraph 36 as they pertain to NFMIC. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36 and, therefore, denies each of those allegations.

37. NFMIC admits that it cannot be bound to a judgment in an action to which it is not a party. NFMIC denies the remaining allegations in Paragraph 37.

38. NFMIC denies each of the allegations in Paragraph 38 as they pertain to NFMIC. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38 and, therefore, denies each of those allegations.

39. NFMIC denies each of the allegations in Paragraph 39.

**F.     Need for a Stay of this Litigation**

40. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 and, therefore, denies each of those allegations.

41. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and, therefore, denies each of those allegations.

42. NFMIC denies each of the allegations of Paragraph 42 as they pertain to NFMIC. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 42 and, therefore, denies each of those allegations.

43. NFMIC denies the allegations of Paragraph 43 as they pertain to NFMIC. NFMIC lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43 and, therefore, denies each of those allegations.

## [DEFENDANT'S] PRAYER FOR RELIEF

By way of answer, answering cross-defendant opposes Defendant's prayer for relief and asks that Defendant take nothing by this action.

CROSS-DEFENDANT NATIONAL FIRE & MARINE
INSURANCE COMPANY'S ANSWER TO DEFENDANT'S
CROSS-CLAIMS - 6
CASE NO.: 2:20-CV-00046-RAJ
LEGAL\46755703\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

# DEFENSES

By way of further answer to Defendant's Cross-Complaint, by way of stating further defenses whether affirmative or otherwise, NFMIC states and alleges as follows:

1. The Complaint fails to state a claim upon which relief may be granted.

2. NFMIC is not a necessary party to this action. The outcome of the dispute between Columbia and SCH will have no material impact on NFMIC's coverage obligations, and there is no risk of inconsistent rulings. Regardless of whether the Columbia policies provide coverage and regardless of whether the claims "relate back" to earlier claims or policy years, the NFMIC policies do not provide coverage. The NFMIC Policies each provide: "If any 'underlying policy' includes any more restrictive coverage, terms, definitions, exclusions, conditions, or limitations, then this policy will follow the more restrictive provisions of any 'underlying policy.'" With respect to each of the NFMIC Policies, the corresponding Evanston Policy in that year is an "underlying policy." The Evanston Policies each contain the following exclusion (the "Evanston Mold Exclusion"):

### MOLD EXCLUSION

In consideration of the premium paid, it is hereby understood and agreed that this policy does not apply to Ultimate Net Loss based upon, arising out of, or in any way involving Mold or Mold Event under any theory of liability whatsoever.

Solely for the purposes of this endorsement:

**Mold** means any permanent or transient fungus, mold, mildew or mycotoxin, or any of the spores, scents or by-products resulting therefrom that exist, emanate from or move anywhere indoors or outdoors, regardless of whether they are proved to cause disease, injury or damage.

**Mold Event** means any actual, alleged or threat of contact with, exposure to, existence of, presence of, or inhalation, ingestion, absorption, discharge, dispersal, seepage, migration, release, escape, presence, growth or reproduction of Mold.

The above exclusion shall apply:

A. to any obligation to share damages with or repay someone else who must pay damages;

B. to any supervision, instructions, recommendations, warnings or advice given or which should have been given by any Insured or others.

CROSS-DEFENDANT NATIONAL FIRE & MARINE
INSURANCE COMPANY'S ANSWER TO DEFENDANT'S
CROSS-CLAIMS - 7
CASE NO.: 2:20-CV-00046-RAJ
LEGAL\46755703\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

This exclusion precludes any potential coverage for the Aspergillus Claims, regardless of the outcome of the dispute between Columbia and SCH.

3. SCH's claims are barred because the Cross-Complaint does not set forth an actual controversy with respect to NFMIC as required by the Declaratory Judgment Act.

4. Alternatively, SCH's claims are barred because the Aspergillus Claims were not first made and reported during the policy periods of the NFMIC Policies.

5. Alternatively, SCH's claims are barred because the Aspergillus Claims and/or related claims were the subject of a notice or notices to one or more prior insurers.

6. SCH's claims are barred because even if one or more of the Aspergillus Claims were first made and reported during the NFMIC policy periods and were not the subject of any prior notice, the NFMIC Policies incorporate the Evanston Mold Exclusion and would still not provide coverage for the Aspergillus Claims.

7. Alternatively, SCH's claims under the 2019-2020 NFMIC policy are barred because that policy also incorporates the Fungi and Microbes Exclusion contained in the underlying Columbia policy.

8. SCH's claims are barred because the NFMIC Policies have not in fact been exhausted by payment, in legal currency, of damages by or on behalf of the underlying insurers.

9. SCH's claims are barred to the extent that SCH has failed to maintain the underlying policies in full force and effect pursuant to Condition 4 of the NFMIC Policies.

10. SCH's claims are barred because SCH failed to provide timely notice of the Aspergillus Claims pursuant to Condition 5 of the NFMIC Policies.

11. SCH's claims are barred to the extent that the total underlying limits have been impaired, pursuant to Condition 6 of the NFMIC Policies.

CROSS-DEFENDANT NATIONAL FIRE & MARINE
INSURANCE COMPANY'S ANSWER TO DEFENDANT'S
CROSS-CLAIMS - 8
CASE NO.: 2:20-CV-00046-RAJ
LEGAL\46755703\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

12. SCH's claims are barred, in whole or in part, by other terms, conditions, exclusions and limitations in the NFMIC Policies and/or the underlying policies issued by Columbia and Evanston.

13. SCH's claims are barred, in whole or in part, to the extent that SCH failed to disclose or misrepresented any facts that were material to the issuance of the NFMIC Policies.

14. SCH's claims are barred, in whole or in part, due to SCH's failure to cooperate and to respond to NFMIC's reasonable requests for information regarding the tendered claims.

15. SCH's claims are barred to the extent any payments for which it seeks reimbursements were unreasonable, excessive or voluntarily made.

16. SCH's claims are barred, in whole or in part, to the extent SCH has impaired NFMIC's right to subrogation, indemnity or contribution.

17. SCH's claims are barred, in whole or in part, to the extent equitable doctrines, including but not limited to laches, estoppel, waiver and unclean hands, are determined to apply.

## RESERVATION OF RIGHTS TO AMEND

NFMIC reserves the right to amend its answer in any way, including by adding defenses, counter-claims, cross-claims and/or third-party actions as may be necessary as additional facts are obtained through further investigation and discovery.

**XI.    ANSWERING CROSS-DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Cross-Defendant NFMIC respectfully requests that Defendant SCH take nothing from this lawsuit; that the Court dismiss SCH's claims against NFMIC with prejudice and enter judgment against SCH in favor of NFMIC; that the court award NFMIC its fees and costs in this action as permitted by law; and that the court grant such other and further relief, both at law and in equity, to which NFMIC may justly be entitled.

//
//
//

CROSS-DEFENDANT NATIONAL FIRE & MARINE
INSURANCE COMPANY'S ANSWER TO DEFENDANT'S
CROSS-CLAIMS - 9
CASE NO.: 2:20-CV-00046-RAJ
LEGAL\46755703\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

DATED this 29th day of June, 2020.

COZEN O'CONNOR


By:   */s/ Jonathan Toren*
Jonathan Toren, WSBA No. 46896
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783
E-mail:   jtoren@cozen.com

*Attorneys for Cross-Defendant National Fire & Marine Insurance Company*

CROSS-DEFENDANT NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO DEFENDANT'S CROSS-CLAIMS - 10
CASE NO.: 2:20-CV-00046-RAJ
LEGAL\46755703\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 29th day of June, 2020.

          COZEN O'CONNOR

          By: */s/ Bonnie L. Buckner*
            Bonnie L. Buckner, Legal Secretary
            999 Third Avenue, Suite 1900
            Seattle, Washington 98104
            Telephone: 206.340.1000
            Toll Free Phone: 800.423.1950
            Facsimile: 206.621.8783
            Email: bbuckner@cozen.com

CROSS-DEFENDANT NATIONAL FIRE & MARINE INSURANCE COMPANY'S ANSWER TO DEFENDANT'S CROSS-CLAIMS - 11
CASE NO.: 2:20-CV-00046-RAJ
LEGAL\46755703\2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000